STEVEN A. MARENBERG (SB# 101033)
stevenmarenberg@paulhastings.com
SUSAN K. LEADER (SB# 216743)
susanleader@paulhastings.com
ALI R. RABBANI (SB# 253730)
alirabbani@paulhastings.com
KIAURA CLARK (SB# 336314)
kiauraclark@paulhastings.com
**PAUL HASTINGS LLP**
1999 Avenue of the Stars, 27th Floor
Los Angeles, California 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-5899

*Attorneys for Defendants*
*Shein Distribution Corporation,*
*Roadget Business Pte. Ltd., and*
*Zoetop Business Company, Limited*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KRISTA PERRY, an individual; LARISSA MARTINEZ, an individual; JAY BARON, an individual; RACHEL PFEFFER, an individual; DIRT BIKE KIDZ, Inc., a California corporation; ESTELLEJOYLYNN, LLC, a New Jersey limited liability company; JESSICA LOUISE THOMPSON SMITH, an individual; LIV LEE, an individual,

Plaintiffs,

v.

SHEIN DISTRIBUTION CORPORATION, a Delaware corporation; SHEIN FASHION GROUP, INC.; ROADGET BUSINESS PTE. LTD.; ZOETOP BUSINESS COMPANY, LIMITED; CHRIS XU; and DOES 1-10 inclusive.

Defendants.

CASE NO. 2:23-cv-05551-MCS-JPR

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' THIRD AND TWELFTH CLAIMS FOR RELIEF AND MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT**

Date: January 22, 2024
Time: 9:00 a.m.
Place: Courtroom 7C
Judge: Hon. Mark C. Scarsi

Complaint filed: July 11, 2023

FAC filed: November 3, 2023

# TABLE OF CONTENTS


Page

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 1

A. The FAC's Garden-Variety Infringement Claims Cannot Serve as a RICO Predicate Act. ..... 1

B. The FAC Fails to Adequately Allege Wire Fraud as a Predicate Act. ..... 4

1. Plaintiffs' Wire Fraud Claim Based on Copyright Infringement Cannot Be a Basis for Wire Fraud. ..... 4

2. The FAC Fails to Adequately Allege, With Particularity, Any Affirmative Misrepresentations Or Other Specifics of Fraud. ..... 5

C. The FAC Fails to Allege Proximate Causation Because Their Damages Are Too Attenuated and They Cannot Show Reliance on Any Alleged Misrepresentations. ..... 7

D. Engagement in Ordinary Business Conduct Does Not Constitute "Participation" in a RICO Enterprise. ..... 8

E. Plaintiff Baron's Copyright Infringement Claim Fails Because His Artwork is Not Original. ..... 9

F. Plaintiffs' Immaterial, Impertinent, and Scandalous Allegations Are Irrelevant and Prejudicial Under Federal Rule 12(f) ..... 9

III. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008) .......... 8

*Bryant v. Mattel, Inc.*, No. CV 04–9049 DOC, 2010 WL 3705668 (C.D. Cal. Aug. 2, 2010) .......... 4

Club One Casino, Inc. v. Perry, 837 F. App'x 459 (9th Cir. 2020) .......... 7

*Club One Casino, Inc. v. Sarantos, 1:17-cv-00818-DAD-SAB*, 2018 WL 4719112 (E.D. Cal. Sept. 28, 2018) .......... 7

*Cooper v. United States*, 639 F. Supp. 176 (M.D. Fla. 1986) .......... 4

*Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir. 2004) .......... 6

*Eller v. EquiTrust Life Ins. Co.*, 778 F.3d 1089 (9th Cir. 2015) .......... 5

*Gomez v. Guthy-Renker, LLC*, No. EDCV 14-01425 JGB (KKx), 2015 WL 4270042, at *8-11 (C.D. Cal. July 13, 2015) .......... 9

*Harmoni Int'l Spice, Inc. v. Bai*, No. CV 16-00614-BRO, 2016 WL 6571272 (C.D. Cal. Aug. 5, 2016) .......... 8

*Kelly v. United States*, 140 S. Ct. 1565 (2020) .......... 6

*Kevin Barry Fine Art Assocs. v. Ken Gangbar Studio, Inc* 391 F. Supp. 3d 959, 971 (N.D. Cal. 2019) .......... 2

*L.A. Turf Club, Inc. v. Horse Racing Labs*,
No. CV 15-09332 SJO, 2016 WL 6823493 (C.D. Cal. May 2, 2016)................. 8

*Living Designs, Inc. v. E.I. Dupont de Nemours & Co*.,
431 F.3d 353 (9th Cir. 2005)............................................................. 9

*Lustiger v. United States*,
386 F.2d 132 (9th Cir. 1967)............................................................. 5

*Odom v. Microsoft Corp.*,
486 F.3d 541 (9th Cir. 2007)........................................................... 1, 2

*Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd.*,
520 F. Supp. 3d 1258 (C.D. Cal. 2021)............................................... 7

*Satava v. Lowry*,
323 F.3d 805 (9th Cir. 2003)............................................................. 9

*Smith v. Jackson*,
84 F.3d 1213 (9th Cir.1996), *overruled on other grounds by Skidmore ex rel. Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) ............................................................. 4

*Steward v. West*,
No. CV 13-02449-BRO, 2013 WL 12120232 (C.D. Cal. Sept. 6, 2013)............................................................................................ 2

*Stewart v. Wachowski*,
No. CV 03-2873 MMM, 2005 WL 6184235 (C.D. Cal. June 14, 2005)........................................................................................ 1, 2

The FAC's Garden-Variety Infringement Claims Cannot Serve As
A RICO Predicate Act.......................................................................... 1

*United InvestexUSA 7 Inc. v. Miller*,
No. 8:20-cv-02308-JVS-ADSx, 2021 WL 4816826 (C.D. Cal. Aug. 25, 2021)...................................................................................... 8

*United States v. Beecroft*,
608 F.2d 753 (9th Cir. 1979) ........ 5

*United States v. Bohonus*,
628 F.2d 1167 (9th Cir. 1980) ........ 5

*United States v. LaMacchia*,
871 F. Supp. 535 (D. Mass. 1994) (distinguishing *Cooper*) ........ 4

*Wecosign, Inc. v. IFG Holdings, Inc.*,
845 F. Supp. 2d 1072 (C.D. Cal. 2012) ........ 4

*In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*,
601 F. Supp. 3d 625 (C.D. Cal. 2022) ........ 6

*In re ZF-TRW*,
601 F. Supp. 3d ........ 6

**Statutes**

18 U.S.C. § 2319 ........ 2, 3

Anticounterfeiting Act ........ 2, 3

RICO ........ *passim*

**Other Authorities**

Federal Rule 12(f) ........ 9, 10

## I. INTRODUCTION

Plaintiffs' RICO claim is fundamentally and irreparably flawed. Nothing in their Opposition Brief (the "Opposition") alters that conclusion, and the RICO claim should be dismissed on any or all of the following grounds:

- the First Amended Complaint ("FAC") pleads nothing but ordinary copyright and trademark infringement, which cannot constitute the RICO predicate act of "criminal copyright infringement";
- "wire fraud" also cannot serve as a predicate act for several reasons, including: (i) the wire fraud statute does not proscribe a scheme to infringe copyrights, and (ii) the FAC fails to cognizably allege any misrepresentations constituting wire fraud, fails to sufficiently allege reliance, and fails to satisfy the requirements of Rule 9(b);
- the FAC fails to plausibly allege that the so-called "enterprise" identified in the pleading constitutes anything more than routine intra-corporate commercial relationships.

Separately, Plaintiff Baron's copyright infringement claim must be dismissed because his artwork is not original, and this Court should grant Shein's Motion to Strike the prejudicial statements that have no bearing on Plaintiffs' claims.

## II. ARGUMENT

### A. The FAC's Garden-Variety Infringement Claims Cannot Serve as a RICO Predicate Act.

As explained in Shein's Motion, Central District precedents—including *Stewart v. Wachowski*, 2005 WL 6184235 (C.D. Cal. June 14, 2005) and its progeny—hold that garden-variety copyright infringement claims, like those pled in the FAC, cannot serve as predicate acts under RICO. Mot. at 13-14. Plaintiffs' primary response to this point is that *Stewart* was "explicitly rejected" (Opp'n at 3) by the Ninth Circuit's subsequent decision in *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007).

Not so. The Ninth Circuit's decision in *Odom* **never even mentions, much less "explicitly rejects"** *Stewart*. Nor did *Odom* even address whether ordinary infringement claims could serve as RICO predicate acts. Instead, *Odom* stands for the unremarkable general proposition that RICO should be liberally construed to effectuate its remedial purposes. *Odom*, 486 F.3d at 547 (citing *Sedima, S.P.R.L. v. Imrex Co*., 473 U.S. 479, 498 (1985)). Another judge of this District recently rejected the very same argument that Plaintiffs make here, and held that *Stewart* remains good law. *Steward v. West*, 2013 WL 12120232, at *6 (C.D. Cal. Sept. 6, 2013). Indeed, since *Odom*, courts in this district and others have consistently held that garden-variety infringement claims cannot serve as RICO predicate acts. *See* Mot. at 13-14 (citing cases).

Nor were *Stewart* and its progeny "limited to the specific allegations at issue," as Plaintiffs claim. Opp'n at 3-4. The court's holding in *Stewart* was based on a detailed analysis of the legislative histories of the Anticounterfeiting Act and 18 U.S.C. § 2319. *Stewart*, 2005 WL 6184235, at *5. Based on this analysis, Judge Morrow found that "Congress's true intent" in adding criminal copyright infringement to the list of RICO predicate acts was "simply to increase the available penalties for counterfeiting and piracy[,]" and *not* to criminalize all copyright infringement. *Id.* The court also found that the criminal copyright statute itself was enacted to "strengthen the laws against record, tape, and film piracy[,]" and was later revised to "expand the types of counterfeiting activities punishable as felonies and not to work any other substantive change to the section." *Id.* at *5-6.

The other cases Shein cited draw on *Stewart*'s analysis to hold that garden-variety copyright infringement claims cannot serve as RICO predicate acts. *See* Mot. at 13-14 (citing cases).[1] Plaintiffs provide no reason for this Court to depart from the

[1] The only contrary authority cited by Plaintiffs is a single case from the Northern District of California, which is neither persuasive nor controlling. In *Kevin Barry Fine Art Assocs. v. Ken Gangbar Studio, Inc.*, the court acknowledged that there is a "split [amongst courts] on whether to limit copyright infringement as a RICO

conclusions of several of its fellow Central District judges and this Court too, should adopt that approach.

Plaintiffs also assert, somewhat contradictorily, that Shein failed to "explain what 'piracy' or 'counterfeiting' means" but also that they "allege the precise type of infringement that Congress intended to prohibit." Opp'n at 4-5. On both contentions, Plaintiffs are wrong. As to the former, piracy and counterfeiting are not inchoate concepts, but well-known problems understood by Congress when it enacted the Anticounterfeiting Act. *See e.g.,* S. REP. No. 97-274, at 3, (1982), *as reprinted in* 1982 U.S.C.C.A.N. 127, 129-30, 133 (listing examples of "large-scale" activity the Anticounterfeiting Act was designed to reach). As to the latter, the FAC expressly laments that because Shein manufactures and sells only small quantities of any given SKU, the total aggregate retail value of infringing sales is very modest, making copyright lawsuits impractical. *See, e.g.,* FAC ¶¶ 5, 42, 44-49. Thus, the premise of the FAC is that Shein's sales do *not* constitute large-scale counterfeiting or piracy intended to be criminalized under § 2319, which require allegations of exceptionally high volumes of alleged infringement, typically at a high aggregate retail value. *See* Mot. at 14-15 (citing cases).

Finally, Plaintiffs hyperbolically suggest that granting Shein's motion would permit Shein "to escape liability by simply carefully monitoring its production numbers and price points." Opp'n at 5. This is nonsense; the Copyright Act, which Plaintiffs have invoked, affords them an appropriate remedy if they can prove their claims. The RICO statute does not.

---

predicate act to counterfeiting and piracy," but declined to "read [that limitation] into RICO[.]" 391 F. Supp. 3d 959, 971 (N.D. Cal. 2019) (alterations added).

### B. The FAC Fails to Adequately Allege Wire Fraud as a Predicate Act.

#### 1. Plaintiffs' Wire Fraud Claim Based on Copyright Infringement Cannot Be a Basis for Wire Fraud.

Plaintiffs do not dispute that their wire fraud claim is premised on copyright infringement. Rather, they assert that their "scheme to defraud involves . . . *more than* mere copyright infringement" by pointing to vague allegations concerning Shein's corporate structure. Opp'n at 14 (emphasis added). But Plaintiffs' purported inability to discern the correct entity to sue for their ordinary copyright infringement claims does not transform their claims into wire fraud. *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1081 (C.D. Cal. 2012) (wire fraud claim was a "restyling" of infringement claims). Rather, just as in the Ninth Circuit and Central District cases cited in Shein's opening brief, it is clear that Plaintiffs' "RICO claim[] [is] actually based on copyright infringement." *Smith v. Jackson*, 84 F.3d 1213, 1216 (9th Cir.1996), *overruled on other grounds by Skidmore ex rel. Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020). A scheme to infringe copyrights, however, "is not a scheme . . . proscribed [by] the . . . wire fraud statute[.]" *See* Mot. at 18 (citing *SolarCity Corp. v. Pure Solar Co.*, 2016 WL 11019989, at *7 (C.D. Cal. Dec. 27, 2016)).

Plaintiffs' reliance on *Cooper v. United States*, 639 F. Supp. 176 (M.D. Fla. 1986) is also misplaced. Unlike here, "the [defendant in *Cooper*] did not raise the sufficiency of the allegation of a scheme to defraud[.]" *United States v. LaMacchia*, 871 F. Supp. 535, 542, n.11 (D. Mass. 1994) (distinguishing *Cooper*). Thus *Cooper* has no impact on decisions in this District holding that "copyright infringement cannot be effectuated through fraud." *See, e.g.*, *Bryant v. Mattel, Inc.*, 2010 WL 3705668, at *5 (C.D. Cal. Aug. 2, 2010).

**2. The FAC Fails to Adequately Allege, With Particularity, Any Affirmative Misrepresentations Or Other Specifics of Fraud.**

Next, Plaintiffs argue that, while a scheme to defraud *may* involve affirmative misrepresentations, a scheme to defraud "does not *require* an affirmative, material misrepresentation." Opp'n at 12-13. But, although a scheme to defraud does not require an affirmative material misrepresentation in every case, in *this case*, because Shein had no independent duty to disclose—and Plaintiffs have not alleged otherwise—Plaintiffs *must* allege an affirmative misrepresentation. *See Eller v. EquiTrust Life Ins. Co.*, 778 F.3d 1089, 1092 (9th Cir. 2015); Mot. at 18 n.5 (nondisclosure can form the basis of a scheme to defraud, but *only* when there exists an independent duty).

Plaintiffs' authorities do not dictate a contrary result. For instance, the defendants in both *Lustiger* and *Beecroft* actually made multiple affirmative misrepresentations supporting mail fraud charges. *See Lustiger v. United States*, 386 F.2d 132, 136 (9th Cir. 1967) (affirming mail fraud conviction of salesman who affirmatively misrepresented real estate); *United States v. Beecroft*, 608 F.2d 753, 755 (9th Cir. 1979) (advertisements, which were "in large part the basis for defendants' [mail fraud] conviction[][,]" contained multiple false representations).[2]

In any event, Plaintiffs' pleading does not allege *any* affirmative misrepresentation underlying their scheme to defraud, as required by Ninth Circuit law. The FAC alleges, as to wire fraud, that "consumers and others relied on Shein's

---

[2] Plaintiffs' contention that "it is only necessary for the [plaintiff] to prove that the scheme was calculated to deceive persons of ordinary prudence[]" Opp'n at 12, conflates the "scheme to defraud" element with the "specific intent to defraud" element of wire fraud. *See United States v. Bohonus*, 628 F.2d 1167, 1172 (9th Cir. 1980) ("The government proves specific intent if it proves that the scheme was 'reasonably calculated to deceive persons of ordinary prudence and comprehension.'"); *Beecroft*, 608 F.2d at 757 (discussing how a "specific intent to defraud" may be demonstrated).

*explicit or implicit fraudulent representation that it owned the copyrights to the designs displayed on its App*[.]" FAC ¶ 175 (emphasis added). But the FAC never identifies even a *single* "fraudulent representation" made by *any* Shein Defendant at *any* time "that [Shein] owned the copyrights to the designs displayed on its App," let alone one that complies with Rule 9(b). Mot. at 18-19.

Plaintiffs attempt to obscure this defect by describing a series of so-called "misrepresentations" in their Opposition that have little (if anything) to do with the crux of Plaintiffs' alleged scheme to defraud—i.e., the alleged criminal copyright infringement of Plaintiffs' designs. *Compare* FAC ¶¶ 167-175, *with* Opp'n at 13-14. These "misrepresentations" involve allegations related to Shein's *corporate structure* and Shein's supposed conduct *after* being accused of copyright infringement, and not the ownership of copyrights or designs on Shein's website. *See* Opp'n at 13-14. But the wire fraud statute "criminalizes only deceptive schemes to deprive [the victim of] money or property," and none of the so-called "misrepresentations" as to Shein's corporate structure described in Plaintiffs' Opposition can plausibly constitute part of the "scheme" Plaintiffs allege has deprived them of "money or property." *See In re ZF-TRW Airbag Control Units Prod. Liab. Litig*., 601 F. Supp. 3d 625, 750 (C.D. Cal. 2022); *Kelly v. United States*, 140 S. Ct. 1565, 1571 (2020) (under the wire fraud statute, the government must show "not only that [defendants] engaged in deception, but that an object of their fraud was money or property."). Such statements therefore cannot support a claim for wire fraud.

Still further, the alleged "misrepresentations" described only in Plaintiffs' Opposition (and not in the FAC) also fail to satisfy Rule 9(b)'s requirement that plaintiffs identify the "who, what, when, where, and how" for each allegation of fraud, which "*[t]he Ninth Circuit has repeatedly insisted [] be followed in RICO actions alleging the predicate act of mail fraud*." *In re ZF-TRW,* 601 F. Supp. 3d at 743 (emphasis added); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). In response, all Plaintiffs offer is a citation to a Seventh Circuit case, that

"[a] complaint need not describe the time, place, and content of every instance of fraud," Opp'n at 15, and an unsupported argument that they are "not required to identify the particular individual who authored or programmed a false statement[.]" Opp'n at 17-18 (citing *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 854 (7th Cir 2009)). But Plaintiffs filed this case in Los Angeles, not Chicago, where Ninth Circuit precedent controls. Thus, because *none of* Plaintiffs' alleged "acts of fraud" specify: (1) a *fraudulent or misleading statement* that was *actually made by Shein*;[3] when and where the fraudulent statement was made;[4] and the party to the misrepresentation, all required by 9(b), Plaintiffs' RICO claim premised on wire fraud fails.

**C. The FAC Fails to Allege Proximate Causation Because Their Damages Are Too Attenuated and They Cannot Show Reliance on Any Alleged Misrepresentations.**

Plaintiffs' Opposition offers nothing to cure the defect that the FAC fails to cognizably allege proximate causation required for RICO standing. Plaintiffs' analysis of *Sybersound* misses the point. Simply put, regardless of whether or not the Plaintiffs are the directly injured party, their alleged damages are too attenuated and speculative to satisfy the proximate cause requirement. *See Club One Casino,*

---

[3] The vast majority of the so-called "misrepresentations" cited in Plaintiffs' Opposition are not even *actual misrepresentations* alleged to have been made by Shein. Rather, they are allegations as to how Plaintiffs suppose Shein acts in hypothetical scenarios. *See, e.g.,* FAC ¶¶ 44, 45, 61, 72-73. The other alleged "misrepresentations" merely refer to instances where Shein—like other major companies such as Amazon and Walmart—uses a singular brand name to publicly discuss its complex business operations. *See id.* ¶¶ 51-53, 62.

[4] Plaintiffs argue that they have adequately alleged the timing required by 9(b) because they "specifically plead the date that *each design was first published*[.]" Opp'n at 10 (emphasis added). But "what is meant by 'when' under Rule 9(b)'s 'who, what, when, where, and how'" test is the timing of the misrepresentation. *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd.*, 520 F. Supp. 3d 1258, 1267 (C.D. Cal. 2021).

*Inc. v. Sarantos,* 2018 WL 4719112, at *4 (E.D. Cal. Sept. 28, 2018) ("plaintiffs pursuing civil RICO claims based on alleged decreases in profit lack statutory standing because such theories of recovery are too speculative to allow ascertainment of their claimed damages"), *aff'd sub nom. Club One Casino, Inc. v. Perry*, 837 F. App'x 459 (9th Cir. 2020); *Harmoni Int'l Spice, Inc. v. Bai*, 2016 WL 6571272, at *14 (C.D. Cal. Aug. 5, 2016); *L.A. Turf Club, Inc. v. Horse Racing Labs*, 2016 WL 6823493, at *4 (C.D. Cal. May 2, 2016).

Additionally, Plaintiffs' attempt to introduce so-called "affirmative misrepresentations" in their Opposition walks them directly into a new proximate cause problem—namely, plaintiffs "will not be able to establish even but-for causation if no one relied on the misrepresentation." *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 658 (2008). Here, even if Plaintiffs can establish that the statements set forth in their Opposition constitute affirmative misrepresentations for the purposes of establishing a wire fraud violation, they do not (and cannot possibly) show that anyone relied on them (or how one might even rely on such statements). *See United InvestexUSA 7 Inc. v. Miller*, 2021 WL 4816826, at *6 (C.D. Cal. Aug. 25, 2021) ("the Court further agrees that New Western's complaint lacks allegations related to reliance [as part of alleging proximate cause], and that the RICO cause of action should be dismissed for that reason.") (alteration added). Their RICO claim fails for this additional independent reason.

**D. Engagement in Ordinary Business Conduct Does Not Constitute "Participation" in a RICO Enterprise.**

As Shein's Motion explained, routine commercial relationships cannot constitute a RICO enterprise, and engagement in ordinary business conduct does not constitute "participation." Mot. at 23-24. Plaintiffs attempt to address Shein's argument by averring they have "clearly alleged an enterprise that is distinct from the RICO Defendants," and "[a]ccordingly, Plaintiffs allege that Defendants did more than simply conduct their own affairs." Opp'n at 22. But the requirement that

plaintiffs must "allege a distinct enterprise" is unrelated to Shein's argument that routine commercial relationships cannot be characterized as RICO enterprises. This latter argument is unanswered in the Opposition. *Compare*, *Living Designs, Inc. v. E.I. Dupont de Nemours & Co*., 431 F.3d 353, 361 (9th Cir. 2005) (discussing distinctiveness requirement), *with Gomez v. Guthy-Renker, LLC*, 2015 WL 4270042, at *8-11 (C.D. Cal. July 13, 2015) (dismissing RICO claim where plaintiffs characterized routine commercial relationships as a RICO enterprise). Distinct or not, Plaintiffs merely allege participation in routine commercial relationships, which cannot constitute participation in an enterprise. This is yet another ground requiring dismissal of Plaintiffs' RICO claim.

**E. Plaintiff Baron's Copyright Infringement Claim Fails Because His Artwork is Not Original.**

Plaintiff Baron's claim for copyright infringement must be dismissed because his artwork is not original. Plaintiffs do not dispute that the generic nametag design and stock phrases used in his artwork are unoriginal, but argue that the combination of the two somehow make them so.[5] Not so. Two unoriginal, "unprotectable ideas and standard elements" do not qualify for copyright protection, and the "selection, coordination, and arrangement" of the nametag design and stock phrases are not "sufficiently original to merit protection." *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003). Baron's infringement claim must be dismissed.

**F. Plaintiffs' Immaterial, Impertinent, and Scandalous Allegations Are Irrelevant and Prejudicial Under Federal Rule 12(f)**

Finally, the inflammatory and impertinent allegations permeating the FAC should be stricken for the reasons set forth in Shein's Motion. Plaintiffs' Opposition makes no serious effort to explain how these allegations bear on their claims, instead

---

[5] Shein never argued that the Copyright Office's rejection of Baron's registration precludes his suit, as suggested by Plaintiffs. Rather, the rejection reinforces the design's lack of sufficient originality.

arguing that the allegations show that "Shein cares little about the bad press it regularly receives" and that other "unrelated people . . . tarnished Shein . . . before Plaintiffs' complaint." Opp'n at 26. But, that is not the test under Rule 12(f). Even if true, Shein's purported reaction to bad press has "no possible relation" to Plaintiffs' infringement claims, and the claim that other people may or may not have elsewhere "tarnished Shein" has absolutely no bearing on whether Shein is prejudiced by the allegations appearing in Plaintiffs' FAC, which have been published on a public docket. *See id.*

## III. CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' Third and Twelfth Claims for Relief with prejudice and grant Shein's Motion to Strike.

DATED: January 8, 2023

PAUL HASTINGS LLP

By: */s/ Steven A. Marenberg*
Steven A. Marenberg

*Attorneys for Defendants Shein Distribution Corporation, Roadget Business Pte. Ltd., and Zoetop Business Company, Limited*

**WORD LIMIT CERTIFICATION**

The undersigned, counsel of record for Defendants, certifies that this brief contains 3,000 words or less, in compliance with the word limit specified in 9(d) of the *Initial Standing Order For Civil Cases Assigned to Judge Mark C. Scarsi*.

PAUL HASTINGS LLP

DATED: January 8, 2023

By: */s/ Steven A. Marenberg*
Steven A. Marenberg