UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | **2:23-cv-05551-MCS-JPR** | Date | February 15, 2024 |
|---|---|---|---|
| Title | ***Perry v. Shein Distrib. Corp.*** | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: MOTION TO DISMISS AND MOTION STRIKE (ECF NO. 32)**

Defendants Shein Distribution Corporation, Roadget Business Pte. Ltd., and Zoetop Business Company, Limited, move the Court for an order dismissing two claims from the First Amended Complaint ("FAC," ECF No. 23) of Plaintiffs Krista Perry, Larissa Martinez, Jay Baron, Rachel Pfeffer, Dirt Bike Kidz, Inc., EstelleJoyLynn, LLC, Jessica Louise Thompson Smith, and Liv Lee. (Mot., ECF No. 32-1.) Plaintiffs filed a brief opposing the motion, (Opp'n, ECF No. 34), and Defendants filed a reply, (Reply, ECF No. 35). The Court heard oral argument on January 22, 2024. (Mins., ECF No. 38.)

## I.    BACKGROUND

According to the FAC, Plaintiffs are individuals and small organizations who design and commercialize art, clothing, accessories, and other works. (FAC ¶¶ 3, 11–18.) Defendants own and operate Shein, an online retailer of clothing and other consumer goods. (*Id.* ¶¶ 1, 19–23.) Plaintiffs "allege that Shein produced, distributed, and sold *exact* or close copies of their creative work." (*Id.* ¶ 3.) Plaintiffs assert that intellectual property infringement is a fundamental component of Shein's business model, (*id.* ¶¶ 35–49), and that the organizational structure of the entities

that comprise Shein is designed to avoid liability for such infringement, (*id.* ¶¶ 50–74).

Plaintiffs assert twelve claims, two of which are the subject of this motion: a claim by Jay Baron against all Defendants for copyright infringement, (*id.* ¶¶ 110–16), and a claim by all Plaintiffs against all Defendants for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and 1964(c), (*id.* ¶¶ 164–80).

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### B.   Rule 12(f)

Federal Rule of Civil Procedure 12(f) provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted). Motions to strike "are generally

regarded with disfavor because of the limited importance of pleading in federal practice," and they "are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *Gaines v. AT&T Mobility Servs., LLC*, 424 F. Supp. 3d 1004, 1014 (S.D. Cal. 2019) (internal quotation marks omitted).

"There is a split of authority as to whether a motion to strike under Rule 12(f) is appropriate when the moving party has failed to demonstrate it will suffer prejudice if the motion is not granted"; however, "[t]his Court subscribes to the position that courts should deny motions to strike when they do not align with Rule 12(f)'s central purpose of avoiding the unnecessary expenditure of time and money or enhancing efficiency by dispensing with spurious issues prior to trial." *In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D. 147, 151 (C.D. Cal. 2022) (Scarsi, J.).

## III.   DISCUSSION

### A.   RICO Claim

To state a civil RICO claim, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017). Defendants challenge Plaintiffs' pleading of several elements of the claim.

#### 1.   Copyright Infringement as a Predicate Act

Defendants submit that "garden variety" criminal copyright infringement, such as the infringements alleged in the FAC, cannot serve as a RICO predicate act unless the infringement can be characterized as counterfeiting or piracy. (Mot. 7–10.) Defendants' position rests on a line of cases following the persuasive, well-reasoned opinion in *Stewart v. Wachowski*, No. CV 03-2873 MMM (VBKx), 2005 U.S. Dist. LEXIS 46703 (C.D. Cal. June 14, 2005). In *Stewart*, Judge Morrow thoroughly reviewed the legislative history of the Anticounterfeiting Consumer Protection Act of 1996, which added criminal copyright infringement to the list of RICO predicate acts, and concluded:

> [A]lthough the 1992 amendments to [18 U.S.C. § 2319, the statute proscribing criminal copyright infringement,] appear to broaden the scope of the statute to encompass all willful copyright infringement, the legislative history of

the enactment reveals that it was intended merely to expand the types of counterfeiting activities punishable as felonies and not to work any other substantive change to the section. [¶] The court can find no legislative history consistent with a Congressional intent to expand RICO liability to all knowing copyright infringement, including acts that cannot be characterized as counterfeiting or piracy. Additionally, the court can find no published case in which § 2319 has been used to prosecute infringing activity other than piracy or counterfeiting. The legislative history of the Anticounterfeiting Act and of § 2319 reveals that these provisions were aimed at curtailing piracy and counterfeiting. Accordingly, the court finds that the acts of copyright infringement alleged in this action cannot serve as predicate acts to establish a RICO violation.

2005 U.S. Dist. LEXIS 46703, at *22–24 (citations and footnotes omitted). While several courts have followed the reasoning of *Stewart* and dismissed RICO claims resting upon predicate acts of criminal copyright infringement outside a piracy or counterfeiting context, others have questioned its reasoning given consistent binding precedents cautioning courts to read RICO broadly. *See Kevin Barry Fine Art Assocs. v. Ken Gangbar Studio, Inc.*, 391 F. Supp. 3d 959, 971 (N.D. Cal. 2019) (collecting cases on both sides of the split).

Notwithstanding Judge Morrow's compelling dissection of the history of the enacting legislation, her decision is nonbinding, and the Court declines to adopt its reasoning here. To do so would interject a limitation to a statute that broadly and unlimitedly recognizes "criminal infringement of a copyright" as a predicate act, 18 U.S.C. § 1961(1)(B); *see In re 229 Main St.*, 262 F.3d 1, 10 (1st Cir. 2001) ("[C]ourts cannot limit legislation by cavalierly conjuring up qualifications that the legislature has either eschewed or neglected to consider." (citing, inter alia, *Brogan v. United States*, 522 U.S. 398, 408 (1998))), and defy binding guidance "not [to] read the statutory terms of RICO narrowly." *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007); *accord Sedima v. Imrex Co.*, 473 U.S. 479, 497 (1985) ("RICO is to be read broadly."). The Court respectfully declines to follow *Stewart* and rejects Defendants' argument. *See Kevin Barry Fine Art Assocs.*, 391 F. Supp. 3d at 971–72 ("In keeping with the Ninth Circuit's mandate in *Odom*, the Court declines to read into RICO's plain statutory terms the . . . requested limitation.").

## 2.   Wire Fraud as a Predicate Act

To state a predicate act of wire fraud, a plaintiff must plead "(1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Odom*, 486 F.3d at 554 (internal quotation marks omitted). Defendants challenge Plaintiffs' pleading of wire fraud as a predicate act on the basis that Plaintiffs have not identified affirmative representations with the particularity required by Rule 9(b) and have not pleaded the role of each defendant in the alleged fraudulent scheme. (Mot. 12–15.)[1]

Rule 9(b) requires "particularized allegations" of "the factual circumstances of the fraud itself." *Odom*, 486 F.3d at 554. To meet Rule 9(b), the complaint must identify the "who, what, when, where, and how" of the fraud, "as well as what is false or misleading about" it, and "why it is false." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks omitted). Although Plaintiffs correctly note that "a scheme to defraud does not require an affirmative, material representation," (Opp'n 6–7); *see Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd.*, 520 F. Supp. 3d 1258, 1266 (C.D. Cal. 2021), they submit that their claim rests on affirmative misrepresentations in substantial part, (Opp'n 7–8 (citing FAC ¶¶ 44–45, 51–53, 57, 61, 72–73)). The Court questions whether Plaintiffs appropriately pleaded in compliance with Rule 8(a) that those affirmative misrepresentations undergird their assertions of wire fraud. (*See* FAC ¶ 171 (identifying emails and webpages without explaining which representations contained therein constitute fraud).) Even if they did, Plaintiffs do not plead any misrepresentations with the required particularity. For example, Plaintiffs do not plead the who, when, and how concerning Defendants' "blame[ of] an unnamed third party for [any] misconduct," (*id.* ¶ 44); facts to support an inference of falsity of representations excerpted from Defendants' website, and

---

[1] Defendants also argue that Plaintiffs cannot recharacterize their copyright infringement allegations, incognizable as predicate acts in themselves, as predicate acts of wire fraud. (Mot. 11–12.) The Court declines to address this argument given its decision to reject the reasoning of *Stewart*. Even if infringement cannot constitute a fraudulent scheme to support a wire fraud predicate act, as Defendants assert, infringement can undergird a copyright infringement predicate act. Thus, resolving this argument ostensibly would not materially advance Defendants' motion to dismiss the RICO claim. Defendants may renew their argument in a subsequent motion should it prove salient to any further challenges to the claim.

to which Defendants those representations should be attributed, (*id.* ¶¶ 51, 53); and facts to identify the provenance of certain statements, (*id.* ¶ 52). The allegations concerning affirmative misrepresentations are too sparsely pleaded to support the fraudulent scheme element of wire fraud.

For similar reasons, the Court finds persuasive Defendants' argument that Plaintiffs have not adequately identified each defendant's role in the fraudulent scheme. "Rule 9(b) does not allow a complaint to merely lump multiple defendants together"; instead, it "requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007). Plaintiffs have pleaded several facts relating Defendants to one another, (*e.g.*, FAC ¶¶ 19–23, 62), but how these business relations between Defendants and related entities support an inference that one should be liable for another's fraudulent misrepresentations is uncertain, especially given the Rule 9(b) issues discussed above. For example, the Court does not understand how misrepresentations made on the Shein website might be imputed to Shein Fashion Group Inc., the defendant who allegedly imports goods sold by Shein but who has no pleaded meaningful relation to the website. (FAC ¶¶ 51, 62.) While the Court understands Plaintiffs' theory that Defendants act "singly and in concert," (*id.* ¶ 170), their conclusory allegation must be supported by plausible facts connected to the fraudulent scheme. *Cf. Drake v. Toyota Motor Corp.*, No. 2:20-cv-01421-SB-PLA, 2020 U.S. Dist. LEXIS 227197, at *30 (C.D. Cal. Nov. 23, 2020) ("Though the Plaintiffs no doubt describe with sufficiently particularized detail the operations and the role of each Defendant within Toyota, Plaintiffs fail to provide detailed allegations of the various roles *played in the alleged conspiracy*." (cleaned up)).

Plaintiffs do not adequately plead wire fraud as a predicate act insofar as the alleged fraud rests upon affirmative misrepresentations.

### 3.    <u>Other Elements</u>

Defendants contend that Plaintiffs do not have standing to bring a civil RICO claim because they have not pleaded how Defendants' violative conduct proximately caused their injuries. (Mot. 15–16.) The Court understands this as a challenge to the causation element of RICO rather than as a challenge to Plaintiffs' constitutional standing to sue. *See Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1146–47 (9th Cir. 2008) (treating proximate cause as a matter of statutory standing).

A plaintiff must allege "that a RICO predicate offense not only was a 'but for' cause of his injury, but was the proximate cause as well." *Hemi Grp., LLC v. City of New York,* 559 U.S. 1, 9 (2010) (internal quotation marks omitted). "[P]roximate cause . . . requires some direct relation between the injury asserted and the injurious conduct alleged." *Id.* (internal quotation marks omitted).

Plaintiffs offer nonspeculative allegations concerning copyright infringement that raise a plausible inference that Defendants' wrongful acts proximately caused them to suffer "diversion of trade, loss of profits, and a diminishment in the value of their designs and art, their rights, and their respective reputations." (FAC ¶ 179; *see, e.g., id.* ¶¶ 81, 92, 99, 108, 124, 138, 154, 162 (allegations of damages from infringement).) Defendants speculate that "numerous other factors . . . could have led to Plaintiffs' lost profits and any decline in business and reputation," (Mot. 16), but their argument is better saved for a motion for summary judgment. Plaintiffs at least plausibly allege harm they suffered due to Defendants' infringement of works they own. *Cf. Sybersound*, 517 F.3d at 1149 (rejecting karaoke record producer's theory of proximate cause resting on competitive injury it suffered due to copyright infringement of nonparties' works, reasoning that "the more direct victims of the . . . alleged infringement actions, the copyright holders, can be expected to pursue their own claims" (internal quotation marks omitted)).[2]

Finally, Defendants argue that Plaintiffs offer insufficient allegations to support an inference that each defendant participated in the conduct of a RICO enterprise. (Mot. 17–18.) RICO defines an enterprise as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). To plead an association-in-fact enterprise, as Plaintiffs assert they do, (Opp'n 17), a claimant must allege the association "(1) has a common purpose, (2) is an ongoing organization, and (3) its various associates function as a continuing unit." *Woodell v. Expedia Inc.*, No. C19-0051JLR, 2019 U.S. Dist. LEXIS 121633, at *20 (W.D.

---

[2] Given deficiencies in the allegations of wire fraud, and given Defendants' lack of argument in the opening brief attacking the nexus between wire fraud and Plaintiffs' injuries, (*see* Reply 8 (questioning whether Plaintiffs can establish causation without allegations of reliance on the alleged misrepresentations)); *but see Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."), the Court declines to decide whether Plaintiffs have adequately pleaded wire fraud proximately caused their injuries.

Wash. July 22, 2019) (citing *Odom*, 486 F.3d at 552–53). To sustain a claim, the plaintiff must show "that the defendants conducted or participated in the conduct of the *enterprise's* affairs, not just their *own* affairs." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001) (internal quotation marks omitted).

Plaintiffs set forth each defendant and nonparty's role in the alleged enterprise as "members or agents of Shein," which, as defined in the pleading, is distinct from any named defendant. (FAC ¶¶ 62, 176.) They allege the members of the enterprise share a common purpose of "advancing Shein's business of selling clothing and apparel and enabling Shein to misappropriate and profit from the intellectual property of others with impunity." (*Id.* ¶ 176(a).) But the facts to support that allegation of common purpose are too sparsely pleaded for at least some of the alleged members of the enterprise. For example, Plaintiffs identify Defendant Zoetop Business Company, Limited, as the entity "which owns and operates the company's web sites and mobile apps," and Zenith Business Company as "Shein's primary UK corporate entity." (*Id.* ¶ 62.) What role these entities play in the fulfillment of the alleged common purpose is not pleaded and cannot be reasonably inferred from the complaint. The Court is particularly concerned with allegations linking "Shein marketplace participants," that is, third parties who sell products on the Shein platform "in the manner of Amazon," to the alleged enterprise. (*Id.*) Plaintiffs do not plausibly allege how this legion of unnamed and underdefined nonparty entities could be linked in purpose with the other alleged members of the enterprise. Instead, Plaintiffs' allegations "are consistent with ordinary business activities or purposes," which is insufficient. *Woodell*, 2019 U.S. Dist. LEXIS 121633, at *22; *see also Neerman v. Cates*, No. CV 22-2751 PA (PVCx), 2022 U.S. Dist. LEXIS 233366, at *12 (C.D. Cal. Dec. 28, 2022) ("Entities engaged in ordinary business conduct and an ordinary business purpose do not constitute an enterprise bound by a common purpose under RICO." (internal quotation marks omitted)). Plaintiffs must augment their allegations to sustain their theory of enterprise.

### 4.   Leave to Amend

As a general rule, leave to amend a dismissed claim should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The deficiencies in the RICO claim identified above readily could be cured by the pleading of additional facts. Given the "extreme liberality" of the amendment standard, *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018) (internal quotation marks omitted), leave to amend is warranted.

### B.    Baron Copyright Claim

To state a copyright claim, a plaintiff must allege "(1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (quoting *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991)). Defendants challenge Baron's copyright claim, arguing that he has not adequately pleaded ownership of a copyright and that the allegedly copied elements of his work are not original enough as a matter of law to be protectable. (Mot. 18–20.)

As to ownership, Defendants submit that Baron has not adequately pleaded ownership considering the Copyright Office's refusal of Baron's registration. (Mot. 18–19.)[3] Baron represents that he has "obtained a registered copyright for his work," presumably after the filing of the FAC, "and can amend his claim to allege this registration." (Opp'n 18 n.8.) The Court declines to adjudge Defendants' argument and instead gives Baron leave to plead additional facts supporting ownership.

Defendants' originality argument cannot be resolved on this motion. Originality rarely, if ever, can be resolved on a Rule 12 motion. *See, e.g.*, *Tubio v. Adidas Am., Inc.*, No. CV 22-6424-GW-PVCx, 2022 U.S. Dist. LEXIS 240392, at *8–10 (C.D. Cal. Dec. 6, 2022) (resisting conclusion that "originality may *never* be determined based upon the pleadings," but reasoning that "[e]ven if it is ultimately up to this Court, as opposed to a factfinder, to determine whether there is sufficient originality/creativity, that does not necessarily mean that such a determination can or should be made at the pleadings stage"). Viewing the pleaded facts and the included images in the light most favorable to Baron, the design at issue is plausibly original enough to be protectable, if only in Baron's combination of unprotectable elements. *See Gray v. Hudson*, 28 F.4th 87, 101 (9th Cir. 2022). For example, Baron may assert originality in the handwriting typeface used for the "TRYING MY BEST" text coupled with the printed "HELLO, I'M" nametag frame; the size, color, and arrangement of the lettering; and the juxtaposition of a conventional nametag with a non-appellative message. (FAC ¶ 113.) The Court declines to conclude the design is unprotectable at this time.

---

[3] Defendants suggest in their reply that they "never argued [in their opening brief] that the Copyright Office's rejection of Baron's registration precludes his suit," (Reply 9 n.5), but Plaintiffs and the Court interpreted the brief to so argue.

### C.      Motion to Strike

Defendants seek to strike allegations in the FAC pertaining to unsavory labor practices, sale of swastikas, and other "inflammatory hearsay allegations." (Mot. 20–21 (targeting FAC ¶¶ 1–2, 32–34, 37, 40, 46).) Even accepting Defendants' argument that these allegations are immaterial and irrelevant to the claims at issue,[4] Defendants have not identified any nonspeculative prejudice they might suffer if the allegations were to remain in Plaintiffs' pleading. *See In re Honest*, 343 F.R.D. at 151 (requiring a showing of prejudice). Contrary to Defendants' doomsaying, (Mot. 21 (conjecturing the allegations "portend Plaintiffs' intention to engage in intrusive and burdensome discovery")), Plaintiffs' counsel represented at the hearing that the allegations would not be a focus of discovery. Absent something suggesting that the purportedly inflammatory allegations will become an undeserving subject of the litigation or some other indicia of prejudice, the Court will not strike the allegations.

## IV.     CONCLUSION

The Court grants the motion in part. The RICO claim is dismissed with leave to amend. The Court also gives Plaintiffs leave to plead additional facts toward Baron's copyright claim. The motion is denied in all other respects.

Plaintiffs may file a further amended complaint within 14 days if they can do so consistent with Federal Rule of Civil Procedure 11(b) and this Order. Any amended complaint must be accompanied by a redline marking any alterations or deletions. (Initial Standing Order § 10(a), ECF No. 11.) Failure to file a timely amended complaint will waive the right to do so. Leave to add new parties or claims must be sought by a separate, properly noticed motion.

**IT IS SO ORDERED.**

---

[4] Counsel for Plaintiffs proffered at the hearing that these allegations are probative of Defendants' intent, motive, and inability to police the Shein platform. The Court need not weigh this argument to resolve the motion.