STEVEN A. MARENBERG (SB# 101033)
stevenmarenberg@paulhastings.com
SUSAN K. LEADER (SB# 216743)
susanleader@paulhastings.com
ALI R. RABBANI (SB# 253730)
alirabbani@paulhastings.com
KIAURA CLARK (SB# 336314)
kiauraclark@paulhastings.com
**PAUL HASTINGS LLP**
1999 Avenue of the Stars, 27th Floor
Los Angeles, California 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-5899

*Attorneys for Defendants*
*Shein Distribution Corporation,*
*Roadget Business Pte. Ltd., and*
*Zoetop Business Company, Limited*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA PERRY, an individual; LARISSA MARTINEZ, an individual; JAY BARON, an individual; RACHEL PFEFFER, an individual; DIRT BIKE KIDZ, Inc., a California corporation; ESTELLEJOYLYNN, LLC, a New Jersey limited liability company; JESSICA LOUISE THOMPSON SMITH, an individual; LIV LEE, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> SHEIN DISTRIBUTION CORPORATION, a Delaware corporation; SHEIN FASHION GROUP, INC.; ROADGET BUSINESS PTE. LTD.; ZOETOP BUSINESS COMPANY, LIMITED; CHRIS XU; and DOES 1-10 inclusive. <br><br> Defendants. | CASE NO. 2:23-cv-05551-MCS-JPR <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT NAMING GEORGE CHIAO AS A DEFENDANT** <br><br> Date: April 29, 2024 <br> Time: 9:00 a.m. <br> Place: Courtroom 7C <br> Judge: Hon. Mark C. Scarsi <br><br> Complaint filed: July 11, 2023 <br><br> SAC filed: March 8, 2024 |

Defendants Shein Distribution Corporation, Roadget Business Pte. Ltd., and Zoetop Business Company, Limited (collectively, "Defendants") submit this opposition to Plaintiffs' Motion for Leave to File Third Amended Complaint Naming George Chiao as a Defendant ("Motion").

## I.  PLAINTIFFS' MOTION FOR LEAVE TO AMEND SHOULD BE DENIED

Plaintiffs admit that the sole purpose of their proposed Third Amended Complaint ("TAC") is to drag a C-Suite executive of one of Defendants – George Chiao, the President of Shein Distribution Corporation ("SDC") – into this case. There is no (nor can there be any) claim that Plaintiffs were not aware at the time of the original Complaint (or the First or Second Amended pleadings) that Mr. Chiao was SDC's President.

To defeat the Motion, Defendants do not, and need not, dispute that under Rule 15(a)(2) of the Federal Rules of Civil Procedure, district courts "should freely give leave [to amend] when justice so requires." Motion ("Mot.") at 5. Plaintiffs acknowledge that leave should be denied if the amendment "would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Id*. at 6. Plaintiffs' Motion fails to satisfy three of these four elements.

Plaintiffs' proffered explanation for naming Mr. Chiao as a new defendant is as follows:

> Plaintiffs have been diligent in pursuing their investigation of this matter and based on that discovery[1] and investigation,[] Plaintiffs have learned that the new defendant has played an active and integral role in the wrongdoing forming the basis for this action, including promoting, marketing, and profiting from the infringing goods,

---

[1] Plaintiffs' statement that the TAC is based on "discovery" is odd (to say the least) as *no* discovery has been taken in this case, as Plaintiffs plainly state in their Motion. The contradiction of their stated justification suggests that the TAC is tactical and borne of a desire to impose additional burdens on Defendants and their executives.

DEFS.' OPPOSITION TO PLTFS.' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT NAMING GEORGE CHIAO AS A DEFENDANT

interacting with artists whose work the Shein entities have stolen, and planning and advancing the complained of racketeering activities.

Mot. at 7.

Notably absent from the proposed TAC, however, is any allegation reflecting these conclusions.  What *is* alleged about Mr. Chiao in the TAC is limited to the following: Mr. Chiao (i) filed corporate documents with three secretary of state offices; (ii) is or has been an executive at Shein companies; (iii) had a phone call with Cassey Ho—a social media influencer who is *not* one of the Plaintiffs in this action—wherein he allegedly told her that Shein did not steal her designs; and, finally, (iv) that Mr. Chiao's LinkedIn page omits listing some of his past positions.[2]  *See* ECF No. 48-2 at ¶¶ 24, 83, 90, 91, 95, 116.  None of these allegations, individually or taken together, reflects any wrongdoing or illegal activity, much less racketeering, on Mr. Chiao's part.

Likewise, there is no legal theory in the proposed TAC that could justify the naming of Mr. Chiao.  Here's what Plaintiffs offer in that regard:  First, they claim Mr. Chiao might be held liable for copyright infringement if he has a "direct financial interest in [the infringement]."  *See* Mot. at 7 (citing *Fonovisa, Inc. v. Cherry Auction, Inc*., 76 F.3d 259, 262 (9th Cir. 1996)).[3]  But no facts creating a "direct financial interest" on Mr. Chiao's part are alleged in the TAC.  Nor does or could a direct financial interest spring from the mere allegation that Mr. Chiao is a C-Suite executive of certain of the Defendants.  Were this the law any CEO of any large company would be liable for any purported infringement by the company notwithstanding the total lack of personal involvement.

---

[2] Of course, the proposed TAC contains no allegation, nor could one be plausibly made, that any Plaintiff or any other person relied on Mr. Chiao's LinkedIn profile for any purchasing decision or any other purpose.

[3] *Fonovisa*, which dealt with a swap meet operator's liability for infringement by third parties occurring at the swap meet, is wholly inapposite here.

DEFS.' OPPOSITION TO PLTFS.' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT NAMING GEORGE CHIAO AS A DEFENDANT

Second, Plaintiffs also suggest that "a defendant [could be] contributorily liable for trademark infringement" in certain instances.  Mot. at 7.  But, even assuming for argument's sake that this statement is correct in some circumstances, *there is no contributory infringement claim even raised in the proposed TAC*.

Third, Plaintiffs offer the *ipse dixit* that "an individual defendant may be liable for racketeering activity."  *Id*.  Again, perhaps in some circumstances, but not in this instance.  Plaintiffs' proposed TAC, like the previous versions of the complaint, is premised on implausible and admittedly uninformed speculation that Shein developed and used a "secretive" algorithm designed to misappropriate the intellectual property of small designers.  *See* ECF No. 48-2 at ¶¶ 37, 40-43, 47.  Whether this speculative theory is sufficient to survive a motion to dismiss is a question for another day.  Here, however, Mr. Chiao is not alleged to have any personal role in creating, implementing, or otherwise using the algorithm.  Thus, not only is the attempt to add Mr. Chiao as a defendant an exercise in futility, but it creates a reasonable inference that Plaintiffs are, in bad faith, seeking some unwarranted leverage by naming Defendants' top-level executives as parties.[4]

Finally, Plaintiffs' blithe assertion that Mr. Chiao would not be prejudiced by being named as a defendant is wrong.  Beyond the deficiencies identified above, naming Mr. Chiao as a defendant in this matter would result in prejudice.  As anyone who has filled out a loan form or an employment application knows, merely *being sued* is a disclosable event that can have adverse repercussions.  It could also subject Mr. Chiao to more intrusive discovery obligations than he would have as a mere third party.  At bottom, the proposed TAC adding Mr. Chiao to this case adds nothing substantive to Plaintiffs' case, but prejudices Mr. Chiao for no good or cognizable reason.

---

[4] The inference is also supported by the fact that, under their own logic, Plaintiffs could and should have named Mr. Chiao from the outset of this case.

## II.   **<u>CONCLUSION</u>**

For the foregoing reasons, the Court should deny Plaintiffs' Motion for Leave to File Third Amended Complaint Naming George Chiao as a Defendant.

DATED: April 8, 2024                    PAUL HASTINGS LLP


By: */s/ Steven A. Marenberg*
     Steven A. Marenberg

*Attorneys for Defendants Shein Distribution Corporation, Roadget Business Pte. Ltd., and Zoetop Business Company, Limited*

DEFS.' OPPOSITION TO PLTFS.' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT NAMING GEORGE CHIAO AS A DEFENDANT