STEVEN A. MARENBERG (SB# 101033)
stevenmarenberg@paulhastings.com
SUSAN K. LEADER (SB# 216743)
susanleader@paulhastings.com
ALI R. RABBANI (SB# 253730)
alirabbani@paulhastings.com
KIAURA CLARK (SB# 336314)
kiauraclark@paulhastings.com
**PAUL HASTINGS LLP**
1999 Avenue of the Stars, 27th Floor
Los Angeles, California 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-5899

*Attorneys for Defendants*
*Shein Distribution Corporation,*
*Roadget Business Pte. Ltd., and*
*Zoetop Business Company, Limited*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA PERRY, an individual; LARISSA MARTINEZ, an individual; JAY BARON, an individual; RACHEL PFEFFER, an individual; DIRT BIKE KIDZ, Inc., a California corporation; ESTELLEJOYLYNN, LLC, a New Jersey limited liability company; JESSICA LOUISE THOMPSON SMITH, an individual; LIV LEE, an individual, | CASE NO. 2:23-cv-05551-MCS-JPR |
| | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' THIRTEENTH CLAIM FOR RELIEF OF THE THIRD AMENDED COMPLAINT** |
| Plaintiffs, | Date:    June 3, 2024 |
| | Time:    9:00 a.m. |
| v. | Place:   Courtroom 7C |
| | Judge:   Hon. Mark C. Scarsi |
| SHEIN DISTRIBUTION CORPORATION, a Delaware corporation; ROADGET BUSINESS PTE., LTD; ZOETOP BUSINESS CO., LTD; SKY XU, a/k/a CHRIS XU; and GEORGE CHIAO, | Complaint filed: July 11, 2023 |
| | FAC filed: November 3, 2023 |
| | SAC filed: March 8, 2024 |
| | TAC filed: April 15, 2024 |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................ 1

II. ARGUMENT ............................................................................................. 1

    A. The TAC Does Not Adequately Allege Willful Infringement Required for Criminal Copyright. .......................................................... 1

    B. The TAC Still Fails Adequately to Allege Wire Fraud as a Predicate Act. .................................................................................... 3

        1. Plaintiffs Do Not Allege a Violation of the Wire Fraud Statute. .................................................................................... 3

        2. Plaintiffs' Allegations of Fraud Do Not Satisfy Rule 9(b)........ 4

            a. The TAC Fails Adequately to Allege Affirmative Material Misrepresentations............... 4

            b. The TAC Fails Adequately to Allege Other Deceptive Conduct. .................................................. 6

            c. The TAC Fails to Adequately Identify Each Defendant's Role in the Fraudulent Scheme. ........ 7

    C. The TAC Fails to Allege Proximate Causation For Plaintiffs' RICO Claim Premised on Mail and Wire Fraud. ................................ 8

    D. Plaintiffs Fail to Adequately Allege That Each Defendant Participated in the Conduct of a RICO Enterprise................................ 8

    E. The Dismissal Should Be Without Leave to Amend. ........................... 9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Biddle v. Fred Meyer Stores*,
  44 Fed. App'x 257 (9th Cir. 2002) ............................................................... 10

*California Pharmacy Mgmt., LLC v. Zenith Ins. Co.*,
  669 F. Supp.2d 1152 (C.D. Cal. 2009) ....................................................... 6, 7

*Drake v. Toyota Motor Corp.*,
  2020 WL 7040125 (C.D. Cal. Nov. 23, 2020) ................................................. 7

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
  896 F.2d 1542 (9th Cir. 1990) ......................................................................... 9

*Hemi Grp., LLC v. City of New York, N.Y.*,
  559 U.S. 1 (2010) ............................................................................................. 8

*Hunt v. Lewis*,
  2021 WL 3140733 (E.D. Cal. Jul. 26, 2021) ................................................... 7

*Stewart v. Wachowski*,
  2005 WL 6184235 (C.D. Cal. June 14, 2005) .............................................. 1, 2

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ........................................................................... 7

*United States v. Lummi Nation*,
  763 F.3d 1180 (9th Cir. 2014) ......................................................................... 1

*United States v. Manzer*,
  69 F.3d 222 (8th Cir. 1995) ............................................................................. 5

*United States v. Miller*,
  953 F.3d 1095 (9th Cir. 2020) ......................................................................... 4

*United States v. Norby*,
  44 Fed. Appx. 208 (9th Cir. 2002) ................................................................... 5

*United States v. Raniere*,
  *384 F. Supp*. 3d 282 (E.D.N.Y. 2019) ............................................................ 3

*United States v. Wood*,
  259 F. App'x 48 (9th Cir. 2007) ...................................................................... 6

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab.
  Litig.*,
  2017 WL 4890594 (N.D. Cal. Oct. 30, 2017) ................................................. 5

*Williams v. Lane*,
  2015 WL 1541371 (C.D. Cal. Feb. 27, 2025) ................................................. 9

DEFS.' REPLY ISO MOTION TO DISMISS PLS.' THIRTEENTH
CLAIM FOR RELIEF OF THE TAC

**Rules**

Federal Rules of Civil Procedure
Rule 9.................................................................................................1, 4, 7

Federal Rules of Civil Procedure
Rule 12....................................................................................................9

## I.     __INTRODUCTION__

Plaintiffs' Opposition does nothing to address the fatal deficiencies identified by Defendants and this Court.  Thus, the RICO claim in Plaintiffs' Third Amended Complaint ("TAC") should be dismissed on any or all of the following grounds:

- the TAC does not state a claim for criminal copyright infringement because Plaintiffs fail to plausibly allege that Defendants willfully infringed their designs;

- "wire fraud" cannot serve as a RICO predicate act for several reasons, including: (i) Plaintiffs do not allege a cognizable scheme to defraud; (ii) the TAC fails to satisfy the requirements of Rule 9(b); and (iii) Plaintiffs cannot establish that the purported acts of mail/wire fraud caused their injuries; and

- Plaintiffs have again failed to adequately allege that each of the Defendants conducted or participated in the conduct of a RICO enterprise.

## II.    __ARGUMENT__

### A.     **The TAC Does Not Adequately Allege Willful Infringement Required for Criminal Copyright.**

For criminal copyright infringement to serve as a RICO predicate act Plaintiffs must adequately allege that Defendants "voluntar[ily] [and] intentional[ly]" violated a "known legal duty."  *See* Mot. at 6.  This requires Plaintiffs to allege "the events which give rise to a strong inference that defendants had knowledge of their wrongful conduct, misrepresentations, or omissions."  *See Stewart v. Wachowski*, 2005 WL 6184235, at *6 n.33 (C.D. Cal. June 14, 2005).[1]

---

[1] Contrary to Plaintiffs' suggestion, Opp. at 3, 5, the issue of "willfulness" has not been previously decided, nor did this Court "reject[] the reasoning of *Stewart*" in full.  Thus, Plaintiffs' invocation of the law of the case doctrine is misplaced.  *See, e.g., United States v. Lummi Nation*, 763 F.3d 1180, 1185 (9th Cir. 2014) ("[T]he issue in question must have been decided explicitly or by *necessary implication* in the

DEFS.' REPLY ISO MOTION TO DISMISS PLS.' THIRTEENTH
CLAIM FOR RELIEF OF THE TAC

But the TAC does not allege that *Defendants* acted with the specific intent to violate Plaintiffs' copyrights.  Plaintiffs instead allege that "*SHEIN* relies on an *algorithm* that constantly scours the internet, discovers new designs, systematically yields an exact copy of those designs," and then allege for the first time in their Opposition that "Movants do not employ human professionals to review designs before they are produced and marketed."  Opp. at 4 (emphasis added); TAC ¶¶ 39-40.  Even assuming for purposes of this motion that the allegations regarding the algorithm in the TAC are true (and they are not), Plaintiffs fail to allege that any particular Defendant had any role in the creation or functioning of the algorithm—the alleged mechanism by which "Shein" "willfully violated" Plaintiffs' copyrights. *See* TAC ¶ 37 (stating generally that "SHEIN's [algorithm] often generates products that are *exact or close copies*"); ¶ 40 ("[g]iven the scale of SHEIN's design and production machine . . . the only way the algorithm could work . . . is if very little information is communicated to the SHEIN 'designers'. . . [t]his approach, *together with other aspects of the algorithm,* guarantees that the infringements will incur") (emphasis added).

To be sure, Plaintiffs conclusorily allege that "the algorithm is Defendants' purposeful creation."  TAC at ¶ 37.  But rather than allege facts plausibly supporting an inference that *Defendants* purposefully created the algorithm, the TAC describes only how Defendants are responsible for ordinary and routine corporate actions that are unrelated to the creation or monitoring of the algorithm. *Id*. ¶¶ 72-87.  Similarly, the TAC has no non-conclusory allegations that the Defendant entities had anything to do with the alleged copying of Plaintiffs' artwork.  The allegations in the TAC are therefore insufficient to show that Defendants Shein Distribution Corporation,

---

previous disposition").  Rather, this Court acknowledged that the *Stewart* opinion was "persuasive [and] well-reasoned," but declined to adopt its reasoning limiting RICO criminal copyright infringement to piracy or counterfeiting. *See* Order at 3-4.

DEFS.' REPLY ISO MOTION TO DISMISS PLS.' THIRTEENTH
CLAIM FOR RELIEF OF THE TAC

Zoetop, and Roadget acted with a specific intent to violate Plaintiffs' copyrights. *See* Mot. at 6.[2]

### B.   The TAC Still Fails Adequately to Allege Wire Fraud as a Predicate Act.

Insofar as Plaintiffs' RICO claim is premised on mail or wire fraud it must be dismissed because Plaintiffs again fail to adequately allege wire and mail fraud as a predicate act. *See, e.g.*, *United States v. Raniere*, 384 F. Supp. 3d 282, 299 (E.D.N.Y. 2019) ("[C]ourts may dismiss acts on which a RICO charge is predicated without dismissing the entire RICO charge.").

#### 1.   Plaintiffs Do Not Allege a Violation of the Wire Fraud Statute.

Plaintiffs have not adequately pled a violation of the wire fraud statute because they fail to allege that Defendants utilized deception to obtain the Plaintiffs' money or property. *See* Mot. at 8-10.  Instead, Plaintiffs allege that Defendants "engage[d] in a scheme to defraud that is designed to *conceal their acts of criminal copyright infringement [and] to misdirect and deceive their victims*" by: representing themselves as a unified corporate entity, using independent Chinese suppliers, changing their corporate structure, engaging in willful copyright infringement via an algorithm, manufacturing "carbon copy infringements," offering small batches of the allegedly infringing products for sale, and misdirecting blame if "a victim complains," thereby "lull[ing] [the victim] into a sense that the situation is hopeless" and causing them to "accept a small amount of money as compensation."  Opp. at 7-8 (citing TAC ¶¶ 1, 5, 39, 45, 48-49, 52-70, 72-101, 103-107) (emphasis added).

Again, Plaintiffs' allegations are flawed.  First, none of these allegations plausibly allege that Defendants used *deception* to deprive Plaintiffs of their money

---

[2] Plaintiffs also suggest that "'a showing of recklessness or willful blindness' establishes willfulness."  Opp. at 4-5.  At a minimum, for the same reasons discussed herein, Plaintiffs have not made a showing of recklessness or willful blindness as to Defendants.

DEFS.' REPLY ISO MOTION TO DISMISS PLS.' THIRTEENTH
CLAIM FOR RELIEF OF THE TAC

or artwork—these are all actions Shein allegedly took *after* the alleged deprivation of Plaintiffs' money or property (i.e., the sale of the allegedly infringing artwork itself), *see* TAC ¶¶ 45, 58-70, 103-107, or that do not involve deception at all, *see* Mot. at 8-10. Second, Plaintiffs' Opposition underscores that their so-called "scheme to defraud" is based on the same litany of allegations already rejected by this Court. *Compare* TAC ¶¶ 1, 5, 39, 45, 48-49, 52-70, 72-101, 103-107 *with* FAC ¶¶ 2, 4, 38, 44, 47-49, 50-74; *see* Order at 5-6 (finding Plaintiffs' allegations "too sparsely pleaded to support the fraudulent scheme element of wire fraud" and insufficient to "support an inference that one [Defendant] should be liable for another's fraudulent misrepresentations").

Plaintiffs sidestep the arguments in Defendants' Motion, instead arguing vaguely that Defendants' alleged conduct violates a "broad concept of a scheme to defraud," in that it is "contrary to public policy or … fail[s] to measure up to the reflection of moral uprightness, of fundamental honesty, fair play and right dealing in the general and business life of members of society." Opp. at 9. But Ninth Circuit precedent requires more than this – to wit, a cognizable scheme to defraud employing deception and an intent to deprive a victim of money or property by means of that deception. *See United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020) ("we . . . overrule our prior cases on this question and hold that wire fraud requires the intent to deceive *and* cheat — in other words, to deprive the victim of money or property by means of deception."). Nothing of the sort is pleaded in the TAC.

### 2.  Plaintiffs' Allegations of Fraud Do Not Satisfy Rule 9(b).

#### a.  The TAC Fails Adequately to Allege Affirmative Material Misrepresentations.

This Court previously held that Plaintiffs "d[id] not adequately plead wire fraud as a predicate act insofar as the alleged fraud rests upon affirmative misrepresentations" in their FAC.   Order at 6.   The alleged affirmative misrepresentations contained in Plaintiffs' TAC fare no better.

Plaintiffs first argue that they "specifically allege several affirmatively false statements" underlying their wire fraud claim.  Opp. at 9.  But they neglect to establish that, to the extent they are relying on an affirmative misrepresentation, that misrepresentation must be *material*.  *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2017 WL 4890594, at *11 (N.D. Cal. Oct. 30, 2017).[3]  To be material, a false statement or misrepresentation must be "made to induce action or reliance by another" or must "reasonably influence a person to part with money or property."  *United States v. Norby*, 44 Fed. Appx. 208, 209 (9th Cir. 2002).

None of the so-called misrepresentations alleged by Plaintiffs are material under this standard.  The Opposition asserts that Defendants made "affirmatively false statements" by: stating that "SHEIN conducted a Google image search [after Perry notified SHEIN of her infringement allegations] but 'did not find any right holder's info,'" informing Perry that "the profit from the [alleged] infringing sales [of her design] was 'very small,'" "falsely stat[ing] to [a non-party] that SHEIN was just a marketplace and that an unnamed third party had stolen her design," and by "refer[ring] to 'SHEIN'" generally (for instance, on sheingroup.com) because "SHEIN does not exist as a single corporate entity."  Opp. at 9-11.  Not one of these was made to induce any type of action or reliance, nor did or could any "reasonably influence" anyone to part with money or property.  *See Norby*, 44 Fed. Appx. at 209.  Plaintiffs do not attempt to argue otherwise, and their wire fraud claim premised upon these representations should be rejected for the same reasons previously found by this Court.[4]  *See* Order at 5-6.

---

[3] The Court's Order does not hold otherwise – it simply holds that "a scheme to defraud does not require an affirmative, material representation[.]"  Order at 5.
[4] *United States v. Manzer*, 69 F.3d 222 (8th Cir. 1995), which Plaintiffs claim "mirror[s]" their mail/wire fraud allegations, Opp. at 17, discussed the *intent* element governing "appeal[s] involving mail and wire fraud convictions" in the Eighth Circuit and is inapposite.

**b. The TAC Fails Adequately to Allege Other Deceptive Conduct.**

Plaintiffs explicitly allege for the first time in their Opposition that "photos of infringing products are posted on shein.com and the related app, which impliedly represent to consumers that Movants have the right to sell the products." Opp. at 13. According to Plaintiffs, this suffices to allege a cognizable scheme to defraud. *Id.* But a scheme to defraud involves deceit, *see* Mot. at 8-10, and Plaintiffs do not even attempt to grapple with the case law cited by Defendants that copyright infringement does not involve fraud or deceit.[5] *See* Mot. at 9.

Plaintiffs then allege that Defendants engaged in "other deceptive conduct" via a so-called "dispute resolution process"—which occurs *after* the alleged infringement is complete, and therefore *after* the Plaintiffs have been allegedly deprived of their property. Opp. at 13-15. But, as discussed in Defendants' Motion, communications made *after* the alleged copyright infringement was completed cannot support a claim for mail or wire fraud. Mot. at 12-13 (citing *United States v. Wood*, 259 F. App'x 48, 50 (9th Cir. 2007). Plaintiffs' citation to this "other" allegedly deceptive conduct does not save them.[6]

---

[5] In its Order, the Court declined to address whether copyright infringement can constitute a scheme to defraud under the mail/wire fraud statutes, holding that resolving that issue "would not materially advance Defendants' motion" because it found for the Plaintiffs on the issue of criminal copyright infringement and found for Defendants on the issue of wire fraud. Order at 5, n.1.

[6] *California Pharmacy Mgmt., LLC v. Zenith Ins. Co.*, 669 F. Supp.2d 1152, 1160 (C.D. Cal. 2009), the case upon which Plaintiffs rely, is inapposite. *See* Opp. at 13. In that case, the plaintiff alleged that defendants undertook a scheme to defraud "through a collusive and systematic campaign of sham litigation, fraudulent objections and dilatory conduct," where plaintiffs were contractually obligated to "bill and collect for [the] medications" and defendants "allegedly neglected to pay CPM[.]'" *Id.* at 1157. Thus, in *Zenith*, the "lulling" communications were part of the deception by which defendants deprived plaintiff of its "money or property"—specifically, the payment of claims that defendants were obligated to pay plaintiff.

### c. The TAC Fails to Adequately Identify Each
### Defendant's Role in the Fraudulent Scheme.

Finally, the TAC still fails to address the Court's concern, *see* Order at 6, that they "have not adequately identified each defendant's role in the fraudulent scheme," which Plaintiffs admit they must do. Opp. at 17. In its Order, the Court correctly noted that Rule 9(b) "does not allow a complaint to merely lump multiple defendants together" and held that Plaintiffs did not plead sufficient facts supporting an inference that "one [Defendant] should be liable for another's fraudulent misrepresentation." *Id.* Plaintiffs have not cured this defect, requiring dismissal. *See Hunt v. Lewis*, 2021 WL 3140733, at *2 (E.D. Cal. Jul. 26, 2021).

Rather than address the concerns explicitly identified by the Court, Plaintiffs appear to advocate for a novel Rule 9(b) standard applicable only to wire and mail fraud, as distinguished from other types of fraud. *See* Opp. at 16-17. But Rule 9(b) contains no such limiting language, and Plaintiffs must adhere to its mandates. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (discussing pleading requirements for "a fraud suit involving multiple defendants"); *Zenith Ins. Co.*, 669 F. Supp. 2d at 1159 (C.D. Cal. 2009) (in a "[c]ivil RICO fraud . . . case with multiple defendants, the plaintiff must 'identify the role of each defendant in the alleged fraudulent scheme'").

As Defendants' Motion explained, Plaintiffs' TAC (like their FAC) only includes descriptions of each Defendant's general business activities, not particularized allegations of each Defendant's *role in the conspiracy alleged by Plaintiffs*. *See* Mot. at 13-14. This is plainly insufficient under Ninth Circuit case law, *see, e.g.*, *Drake v. Toyota Motor Corp.*, 2020 WL 7040125, at *11 (C.D. Cal. Nov. 23, 2020), and Plaintiffs cannot manufacture a new standard due to their inability to satisfy the well-articulated standard of this district.

DEFS.' REPLY ISO MOTION TO DISMISS PLS.' THIRTEENTH
CLAIM FOR RELIEF OF THE TAC

**C.   The TAC Fails to Allege Proximate Causation For Plaintiffs'
RICO Claim Premised on Mail and Wire Fraud.**

As an additional independent ground requiring dismissal of Plaintiffs' RICO claim premised on mail/wire fraud, Plaintiffs cannot establish that the purported acts of mail/wire fraud caused their injuries.  "To establish that an injury came about 'by reason of' a RICO violation, a plaintiff must show ***that a predicate offense*** 'not only was a 'but for' cause of his injury, but was the proximate cause as well.'" *Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 2 (2010) (emphasis added).

As explained in Defendants' Motion, the TAC offers no explanation of how the alleged communications underlying Plaintiffs' mail/wire fraud allegations could possibly have caused Plaintiffs' alleged harm, nor do they explain how anyone relied on the alleged affirmative misrepresentations.  Mot. at 14-16.  Instead, Plaintiffs appear to argue that the Court's prior ruling on proximate cause with respect to the predicate act of criminal copyright infringement can also support a finding of proximate cause for the predicate act of wire/mail fraud.  It cannot, and their RICO claim premised on wire/mail fraud must therefore fail.[7]

**D.   Plaintiffs Fail to Adequately Allege That Each Defendant
Participated in the Conduct of a RICO Enterprise.**

Finally, Plaintiffs fail to sufficiently allege that Defendants each participated in the "conduct" of a RICO "enterprise."  This Court held that "Plaintiffs must augment their allegations," which were "consistent with ordinary business activities or purposes."  Order at 8.  Plaintiffs have not done so.  Their Opposition instead spends several pages reiterating allegations from the TAC that this Court has already found insufficient, citing new materials that are improperly considered on a motion

---

[7] The Court recognized as much when it "decline[d] to decide whether Plaintiffs ha[d] adequately pleaded wire fraud proximately caused their injuries" "[g]iven deficiencies in the allegations of wire fraud, and given Defendants' lack of argument in the opening brief attacking the nexus between wire fraud and Plaintiffs' injuries." Order at 7, n.2.

to dismiss,[8] and making arguments unrelated to Defendants' contention that Plaintiffs failed to allege participation in the conduct of an enterprise.[9]

The TAC's new allegations are nothing more than a restyling of the FAC's allegations, which the Court already found to be insufficient. *See* Mot. at 16-17; Order at 7-8. Plaintiffs suggest that the "TAC addresses the Court's concerns and describes each Movants' role in the scheme and enterprise," but then proceed to once again describe ordinary business activities engaged in by each Defendant. *See* Opp. at 18-19 (reiterating allegations of ordinary business conduct). Plaintiffs then state that Defendants "used the resources, property, or facilities of the enterprise" by allegedly engaging in various business-related conduct with respect to shein.com. *Id.* at 19 (alleging that Roadget licensed shein.com to Zoetop and SDC, respectively). But Plaintiffs failed to augment their TAC with allegations *inconsistent* with ordinary business activities or purposes, *see* Order at 8, and cite *no* case law suggesting that the routine business described constitutes participation in an enterprise. Their RICO claim must be dismissed on this ground alone.

### E.   The Dismissal Should Be Without Leave to Amend.

Four chances are more than enough to provide Plaintiffs with a fair opportunity to plead a RICO claim. This time, Plaintiffs' RICO claim should be dismissed without leave to amend and with prejudice as Plaintiffs have proven unable to rectify the shortcomings of their claim through amendment. *See, e.g., Williams v. Lane*, 2015 WL 1541371 (C.D. Cal. Feb. 27, 2025); *Biddle v. Fred Meyer Stores*, 44 Fed. App'x 257, 258 (9th Cir. 2002).

---

[8] *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) ("[A] district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.").

[9] Plaintiffs' argument that "RICO liability does not . . . require that the defendant directly engage in acts of racketeering," for example, misses the point and is unrelated to Defendants' argument that Plaintiffs must adequately allege the existence of an enterprise. *See* Opp. at 17.

1

2    DATED:  May 8, 2024                    PAUL HASTINGS LLP

3

4                                            By: */s/ Steven A. Marenberg*
                                                   Steven A. Marenberg
5
                                             *Attorneys for Defendants Shein*
6                                            *Distribution Corporation, Roadget*
                                             *Business Pte. Ltd., and Zoetop Business*
7                                            *Company, Limited*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>WORD LIMIT CERTIFICATION</u>

The undersigned, counsel of record for Defendants, certifies that this brief contains 3,000 words or less, in compliance with the word limit specified in 9(d) of the *Initial Standing Order For Civil Cases Assigned to Judge Mark C. Scarsi.*

PAUL HASTINGS LLP

DATED: May 8, 2024                    By: */s/ Steven A. Marenberg*
                                                              Steven A. Marenberg