STEVEN A. MARENBERG (SB# 101033)
stevenmarenberg@paulhastings.com
SUSAN K. LEADER (SB# 216743)
susanleader@paulhastings.com
ALI R. RABBANI (SB# 253730)
alirabbani@paulhastings.com
KIAURA CLARK (SB# 336314)
kiauraclark@paulhastings.com
**PAUL HASTINGS LLP**
1999 Avenue of the Stars, 27th Floor
Los Angeles, California 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-5899

*Attorneys for Defendants Shein Distribution
Corporation, Roadget Business Pte. Ltd.,
Zoetop Business Company, Limited,
and George Chiao*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA PERRY, an individual; LARISSA MARTINEZ, an individual; JAY BARON, an individual; RACHEL PFEFFER, an individual; DIRT BIKE KIDZ, Inc., a California corporation; ESTELLEJOYLYNN, LLC, a New Jersey limited liability company; JESSICA LOUISE THOMPSON SMITH, an individual; LIV LEE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SHEIN DISTRIBUTION CORPORATION, a Delaware corporation; ROADGET BUSINESS PTE., LTD; ZOETOP BUSINESS CO., LTD; SKY XU, a/k/a CHRIS XU; and GEORGE CHIAO,<br><br>Defendants. | CASE NO. 2:23-cv-05551-MCS-JPR<br><br>**DEFENDANT GEORGE CHIAO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>Date:     August 12, 2024<br>Time:     9:00 a.m.<br>Place:    Courtroom 7C<br>Judge:    Hon. Mark C. Scarsi<br><br>Complaint filed: July 11, 2023<br><br>TAC filed: April 15, 2024 |

# TABLE OF CONTENTS

**Pages**

I.    INTRODUCTION ...................................................................................1

II.   RELEVANT FACTUAL ALLEGATIONS ...........................................3

    A.    The Parties: Plaintiffs, Shein, and Mr. Chiao...................................3

    B.    Plaintiffs' Claims Against Mr. Chiao................................................4

III.  LEGAL STANDARD ............................................................................4

IV.   PLAINTIFFS' RICO CLAIM SHOULD BE DISMISSED FOR
     FAILURE TO STATE A CLAIM............................................................5

    A.    Plaintiffs Fail to Plausibly Allege That Mr. Chiao Committed
       Any Predicate Acts of Racketeering. .................................................5

       1.    Plaintiffs Fail to Allege a Predicate Act of Criminal
          Copyright Infringement Against Mr. Chiao. ...........................5

       2.    Plaintiffs Fail to Allege That Mr. Chiao Committed Mail
          or Wire Fraud...........................................................................7

    B.    Plaintiffs Fail to Plausibly Allege That Mr. Chiao  Participated
       in the Conduct of a RICO Enterprise. ...............................................8

       1.    Plaintiffs Fail to Adequately Allege The Existence  of an
          Association-in-Fact Enterprise. ................................................9

       2.    Plaintiffs Do Not Adequately Allege That Mr. Chiao
          Participated in the Conduct of Any RICO Enterprise. .............10

V.    PLAINTIFFS' INFRINGEMENT CLAIMS AGAINST MR. CHIAO
     MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM ..............11

VI.   CONCLUSION .....................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aardwolf Indus., LLC v. Abaco Machs. USA, Inc.*,
 No. CV 16-1968-GW(JEMx), 2016 WL 11497538 (C.D. Cal. Aug.
 11, 2016)..................................................................................................11

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .................................................................................4

*Bassett v. Jensen*,
 459 F. Supp. 3d 293 (D. Mass. 2020)......................................................5

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ..............................................................................4, 5

*Carson v. Verismart Software*,
 No. C 11–03766 LB, 2012 WL 1038662 (N.D. Cal. Mar. 27, 2012) ...............12

*Davis v. Metro Prods., Inc.*,
 885 F.2d 515 (9th Cir. 1989) ..................................................................12

*Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*,
 No. CV 15-769 PSG, 2015 WL 12731929 (C.D. Cal. May 8, 2015) ...........3, 11

*Drake v. Toyota Motor Corp.*,
 No.: 2:20-cv-01421-SB-PLA, 2020 WL 7040125 (C.D. Cal. Nov.
 23, 2020).................................................................................................8

*Ferrari v. Mercedes-Benz USA, LLC*,
 No. 15-cv-04379-YGR, 2016 WL 7188030 (N.D. Cal. Dec. 12,
 2016)...................................................................................................7, 11

*Fonovisa, Inc. v. Cherry Auction, Inc.*,
 76 F.3d 259 (9th Cir. 1996) ....................................................................12

*Globefill Inc. v. Elements Spirits, Inc.*,
 No. 10-CV-2034 CBM (PLAx), 2014 WL 12554236, (C.D. Cal.
 Mar. 17, 2014) (alterations added), *aff'd*, 640 F. App'x 682 (9th
 Cir. 2016)...............................................................................................12

DEF. GEORGE CHIAO'S MEM. OF P. & A. ISO MOTION TO DISMISS PLS.' TAC

*In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*,
   497 F. Supp. 3d 552 (N.D. Cal. 2020)......................................................................10

*Mattel, Inc. v. MGA Ent., Inc.*,
   782 F. Supp. 2d 911 (C.D. Cal. 2011) ....................................................................6

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
   521 F.3d 1097 (9th Cir. 2008) ..............................................................................4

*Novell, Inc. v. Unicom Sales, Inc.*,
   2004 WL 1839117 (N.D. Cal. Aug. 17, 2004) ......................................................12

*Rae v. Union Bank*,
   725 F.2d 478 (9th Cir. 1984) ..............................................................................8

*Reves v. Ernst & Young*,
   507 U.S. 170 (1993) ....................................................................................2, 10

*Ripple Labs Inc. v. YouTube LLC*,
   No. 20-cv-02747-LB, 2020 WL 6822891 (N.D. Cal. Nov. 20, 2020)..............12

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ..............................................................................5

*United States v. Miller*,
   953 F.3d 1095 (9th Cir. 2020) ..............................................................................2

*In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*,
   865 F. Supp. 2d 1002 (C.D. Cal. 2011) ...........................................................1, 5

*Woodell v. Expedia Inc.*,
   No. C19-0051JLR, 2019 WL 3287896 (W.D. Wash. July 22, 2019)............9, 10

**Statutes**

18 United States Code § 1341 ....................................................................................2

18 United States Code § 1961 ....................................................................................8

18 United States Code § 1962 ...............................................................................8, 10

**Other Authorities**

Racketeer Influenced and Corrupt Organizations Act ....................................*passim*

## I.    __INTRODUCTION__

Plaintiffs' Third Amended Complaint ("TAC") attempts to drag George Chiao, the President of Shein Distribution Corporation ("SDC"), into this case as part of Plaintiffs' continuing quest to expand the bounds of RICO liability.  But the TAC's sparse allegations against Mr. Chiao do nothing more than describe the routine business activities of a top-level executive.  The conduct alleged—(i) filing standard corporate documents with two Secretary of State offices; (ii) serving as an executive at Shein companies; (iii) participating in a Zoom call with Cassey Ho, a social media influencer who is *not* one of the Plaintiffs in this action, wherein he allegedly told her that Shein[1] did not steal her designs; and (iv) maintaining a LinkedIn profile that does not include some of his past positions—does not reflect any wrongdoing or illegal activity, much less racketeering activity, by Mr. Chiao.

In addition to the grounds for dismissal detailed in the Shein Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss (ECF No. 57-1), which are applicable to all defendants in this case and as to which Mr. Chiao joins in full,[2] several independent grounds exist to dismiss the RICO claim asserted against Mr. Chiao individually.  They are as follows:

- Plaintiffs fail to adequately allege a pattern of racketeering activity by Mr. Chiao.  The law requires Plaintiffs to plausibly allege that *each* defendant committed at least two predicate acts of racketeering activity to establish a RICO violation.  *See, e.g.*, *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 865 F. Supp. 2d 1002, 1035-36 (C.D. Cal. 2011) ("Where RICO is asserted against multiple defendants, a plaintiff must allege at least two predicate acts by *each* defendant.").  The TAC does not adequately allege

---

[1] Defendants SDC, Roadget Business Pte. Ltd. ("Roadget"), and Zoetop Business Co., Ltd. ("Zoetop") are referred to herein as "Shein" or the "Shein Defendants."

[2] To avoid burdening the Court with duplicative briefs, Mr. Chiao has not repeated those arguments in this brief, but refers the Court to ECF No. 57-1, which is incorporated by reference herein.

that Mr. Chiao committed *any* predicate acts, let alone criminal copyright infringement or mail and wire fraud.[3]  Rather, Plaintiffs allege only that Mr. Chiao performed the routine business functions of a high-level executive, which is insufficient to state a RICO claim against him.

- Plaintiffs fail to sufficiently allege that Mr. Chiao conducted or participated in the conduct of a RICO enterprise.  This Court recognized in its prior dismissal of Plaintiffs' RICO claim that allegations of "ordinary business activities or purposes" are insufficient to plead the existence of an association-in-fact enterprise.   ECF. No. 39 at 8 (quoting *Woodell v. Expedia Inc.*, No. C19-0051JLR, 2019 WL 3287896, at *8 (W.D. Wash. July 22, 2019)).  But, as noted above, that is all Plaintiffs allege with respect to Mr. Chiao's role in the purported enterprise.  Moreover, the TAC does nothing to specifically allege that Mr. Chiao participated in the "operation or management" of the alleged enterprise itself, which is required to state a RICO claim against a corporate executive based on the conduct of the enterprise. *See Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993); *see also id.* ("liability depends on showing that the defendants conducted or participated in the conduct of the '*enterprise*'s affairs,' not just [his] *own* affairs").

In addition to the flawed RICO claim, Plaintiffs' claims of copyright and trademark infringement against Mr. Chiao must also be dismissed.  The TAC simply fails to include *any* allegations regarding Mr. Chiao's own involvement in the purported copyright and trademark infringement, let alone that he "authorize[d],"

---

[3] In their TAC, Plaintiffs include both mail and wire fraud as predicate acts.  Because the standard for mail and wire fraud are effectively the same, Mr. Chiao addresses them as one for purposes of this Motion. *See United States v. Miller*, 953 F.3d 1095, 1101 n.5 (9th Cir. 2020) ("Although Walters was prosecuted under the mail fraud statute, 18 U.S.C. § 1341, courts typically interpret the mail and wire fraud statutes the same way, as their language is largely identical.").

DEF. GEORGE CHIAO'S MEM. OF P. & A. ISO MOTION TO DISMISS PLS.' TAC

1    "direct[ed]," or "participate[d]" in the alleged infringement as required to state a

2    claim against him.  *See Deckers Outdoor Corp. v. Fortune Dynamic, Inc*., No. CV

3    15-769 PSG (SSx), 2015 WL 12731929, at *8 (C.D. Cal. May 8, 2015).

4    **II.    RELEVANT FACTUAL ALLEGATIONS**

5           For purposes of this motion, the most pertinent allegations of the TAC are as

6    follows:[4]

7           **A.    The Parties: Plaintiffs, Shein, and Mr. Chiao**

8           The TAC's allegations regarding Mr. Chiao are notably sparse.  The TAC

9    alleges that Mr. Chiao "is the President of SDC and oversees the company's

10   operations and human resources," and "[s]everal public filings state that [Mr.] Chiao

11   is the President of SDC." *Id.* ¶¶ 24, 83.  Plaintiffs also allege that Mr. Chiao is "the

12   President of Shein Technology LLC ('Shein Tech') and the manager of Style Link

13   Logistics LLC ('Style Link')," both of which "are part of SHEIN," *id.* ¶ 24.  *See also*

14   *id.* ¶¶ 90, 95.  Plaintiffs further allege that Mr. Chiao did not list his positions at Shein

15   Tech or Style Link on his LinkedIn profile.  *Id.* ¶ 116.

16          The TAC's allegations about Mr. Chiao's individual purported conduct are

17   even more threadbare.  Plaintiffs allege that Mr. Chiao filed several corporate

18   documents on behalf of SDC, Shein Tech, and Style Link in his capacity as a

19   corporate officer, including: (i) a notice of change of principal address on behalf of

20   Style Link, *id.* ¶¶ 91, 116; (ii) Articles of Organization on behalf of Style Link, *id.* ¶

21   116; (iii) a Statement of Information on behalf of SDC, *id.*; (iv) a foreign registration

22   statement on behalf of Shein Tech, *id.*; and (v) a Business Entity Report on behalf of

23   Style Link, *id.*  Plaintiffs also allege that Mr. Chiao signed "a declaration in support

24   of [Shein Fashion Group, Inc.'s] motion to dismiss" in an unrelated lawsuit. *Id.* ¶ 86.

25

26   _____

     [4] As required by Rule 12, Mr. Chiao takes these allegations as true for purposes of
27   this Motion.  At bottom, however, the TAC is riddled with allegations that are
     demonstrably false or presented in a manner that divorces them from the truth.  But
28   that is a matter for another day.

And, finally, Plaintiffs further allege that Mr. Chiao spoke with Cassey Ho, a social media influencer who alleged that Shein had "stolen her designs," and told her that "SHEIN did not steal her designs, that SHEIN is just a marketplace, [that Shein] has no idea whether third-party sellers have stolen designs … [and] that SHEIN was doing nothing illegal." *Id.* ¶ 116.  That's it; nothing more.

### B.   Plaintiffs' Claims Against Mr. Chiao

Based on these factual allegations, Plaintiffs purport to assert a RICO claim against Mr. Chiao by alleging predicate acts of criminal copyright infringement and mail and wire fraud.  TAC ¶¶ 108-120.  But there are no specific allegations that Mr. Chiao himself was in any way involved in the commission of the alleged predicate acts.  Rather, the TAC conclusorily alleges that Mr. Chiao "individually conducted, participated in, engaged in, and operated and managed the affairs of SDC, SFG, Roadget, Zoetop, Guangzhou, Style Link, or Shein Tech through a pattern of racketeering activity" consisting of "acts of criminal copyright infringement [] and wire fraud[.]"  *Id.* ¶ 212.  But the TAC's only specific allegations pertaining to Mr. Chiao relate to his routine business activities as a top-level executive, and do not allege any activity by Mr. Chiao that could conceivably constitute criminal copyright infringement or mail and wire fraud, let alone the operation or management of a RICO enterprise.  *See supra* Section II(A).

Plaintiffs also attempt to assert eleven copyright and trademark infringement claims against Mr. Chiao.  TAC ¶¶ 121-209.  But notably absent from the TAC is any allegation that Mr. Chiao was personally involved in the purported infringement.

### III.   LEGAL STANDARD

Under Rule 12(b)(6), dismissal is required where the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citation omitted).  Whether a complaint contains sufficient factual matter turns on whether the claim stated is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (internal citations omitted).

## IV.   PLAINTIFFS' RICO CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

To state a civil RICO claim, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to the plaintiff's business or property. *Swartz v. KPMG LLP*, 476 F.3d 756, 760-61 (9th Cir. 2007). In addition to the arguments set forth in the Shein Defendants' Motion to Dismiss, which show that the TAC fails to adequately allege the elements of conduct, enterprise, racketeering activity, and causation with respect to *any* Defendant, ECF No. 57-1 at 11-23, Plaintiffs' TAC also fails to sufficiently allege a RICO violation against Mr. Chiao individually for several independent reasons.

### A.   Plaintiffs Fail to Plausibly Allege That Mr. Chiao Committed Any Predicate Acts of Racketeering.

Plaintiffs must allege that *each* defendant committed at least two predicate acts of racketeering activity to establish a RICO violation. *See, e.g.*, *In re WellPoint*, 865 F. Supp. 2d at 1035-36. The TAC, however, fails to allege that Mr. Chiao committed *any* predicate act of racketeering activity. This alone necessitates the dismissal of the RICO claim against him.

#### 1.   Plaintiffs Fail to Allege a Predicate Act of Criminal Copyright Infringement Against Mr. Chiao.

As explained in the Shein Defendants' Motion to Dismiss, Plaintiffs must plausibly allege that Defendants "willfully" infringed Plaintiffs' copyrights to establish a predicate act of criminal copyright infringement. ECF No. 57-1 at 12-13.

1    This requires Plaintiffs to allege that a defendant acted with the "specific intent" to

2    violate a person's copyright.  *Id.* (citing *United States v. Liu*, 731 F.3d 982, 989-90

3    (9th Cir. 2013); *Bassett v. Jensen*, 459 F. Supp. 3d 293, 314 (D. Mass. 2020) (finding

4    defendants' conduct did not rise to the level of criminal copyright infringement,

5    which requires that a defendant "specifically intended to violate someone's

6    copyright"); *Stewart v. Wachowski*, No. CV 03-2873 MMM (VBKx), 2005 WL

7    6184235, at *6 n.33 (C.D. Cal. June 14, 2005) ("conditions of mind may be averred

8    generally, plaintiff must, nonetheless, specifically allege the events which give rise

9    to a strong inference that defendants had knowledge of their wrongful conduct,

10    misrepresentations, or omissions.")).

11        The TAC comes nowhere close to sufficiently alleging that Mr. Chiao acted

12    with a specific intent to violate anyone's copyright.  The criminal copyright claim in

13    the TAC, like previous versions of the complaint, is premised upon Plaintiffs'

14    speculation that Shein employs the use of a secretive computer "algorithm" that

15    independently "spits out a design, which is likely to be an infringement[.]"  *See, e.g.*,

16    TAC ¶ 43.  Plaintiffs then conclusorily allege, without any factual support, that "the

17    algorithm is *Defendants'* purposeful creation."  *See id.* ¶ 37 (emphasis added).  But

18    the TAC contains absolutely no allegation that *Mr. Chiao* had any personal role in

19    creating, implementing, or otherwise using the algorithm.  And the TAC contains no

20    other allegations from which the Court may infer a specific intent by Chiao to violate

21    Plaintiffs' copyrights.  *See supra* Section II(A).  Absent allegations that Mr. Chiao

22    himself willfully infringed Plaintiffs' copyrights, Plaintiffs cannot establish that Mr.

23    Chiao committed criminal copyright infringement.  *See Mattel, Inc. v. MGA Ent.,*

24    *Inc.*, 782 F. Supp. 2d 911, 1039 (C.D. Cal. 2011) (criminal copyright infringement

25    not sufficiently alleged as to former Mattel employee because he "merely worked for

26    MGA Mexico and distributed Bratz products; there is no allegation that he

27    participated in MGA's alleged acts of infringement of the Bratz works" and "no

28

1   reasonable fact-finder could conclude that Machado *willfully* infringed any

2   copyrights in these items").

3               **2.     Plaintiffs Fail to Allege That Mr. Chiao**

4                        **Committed Mail or Wire Fraud.**

5               Additionally, Plaintiffs fail to allege that Mr. Chiao committed any act of mail

6   or wire fraud.  As discussed in the Shein Defendants' Motion to Dismiss, plaintiffs

7   asserting a violation of the wire fraud statute are required to plead "particularized

8   allegations" of "the factual circumstances of the fraud itself."  ECF No. 57-1 at 16.

9   This requires that Plaintiffs identify, at a minimum, the "who, what, when, where,

10  and how" of the fraud, "as well as what is false or misleading about" it, and "why it

11  is false[.]"  *Id.*

12              Even setting aside the fact that Plaintiffs have not alleged a scheme to defraud

13  (*see* ECF No. 57-1 at 14-16), Plaintiffs have not detailed *any* alleged act of fraud

14  perpetrated by Mr. Chiao himself, let alone with the requisite particularity.  Plaintiffs

15  allege merely that Chiao is a corporate officer (and that his LinkedIn profile reflected

16  as much),[5] that he filed a declaration and routine corporate statements, and that he

17  allegedly told a social media influencer who is not a party to this case that Shein "was

18  doing nothing illegal" when she alleged that Shein infringed upon her designs.  *See*

19  TAC ¶¶ 24, 83, 86, 88, 90-91, 95, 116.  These allegations, even if true, cannot support

20  a reasonable inference that Mr. Chiao committed or facilitated any fraud or deception.

21  *See* Dkt. 57-1 at 17-19; *see also Ferrari v. Mercedes-Benz USA, LLC*, No. 15-cv-

22  04379-YGR, 2016 WL 7188030, at *4 (N.D. Cal. Dec. 12, 2016) ("Even if these

23  allegations were sufficient to state that [individual officers] played a role in a RICO

24  enterprise, distinct from their simply being officers of the alleged enterprise at the

25  ───────────────

26  [5] Plaintiffs allege that Chiao's LinkedIn profile "omits any reference to his roles at
    Style Link or Shein Tech, enabling SHEIN to foster the illusion that Style Link and
27  Shein Tech are independent of SDC," *see* TAC ¶ 116, but it is unclear how such an
    omission—even if true—could possibly be fraudulent or deceptive for purposes of
28  the wire fraud statute.  *See* Mot. to Dismiss at 17-19.

1   time, the SAC does not allege with specificity the predicate acts of wire fraud and

2   mail fraud, or specifics about how [the officers] participated in that conduct.").

3       Nor do Plaintiffs specify Mr. Chiao's role in the allegedly fraudulent scheme,

4   as is required to state a claim for wire fraud under Rule 9(b). *See* Dkt. 57-1 at 17.

5   As with the other Shein Defendants, the TAC only includes descriptions of Mr.

6   Chiao's general business activities. *See* TAC at ¶¶ 24, 83, 86, 88, 90-91, 95, 116.

7   This is wholly insufficient. *Drake v. Toyota Motor Corp.*, No. 2:20-cv-01421-SB-

8   PLA, 2020 WL 7040125, at *11 (C.D. Cal. Nov. 23, 2020) ("Though the Plaintiffs

9   no doubt 'describe with sufficiently particularized detail the operations and the role

10  of each Defendant' within Toyota, Plaintiffs fail to provide detailed allegations of[]

11  the various roles *played in the alleged conspiracy*.") (citations omitted).

12      **B.    Plaintiffs Fail to Plausibly Allege That Mr. Chiao**

13           **Participated in the Conduct of a RICO Enterprise.**

14      To state a RICO claim against Mr. Chiao, Plaintiffs must also allege that he

15  "conduct[ed] or participate[d], directly or indirectly, in the conduct" of an enterprise.

16  18 U.S.C. § 1962(c).  The term "enterprise" includes "any individual, partnership,

17  corporation, association, or other legal entity, and any union or group of individuals

18  associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

19      In their Twelfth Claim for Relief, Plaintiffs allege that Mr. Chiao conducted or

20  participated in the conduct of two alternative RICO enterprises: (i) an

21  association-in-fact enterprise that includes Mr. Chiao, among other members; and

22  (ii) several distinct "legal entity" enterprises.[6]  TAC ¶¶ 211-212.  But, for the reasons

23  discussed below, Plaintiffs have failed to adequately allege the existence of an

24

25  _____

26  [6] To the extent Plaintiffs allege that Mr. Chiao himself is an enterprise (TAC ¶ 213),
    Plaintiffs' RICO claim against Mr. Chiao fails for the simple reason that a RICO

27  enterprise cannot also be a RICO defendant. *See Rae v. Union Bank*, 725 F.2d 478,
    481 (9th Cir. 1984) (holding that a RICO enterprise "cannot also be the RICO

28  defendant").

1    association-in-fact enterprise or that Mr. Chiao conducted or participated in the
2    conduct of *any* purported enterprise.

3    **1.    Plaintiffs Fail to Adequately Allege The Existence**
4    **of an Association-in-Fact Enterprise.**

5        Plaintiffs have not adequately alleged the existence of an association-in-fact
6    enterprise.  TAC ¶ 211.  To plead an association-in-fact enterprise, a plaintiff must
7    allege that the association "(1) has a common purpose, (2) is an ongoing organization,
8    and (3) its various associates function as a continuing unit."  *Woodell*, 2019 WL
9    3287896, at *7 (citing *Odom v. Microsoft Corp.*, 486 F.3d 541, 552-53 (9th Cir.
10   2007)).  However, "[a]llegations that are consistent with ordinary business activities
11   or purposes are insufficient when pleading an association-in-fact RICO enterprise."
12   *Id.* at *8 (citation omitted).  Indeed, this Court has already dismissed Plaintiffs' RICO
13   claim once before because Plaintiffs' enterprise allegations were "too sparsely
14   pleaded for at least some of the alleged members of the enterprise" and were
15   "consistent with ordinary business activities or purposes."  ECF No. 39 at 8 (citing
16   *Woodell*, 2019 WL 3287896, at *8; *Neerman v. Cates*, No. CV 22-2751 PA (PVCx),
17   2022 WL 18278377, at *6 (C.D. Cal. Dec. 28, 2022)).  As explained in the Shein
18   Defendants' Motion to Dismiss, the TAC does nothing to remedy this fatal flaw.
19   ECF No. 57-1 at 16-17.

20       Plaintiffs' addition of Mr. Chiao does not change the outcome.  There are
21   simply no facts alleged to support Plaintiffs' assertion that Mr. Chiao shares a
22   common purpose of "advancing SHEIN's business of selling clothing and apparel
23   and enabling SHEIN to misappropriate and profit from the intellectual property of
24   others with impunity."  *See* TAC ¶ 211.  To the contrary, the TAC merely alleges
25   that Mr. Chiao engaged in ordinary business activities as an executive at a global
26   group of affiliated companies.  Specifically, Plaintiffs allege that: Mr. Chiao filed
27   basic corporate documents on behalf of SDC, Shein Tech, and Style Link, *id.* ¶¶ 86,
28   90-91, 116; Mr. Chiao had a Zoom call with a non-party social media influencer,

1   wherein he allegedly told her that Shein did not steal her designs, *id.* ¶ 116; and Mr.

2   Chiao maintains a LinkedIn profile that references his role at SDC but not his roles

3   at Style Link or Shein Tech, *id.* ¶ 116.  Consistent with this Court's prior ruling, such

4   allegations of "ordinary business activities or purposes" are insufficient to plead the

5   existence of an association-in-fact enterprise.  ECF No. 39 at 8.

6           **2.     Plaintiffs Do Not Adequately Allege That Mr. Chiao**

7                   **Participated in the Conduct of Any RICO Enterprise.**

8           Plaintiffs have also failed to sufficiently allege that Mr. Chiao "conduct[ed] or

9   participate[d] in the conduct" of *any* alleged enterprise.  18 U.S.C. § 1962(c).  To

10  plead this element, Plaintiffs must allege that Mr. Chiao "participate[d] in the

11  operation or management of the enterprise itself."  *Reves*, 507 U.S. at 185; *see also*

12  *id.* ("liability depends on showing that the defendants conducted or participated in

13  the conduct of the '*enterprise's* affairs,' not just their *own* affairs"); *Woodell*, 2019

14  WL 3287896, at *8 (the "conduct" element requires a plaintiff to allege that a

15  defendant has "some part in the directing of the enterprise's affairs") (citation

16  omitted).

17          Here, however, the TAC is devoid of any specific allegations that Mr. Chiao

18  participated    in    the    "operation    or    management"    of    the    purported

19  association-fact-enterprise or legal entity enterprises themselves.  Aside from the

20  bald allegations that Mr. Chiao "oversees [SDC's] operations and human resources"

21  and serves as the President of Shein Tech and the manager of Style Link, TAC ¶ 24,

22  there are simply no allegations that Mr. Chiao played any part in directing the affairs

23  of the alleged enterprises. [7]   To the contrary, as discussed above, Plaintiffs'

24  allegations merely show that Mr. Chiao carried out ordinary business functions that

25  had no connection whatsoever to the alleged conduct of the purported enterprises.

26  _____

27  [7] In fact, there are no allegations at all tying Mr. Chiao to most of the alleged "legal
    entity" enterprises, including Shein Fashion Group, Inc., Roadget, Zoetop,

28  Guangzhou Shein International Import & Export Co. Ltd., and Fashion Marketing
    and Merchandising Group, Inc.  *See* TAC ¶ 212.

These mundane and generalized allegations fall far short of showing that Mr. Chiao somehow participated in the operation or management of any alleged enterprise. *See, e.g.*, *In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*, 497 F. Supp. 3d 552, 609 (N.D. Cal. 2020) ("The Other Director Defendants can be held liable only if they personally participated, authorized, or directed specific fraudulent acts or under RICO conducted or directed specific acts of the distinct Enterprise separate and apart from routine business conducted by the Directors as a consequence of their positions on the Board. Those sorts of acts have not been adequately alleged.").

Plaintiffs' suggestion otherwise would threaten to turn every corporate officer into a RICO defendant for merely performing the functions associated with their job. *See, e.g.*, *Ferrari*, 2016 WL 7188030, at *3 ("[H]ere the allegations simply imply that any CEO could be a proper RICO 'person' if the corporation is engaged in fraudulent conduct that involves the use of the wires or mail. Even a liberal reading of the RICO pleading requirements is stretched to the breaking point with such a theory."). This Court should decline to entertain such an expansive reading of RICO.

## V. PLAINTIFFS' INFRINGEMENT CLAIMS AGAINST MR. CHIAO MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

Plaintiffs also assert eleven causes of action for copyright and/or trademark infringement against all Defendants, including Mr. Chiao. *See* TAC (Counts I-XI). But notably absent from the TAC are any allegations from which this Court could find Mr. Chiao personally liable for such infringement.

It is well established that a corporate officer may not be held personally liable for a corporation's alleged misconduct simply by virtue of being an officer of the company and performing the associated job duties. *See Deckers*, 2015 WL 12731929, at *9. To the contrary, a corporate officer may only be personally liable for a tort that "he authorizes or directs or in which he participates[.]" *Id.* at *8. In the Ninth Circuit, "[c]ases which have found personal liability on the part of corporate officers have typically involved instances where the defendant was the 'guiding spirit' behind

the wrongful conduct . . . or the 'central figure' in the challenged corporate activity."[8] *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 523 n.10 (9th Cir. 1989) (citation omitted); *see also Novell, Inc. v. Unicom Sales, Inc.*, 2004 WL 1839117, at *17 (N.D. Cal. Aug. 17, 2004) ("corporate officers, shareholders, and employees are personally liable for the corporation's copyright and trademark infringements when they are a 'moving, active conscious force' behind the corporation's infringement") (citations omitted).

Here, there are *no* allegations that Mr. Chiao "authorize[d]," "direct[ed]," or "participate[d]" in the alleged copyright or trademark infringement, let alone that he was the "guiding spirit" behind the alleged copyright or trademark infringement. In fact, there are no specific allegations tying Mr. Chiao to Plaintiffs' copyright or trademark infringement claims at all. Accordingly, Plaintiffs' claims of copyright and trademark infringement against Mr. Chiao must be dismissed.[9] *See Carson v.*

---

[8] For instance, courts have found officers personally liable where an officer: "in his own personal name, displayed [the infringing Logo] on his trademark application," sought to register [the Marks] "in an attempt to interfere with Plaintiff's business," and was "the sole owner of [the companies] which [sold] products bearing Plaintiff's Marks and the Logo," *see Aardwolf Indus., LLC v. Abaco Machs. USA, Inc.*, No. CV 16-1968-GW(JEMx), 2016 WL 11497538, at *5 (C.D. Cal. Aug. 11, 2016); and where an officer "designed Defendants' [allegedly infringing] tequila bottles; and [] oversaw the marketing and sale of [the allegedly infringing] Tequila during her tenure in charge of the company," *see Globefill Inc. v. Elements Spirits, Inc.*, No. 10-CV-2034 CBM (PLAx), 2014 WL 12554236, at *6 (C.D. Cal. Mar. 17, 2014) (alterations added), *aff'd,* 640 F. App'x 682 (9th Cir. 2016).

[9] In their Motion for Leave to File the TAC, Plaintiffs suggested that Mr. Chiao might be held liable for copyright infringement if he has a "direct financial interest in [the infringement]." *See* ECF No. 48 at 7 (citing *Fonovisa, Inc. v. Cherry Auction, Inc.,* 76 F.3d 259, 262 (9th Cir. 1996)). As an initial matter, *Fonovisa* is inapposite, as it discusses "a principle for enforcing copyrights against a defendant whose economic interests were intertwined with the direct infringer's, *but who did not actually employ the direct infringer*." *Fonovisa*, 76 F.3d at 262 (emphasis added). Secondly, no facts creating a "direct financial interest" on Mr. Chiao's part are alleged in the TAC, nor could a direct financial interest arise from the mere allegation that Mr. Chiao is an executive of certain of the Defendants.

Plaintiffs' Motion for Leave also appeared to suggest that Mr. Chiao could be "contributorily liable for trademark infringement." ECF No. 48 at 7. As an initial

DEF. GEORGE CHIAO'S MEM. OF P. & A. ISO MOTION TO DISMISS PLS.' TAC

*Verismart Software*, No. C 11–03766 LB, 2012 WL 1038662, at *5 (N.D. Cal. Mar. 27, 2012) (dismissing copyright infringement claims against individual defendants, as complaint allegations did "not permit a reasonable inference that the … individual defendants were the moving forces behind the alleged infringement").

## VI.  CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' TAC against Mr. Chiao with prejudice.

DATED:  June 17, 2024                     PAUL HASTINGS LLP


                                          By: /s/ Steven A. Marenberg
                                              Steven A. Marenberg

                                          *Attorneys for Defendants Shein Distribution Corporation, Roadget Business Pte. Ltd., Zoetop Business Company, Limited, and George Chiao*

---

matter, there is no contributory infringement claim even raised in the TAC.  But even if such a claim was raised, Plaintiffs cannot state a claim of contributory trademark infringement against Mr. Chiao.   To be liable for contributory trademark infringement, "a defendant must have (1) intentionally induced the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied." *Ripple Labs Inc. v. YouTube LLC*, No. 20-cv-02747-LB, 2020 WL 6822891, at *3 (N.D. Cal. Nov. 20, 2020) (citation omitted).  Plaintiffs' allegations against Mr. Chiao come nowhere close to meeting this standard.

DEF. GEORGE CHIAO'S MEM. OF P. & A. ISO MOTION TO DISMISS PLS.' TAC

1

## **L.R. 11-6.1 CERTIFICATION**

2

3

    The undersigned, counsel of record for Defendants, certifies that this brief contains 4,337 words, which complies with the word limit of L.R. 11-6.1.

4

5                                                         PAUL HASTINGS LLP

6

7    DATED: June 17, 2024                    By: */s/ Steven A. Marenberg*
                                                       Steven A. Marenberg
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEF. GEORGE CHIAO'S MEM. OF P. & A. ISO MOTION TO DISMISS PLS.' TAC