**GLUCK LAW FIRM**
Jeffrey S. Gluck (SBN 304555)
jeff@gluckip.com
16950 Via De Santa Fe
Rancho Santa Fe, CA 92067
Telephone: 310 776 7413

**WOOLLS PEER DOLLINGER & SCHER P.C.**
ANTOINETTE WALLER (SBN 152895)
awaller@wpdslaw.com
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089
Telephone: (213) 629-1600
Facsimile: (213) 629-1660

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KRISTA PERRY, an individual; LARISSA MARTINEZ an individual; JAY BARON an individual; RACHEL PFEFFER, an individual; DIRT BIKE KIDZ, Inc., a California corporation; ESTELLEJOYLYNN, LLC, a New Jersey limited liability company; JESSICA LOUISE THOMPSON SMITH, an individual; LIV LEE, an individual; , <br><br> Plaintiffs, <br><br> v. <br><br> SHEIN DISTRIBUTION CORPORATION, a Delaware corporation; ROADGET BUSINESS PTE. LTD; ZOETOP BUSINESS CO., LTD.; SKY XU, a/k/a, CHRIS XU; and GEORGE CHIAO., <br><br> Defendants. | Case No. 2:23-cv-05551-MCS-JPR <br> Hon. Mark C. Scarsi <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT GEORGE CHIAO'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT** <br><br> **DATE:**   **August 12, 2024** <br> **TIME:**   **9:00 a.m.** <br> **PLACE:**   **Courtroom 7C** <br> **JUDGE:**   **Hon. Mark C. Scarsi** |

1132336.1

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ............................................................................................. 1

II.   PLAINTIFFS STATE A RICO CLAIM AGAINST CHIAO ........................... 3

      A.    Plaintiffs Allege An Enterprise. ...................................................... 4

      B.    Plaintiffs Allege That Chiao Conducted the Affairs of an
            Enterprise. ......................................................................................... 5

      C.    Plaintiffs Allege Acts of Racketeering ............................................. 7

            1.    Plaintiffs Allege that Chiao Committed Acts of Mail/Wire
                  Fraud. ...................................................................................... 7

                  a.    Plaintiffs Allege a Scheme to Defraud. .................... 8

                  b.    Chiao Used the Mail/Wires in Furtherance of the
                        Scheme........................................................................ 9

            2.    Plaintiffs Have Adequately Alleged Criminal Copyright
                  Infringement......................................................................... 13

III.  PLAINTIFFS HAVE STATED INFRINGEMENT CLAIMS AGAINST
      CHIAO........................................................................................................ 17

IV.   CONCLUSION .......................................................................................... 19

Woolls Peer Dollinger & Scher
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089

1

[PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS]

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Andrews Farms v. Calcot, Ltd.*,
  527 F. Supp.2d 1239, 1257 (E.D. Cal. 2007)..............................................4

*Baumer v. Pachl*,
  8 F.3d 1341, 1344 n.4 (9th Cir. 1993) ......................................................3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 570 (2007)............................................................................1

*Brandon Apparel Grp., Inc. v. Quitman Mfg. Co.*,
  52 F. Supp. 2d 913, 920 (N.D. Ill. 1999)..................................................9

*Brauer v. ExamOne World Inc.*,
  683 F. Supp.3d 1054, 1058 (C.D. Cal. 2023) ........................................5, 6

*Carson v. Verismart Software*,
  No. C 11-03766 LB) 2012 WL 1038662, at *5–6. (N.D. Cal., Mar. 27, 2012) .......14

*Casperone v. Landmark Oil & Gas Corp.*,
  819 F.2d 112, 115 (5th Cir. 1987)............................................................10

*Cedric Kushner Promotions, Ltd. v. King*,
  533 U.S. 158, 163 (2001)............................................................................3

*Deckers Outdoor Corporation v. Fortune Dynamic, Inc.*
  No. CV 15-769 PSG (SSx), 2015 WL 12731929, at *8 (C.D. Cal., May 8, 2015)..15

*Eclectic Prop. East, LLC v. Marcus & Millichap Co.*,
  751 F.3d 990, 997 (9th Cir. 2014................................................................5

*Ferrari v. Mercedes-Benz USA, LLC*,
  2016 WL 7188030, *3 (N.D. Cal. Dec. 12, 2016)......................................4

*GE Investment Private Placement Partners II v. Parker*,
  247 F.3d 543, 548 (4th Cir. 2001)..............................................................9

*Handeen v. Lemaire*,
  112 F.3d 1339, 1349 (8th Cir. 1997) .........................................................4

*In re Chrysler*,
  295 F. Supp.3d 927, 980 (N.D. Cal. 2018) ................................................2

*In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*,
  865 F. Supp.2d 1002 (C.D. Cal. 2011) ...............................................11, 13

*In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*,
  601 F. Supp.3d 625, 737 (C.D. Cal. 2022) ................................................1

*Jaguar Cars. Inc. v. Royal Oaks Motor Car Co., Inc.*,
   46 F.3d 258, 261 (9th Cir. 1995)................................................................4

*Ketayi v. Health Enrollment Group*,
   516 F. Supp.3d 1092, 1133 (S.D. Cal. 2021)..........................................10

*Lerner v. Colman*,
   26 F.4th 71, 79 (1st Cir 2022).....................................................................9

*Migliaccio v. Midland Nat. Life Ins. Co.*,
   2007 WL 316873, *12 (C.D. Cal. Jan. 30, 2007) ...................................10

*Norstar Bank v. Pepitone*,
   742 F. Supp. 1209, 1212 (E.D.N.Y. 1990) .................................................9

*Novell, Inc. v. Unicom Sales, Inc.*
   2004 WL 1839117, at *17 (N.D. Cal., Aug. 17, 2004, No. C-03-2785 MMC) .......14

*Odom v. Microsoft Corp.*,
   486 F.3d 541, 548 (9th Cir. 2007)..............................................................1

*Painters and Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co.,
   Ltd.*, 943 F.3d 1243, 1248 (9th Cir. 2019) ...............................................1

*Pereira v. United States*,
   347 U.S. 1, 8 (1954).................................................................................8, 9

*Phillips v. United States*,
   356 F.2d 297, 304 (9th Cir. 1965), *cert. denied*, 384 U.S. 952 (1966)...................11

*Powers v. British Vita, P.L.C.*,
   57 F.3d 176, 184 (2d Cir. 1995)................................................................11

*Reves v. Ernst & Young*,
   507 U.S. 170 (1993).............................................................................2, 13

*Ross v. Bolton*, 639 F. Supp. 323, 328 (S.D.N.Y. 1986) ..............................9

*Ross v. U.S. Marshal for Eastern Dist. Oklahoma*,
   168 F.3d 1190, 1196 (10th Cir. 1999) .......................................................5

*Schmuck v. United States*,
   489 U.S. 705, 711 (1989).......................................................................7, 8

*Sebastian Int'l Inc. v. Russolillo*,
   128 F. Supp.2d 630, 635 (C.D. 2001).........................................................7

*Sedima, S.P.R.L. v. Imrex Co., Inc.*,
   473 U.S. 479, 496 (1985).......................................................................1, 2

*Tatung Co., Ltd. v. Hsu*,
   2015 WL 11072178 (C.D. Cal. April 23, 2015) .........................................3

*Taylor Holland LLC v. MVMT Watches, Inc.*,
   2016 WL 6892097, *13 (C.D. Cal. Aug. 11, 2016)...................................11

Woolls Peer Dollinger & Scher
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089

3

[PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS]

*Unicolor, Inc. v. Urban Outfitters, Inc.*,
  853 F.3d 980, 992 (9th Cir. 2017).................................................................11, 12

*United States v. Bohonus*,
  628 F.2d 1167, 1171 (9th Cir. 1980), *cert. denied*, 447 U.S. 928 (1980)...................6

*United States v. Gotti*,
  42 F. Supp. 2d 252, 287 (S.D.N.Y. 1999).......................................................13

*United States v. Hussain*,
  972 F.3d 1138, 1143 (9th Cir. 2020) ...............................................................5

*United States v. Jinian*,
  725 F.3d 954, 960 (9th Cir. 2013).....................................................................7

*United States v. Kelly*,
  609 F. Supp.3d 85 (E.D.N.Y. 2022) ................................................................13

*United States v. Sampson*,
  371 U.S. 75, 79 (1962).......................................................................................7

*United States v. Turkette*,
  452 U.S. 576, 580-581 (1981)............................................................................2

*Woodell v. Expedia Inc.*,
  2019 WL 3287896, *8 (W.D. Wash. July 22, 2019) ........................................2

*ZF-TRW Airbag*,
  601 F. Supp.3d at 741 ......................................................................................2

**Other Authorities**

("RICO") Act, 18 U.S.C. § 1961, *et seq.*..............................................................1

§ 1962(c) ....................................................................................................2, 4, 13

18 U.S.C.§ 1961(4) .............................................................................................1

552 U.S. 985 (2007)............................................................................................1

Fed. R. Civ. P. 9(b) ............................................................................................5

Woolls Peer Dollinger & Scher
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089

4

1132336.1

Woolls Peer Dollinger & Scher
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089

## I.    INTRODUCTION

Plaintiffs hereby respectfully oppose the Motion to Dismiss Plaintiffs' Third Amended Complaint ("TAC") filed by Defendant George Chiao ("Chiao").[1] (*ECF* 62.) Chiao's fundamental argument is that he is simply a top-level corporate executive engaged in "routine business activities," and as such, he cannot be liable for violating the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961, *et seq.* (*ECF 61-1* at 1.) Chiao's arguments require the Court to flip the standard of review on its head, to view the allegations of the TAC in a light most favorable to Chiao, and to draw all inferences in his favor.

When deciding a motion to dismiss, however, the Court must "take all Plaintiffs' factual allegations as true and … [may dismiss] only if it appears beyond doubt that Plaintiffs can prove no set of facts in support of their claims which would entitle them to relief." *Painters and Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co., Ltd.*, 943 F.3d 1243, 1248 (9th Cir. 2019) (court's brackets omitted). It is appropriate to grant such a motion only where the complaint lacks a cognizable legal theory. *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 601 F. Supp.3d 625, 737 (C.D. Cal. 2022)  A pleading must merely state facts sufficient to show that a claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The TAC alleges far more than "routine business activities." The TAC plausibly alleges that Chiao and the other Defendants[2] have engaged in a pattern of criminal copyright infringement and mail/wire fraud. (*ECF 52.*) For purposes of

---

[1] Given Chiao's incorporation by reference of *ECF 57-1* (*ECF 62-1* at 1 n.2), Plaintiffs incorporate *ECF* 58, which was filed in opposition to *ECF 57-1*.

[2] The term "Defendants," as used herein, refers to Chiao, Shein Distribution Corporation ("SDC"), Roadget Business Pte. Ltd., Zoetop Business Co., Ltd., and Sky Xu. The term "SHEIN," as used herein, has the same meaning as it has in the TAC. (*ECF 52* at ¶ 1.) Other SHEIN entities are abbreviated as follows: Shein Fashion Group, Inc. ("SFG"), Fashion Marketing and Merchandising Group, Inc. ("FMMGI"), Style Link Logistics LLC ("Style Link"), and Shein Technology LLC ("Shein Tech").

1132336.1

Chiao's motion, the Court must accept Plaintiffs' allegations as true and disregard Defendants' "routine business" defense.

Plaintiffs are not alone in their assertion that SHEIN's entire business model is based on the theft of intellectual property and fraud. As a self-described "top-level executive" in the SHEIN criminal enterprise(s), Chiao is responsible for the acts of racketeering committed by the companies he operates and manages. Eight plaintiffs have brought the above-captioned action claiming injury by reason of Defendants' acts of racketeering. The TAC also refers to eight other actions filed by victims of SHEIN's criminal practices. In March 2023, the *Wall Street Journal* reported that SHEIN faced "*fifty* pending intellectual property infringement suits." (*ECF 52* at ¶ 36.) As of June 2024, news articles report that SHEIN "has faced more than 90 lawsuits alleging that it plagiarized others' designs or products." (*AW Dec2*, Ex. J.)[3] As recently as April 24, 2024, a class action was filed against the corporate Defendants in the Southern District of New York. (*Id.*, Ex. K.) The "action seeks damages and injunctive relief due to Shein's industrial-scale scheme of systematic, digital copyright infringement of the work of small designers and artists." (*Id.* at ¶ 1.) In August 2023, sixteen state attorneys general wrote to the Securities Exchange Commission ("SEC"), urging that the SEC investigate SHEIN's unlawful business practices, which include "stealing other designers work," before allowing SHEIN to be listed on an U.S. stock exchange. (*Id.*, Ex. L at 1, 3.) Such concerns appear to have sunk SHEIN's plans for an initial public offering on a U.S. stock exchange. (*Id.*, Ex. M.) SHEIN's systematic theft of intellectual property may also bar it from being listed on the London Exchange. (*Id.*, Ex. J.)

If securities regulators can protect investors from SHEIN's criminal business practices, then the Court should be able to offer relief to the designers injured by those

---

[3] On a motion to dismiss, a court may consider materials incorporated into the complaint and matters of public record. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

Woolls Peer Dollinger & Scher
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089

1132336.1

same practices. SHEIN and its executives should not be allowed to hide behind ever-changing corporate veils that serve the sole purpose of shielding SHEIN from liability for its theft of intellectual property and unabated scheme to defraud. In light of SHEIN's public record, its bald claims that it is a wholly legitimate business enterprise are incredible if not laughable. If SHEIN is engaged in merely "routine business activities," it would abandon its motions to dismiss, throw open its file cabinets, and welcome Plaintiffs' discovery. If SHEIN is engaged in "routine business activities," this litigation and the resulting scrutiny would give SHEIN the opportunity to clear its name and to be welcomed into the community of respected, publicly-traded U.S. companies.

Instead, SHEIN and its executives continue to hide behind their ever-changing corporate veils. Based on SHEIN's course of conduct in the market and in the courts and based on the near-frivolous arguments made by Defendants in support of their motions to dismiss the TAC, one can infer that SHEIN has much to hide and will continue to do so until it is forced into the light of day. As set forth herein, Plaintiffs have clearly pled plausible claims, Defendants' motions should be denied, and the parties should proceed to discovery.

## II.   PLAINTIFFS STATE A RICO CLAIM AGAINST CHIAO.

To state a claim under section 1962(c) of the federal RICO Act, a plaintiff must allege that the defendant (1) conducted (2) an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). "In addition, the plaintiff only has standing if, and can recover to the extent that, he has been injured in his business or property by conduct constituting the violation." *Id.* "…[T]he statute requires no more than this." *Id.* at 497.

Chiao's motion to dismiss argues that Plaintiffs fail to allege an enterprise, fail to allege Chiao's participation in the conduct of an enterprise, and fail to allege racketeering activity. (*ECF 62-1* at 5-11.) Because they were not challenged in

3

Woolls Peer Dollinger & Scher
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089

1132336.1

Chiao's motion, Plaintiffs will not address the elements of pattern and standing.

### A.   Plaintiffs Allege An Enterprise.

Chiao argues that "Plaintiffs have not adequately alleged the existence of an association-in-fact enterprise." (*ECF 62-1* at 9.) Plaintiffs are not required to allege an association-in-fact enterprise; they are simply required to allege ***any*** enterprise. *Sedima*, 473 U.S. at 496. An "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C.§ 1961(4). As the Ninth Circuit has explained:

> …[T]his definition is not very demanding. A single "individual" is an enterprise under RICO. Similarly, a single "partnership," a single "corporation," a single "association," and a single "other legal entity" are all enterprises.

*Odom v. Microsoft Corp.*, 486 F.3d 541, 548 (9th Cir. 2007), *cert. denied*, 552 U.S. 985 (2007). Regardless of whether Plaintiffs have alleged an association-in-fact enterprise, Plaintiffs allege that Chiao operated and managed each of the following legal entities: SDC, SFG, Roadget, Zoetop, Guangzhou, FMMGI, Style Link, and Shein Tech. (*ECF 52* at ¶ 212.) Any one of these legal entities is an actionable enterprise.[4] Chiao's motion to dismiss does not address any of these alternative enterprises. Accordingly, for purposes of Chiao's Rule 12(b)(6) motion, it is immaterial whether Plaintiffs alleged an association-in-fact enterprise.[5] Plaintiffs' claim may proceed on the basis of any other enterprise alleged in the TAC.

---

[4] Plaintiffs do not intend to present all of these enterprises to the jury. At trial, Plaintiffs hope to limit each defendant to one enterprise. With regard to Chiao, the most likely enterprise to be presented at trial is SDC. Without the benefit of discovery, however, Plaintiffs obviously cannot commit to any trial strategy.

[5] Plaintiffs have alleged an association-in-fact enterprise. Chiao claims that an association-in-fact enterprise is not actionable if its members simply share "ordinary business activities." (*ECF 62-1* at 9 (quoting *Woodell v. Expedia Inc.*, 2019 WL 3287896, *8 (W.D. Wash. July 22, 2019)). Plaintiffs, however, allege that Defendants share an illicit – not ordinary purpose. Plaintiffs allege that the members of the association-in-fact enterprise "share the common purpose of … advancing SHEIN's business of selling clothes and apparel and enabling SHEIN to misappropriate and

4

Woolls Peer Dollinger & Scher
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089

**B.    Plaintiffs Allege That Chiao Conducted the Affairs of an Enterprise.**

Contrary to Chiao's argument, Plaintiffs have alleged that he conducted the affairs of an enterprise. (*ECF 62-1* at 10.) In *Reves v. Ernst & Young*, 507 U.S. 170 (1993), the Supreme Court interpreted the operative language of section 1962(c) and held "that 'to conduct or participate, directly or indirectly, in the conduct of the affairs of such enterprise's affairs,' … one must participate in the operation or management of the enterprise itself." *Id.* at 185. In *Reves*, the Supreme Court also made it clear "that liability under § 1962(c) is not limited to upper management … but also by lower rung participants in the enterprise who are under the control of upper management." *Id.* at 184.

Plaintiffs allege, however, that Chiao is an ***upper manager*** of several the legal entity enterprises. Chiao is alleged to be "President of SDC." (*ECF 52* at ¶¶ 24, 83.) He is also alleged to be "President of [Shein Tech] … and the manager of [Style Link]." (*Id.* at ¶¶ 24, 90, 95.)[6]  SDC, Shein Tech, and Style Link are each alleged to be

---

profit from the intellectual property of others with impunity." (*ECF 52* at ¶ 211(a).) "That a group of entities shares a legitimate business purpose 'does not shield them from RICO liability' when such purpose is pursued through illegitimate means." *ZF-TRW Airbag*, 601 F. Supp.3d at 741 (quoting *In re Chrysler*, 295 F. Supp.3d 927, 980 (N.D. Cal. 2018)). Moreover, the Supreme Court long ago rejected the idea that RICO does not apply to legitimate enterprises. *See United States v. Turkette*, 452 U.S. 576, 580-581 (1981) (stating that "[t]here is no restriction upon the associations embraced by the definition: an enterprise includes any union or group of individuals associated in fact. On its face, the definition appears to include both legitimate and illegitimate enterprises within its scope; it no more excludes criminal enterprises than it does legitimate ones."); *Sedima*, 473 U.S. at 499 (stating that "… Congress wanted to reach both 'legitimate' and 'illegitimate' enterprises").

[6]    Chiao's argument that Plaintiffs fail to specifically allege his "role in the allegedly fraudulent scheme" is incredulous. The TAC not only alleges that Chiao is an officer of SDC, Shein Tech, and Style Link. (*ECF 52* at ¶ 24.) As president of SDC, he is the individual responsible for SHEIN'S U.S. operations, including its infringing sales to U.S. customers through the SHEIN website and app. (*Id.* at ¶¶ 21, 80, 81.) Chiao also has responsibility for maintaining SHEIN's facade of legitimacy with U.S. regulators and for maintaining the standing of various SHEIN entities to do business in the U.S. and continue to profit from acts of racketeering perpetrated on the U.S. market. (*Id.* at ¶ 116.) Chiao has also served as SHEIN's corporate mouthpiece in court proceedings. (*Id.* at ¶ 86; *ECF 58-2*, Ex. F at ¶ 8.) Chiao also communicates allegedly deceptive and misleading information to victims of Defendants' scheme to defraud. (*Id.* at ¶ 116.) Without the benefit of discovery, greater particularity cannot reasonably be expected from Plaintiffs.

5

Woolls Peer Dollinger & Scher
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089

1132336.1

legal entity enterprises. (*Id.* at ¶ 212.) The allegations that Chiao is an upper manager of these enterprises are based on admissions made by Chiao in publicly filed documents. (*Id.* at ¶¶ 90, 91, 95, 116.)  *Reves'* operation or management standard is satisfied whenever a defendant plays "*some* part in directing the enterprise's affairs." 507 U.S. at 179. As an officer or upper manager of SDC, Shein Tech, and Style Link, Chiao necessarily plays "*some* part" in managing the affairs of those enterprises.[7] In Chiao's motion to dismiss, he describes himself as "a top-level executive." (*ECF 62-1* at 1.) To the extent Chiao seeks dismissal on this basis, his motion entirely lacks merit and must be denied.  *See, e.g., Baumer v. Pachl*, 8 F.3d 1341, 1344 n.4 (9th Cir. 1993) (stating that a defendant's status as president of the legal entity clearly satisfied the *Reves* "operation or management" test); *Tatung Co., Ltd. v. Hsu*, 2015 WL 11072178 (C.D. Cal. April 23, 2015) (*Reves* was satisfied where the defendants played "an integral role in the operation of the fraudulent enterprise(s)" and "occupied a position in the 'chain of command'" of the enterprise); *Andrews Farms v. Calcot, Ltd.*, 527 F. Supp.2d 1239, 1257 (E.D. Cal. 2007) (the plaintiffs' allegations that the defendant was the CEO, President, and the long-time Chief Financial Officer of the defendant satisfied *Reves*); *Jaguar Cars, Inc. v. Royal Oaks Motor Car Co., Inc.*, 46 F.3d 258, 261 (9th Cir. 1995) (holding that "corporate officers/employees, such as the defendants, may properly be held liable as persons managing the affairs of their corporation as an enterprise through a pattern of racketeering activity).

Plaintiffs' application of RICO does not "threaten to turn every corporate officer into a RICO defendant for merely performing the function of associated with

---

[7]    There is also no question that Chiao is distinct from the legal entities he operates and manages. "The corporate owner/employee, a natural person, is distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its different legal status." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001). Moreover, to the extent the TAC alleges that Chiao himself is an enterprise, it explicitly alleges that Chiao is operated or managed by Xu. (*ECF 52* at ¶ 213.) Chiao's arguments ignore the TAC's actual allegations. (*ECF 62-1* at 8 n.6.)

6

Woolls Peer Dollinger & Scher
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089

1132336.1

their job." (*ECF 62-1* at 11.) First, RICO liability does not spring from the mere operation or management of an enterprise. A plaintiff must also allege and prove that the enterprise was operated or managed *through a pattern of racketeering*. 18 U.S.C. § 1962(c). The only corporate officers who need to fear RICO are those engaged in acts of racketeering through their corporations. Second, Chiao's reliance on *Ferrari v. Mercedes-Benz USA, LLC*, 2016 WL 7188030, *3 (N.D. Cal. Dec. 12, 2016) is misplaced. (*ECF 62-1* at 11.) In *Ferrari*, the plaintiffs failed to allege that the corporate officers were involved in any of the alleged acts of fraud. The plaintiffs merely made conclusory allegations that the officers "corruptly influenced" the enterprise. *Id.* Plaintiffs specifically allege Chiao's involvement in fraudulent activity, such as incorporating and maintaining the regulatory "good standing" of legal entities that perpetuated the theft of intellectual property and fraud in the U.S. (*ECF 52* at ¶ 116.) When Plaintiffs' allegations are accepted as true (as they must be for purposes of this motion), Chiao is a defendant not because he is merely a corporate officer, but because he is a corporate officer who participated in acts of racketeering individually and through the corporations he leads. Chiao is exactly the type of corporate officer that RICO is intended to hold accountable. *See Handeen v. Lemaire*, 112 F.3d 1339, 1349 (8th Cir. 1997) (stating that "[b]ehavior prohibited by § 1962(c) will violate RICO regardless of the person to whom it may be attributed … The polestar is the activity in question, not the defendant's status").

C.   **Plaintiffs Allege Acts of Racketeering.**

   1.   **Plaintiffs Allege that Chiao Committed Acts of Mail/Wire Fraud.**

   Chiao claims that "[t]he TAC … fails to allege that [he] committed *any* act of racketeering activity." (*ECF 62-1* at 5 (original emphasis).) This claim is so outlandish that it cannot be taken seriously. On a motion to dismiss, inferences must be drawn in favor of the plaintiff, not against the plaintiff. *Brauer v. ExamOne World Inc.*, 683 F. Supp.3d 1054, 1058 (C.D. Cal. 2023). The TAC alleges that Chiao committed several

7

Woolls Peer Dollinger & Scher
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089

1132336.1

acts of mail and wire fraud.

To establish mail or wire fraud, Plaintiffs must allege three elements: (1) a scheme to defraud, (2) use of the mails or wires in furtherance of the scheme, and (3) a specific intent to deceive or defraud. *United States v. Hussain*, 972 F.3d 1138, 1143 (9th Cir. 2020).[8] Because intent can be pled generally (Fed. R. Civ. P. 9(b)) and Chiao's fraudulent intent is not addressed in his memorandum, Plaintiffs will focus on whether they have pled a scheme to defraud and use of the wires.

### a.    Plaintiffs Allege a Scheme to Defraud.

The substantive purpose of the mail/wire fraud regulations is to proscribe schemes to defraud. *Ross v. U.S. Marshal for Eastern Dist. Oklahoma,* 168 F.3d 1190, 1196 (10th Cir. 1999). Chiao and his co-Defendants allegedly engage in a scheme to defraud that is designed to conceal acts of criminal copyright infringement, to misdirect and deceive victims, to deceptively reduce liability, and to cheat Plaintiffs out of the value of their intellectual property. The scheme is comprised of the following elements (among others):

- Defendant other SHEIN entities, hold themselves out to the consuming public, competitors, regulators, and their infringement victims as a unified corporate entity, i.e., SHEIN. (*ECF 52* at ¶¶ 1, 52-53.) These representations are false.

- In fact, SHEIN is just a trademark. Defendants use a myriad of independent Chinese suppliers and constantly changing corporate structure so as to evade lawsuits. (*Id.* at ¶¶ 54, 100, 72-101.)

---

[8] The mail and wire fraud statutes (18 U.S.C. §§ 1341, 1343) are identical with the exception of the particular method used to disseminate the fraud. *Eclectic Prop. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014).

Woolls Peer Dollinger & Scher
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089

1132336.1

[PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS]

- Defendants engage in willful copyright infringement and manufacture products that are carbon copy infringements. (*Id.* at ¶¶ 5, 39.)

- If a victim complains, Defendant and other SHEIN entities claim that they are not a unified corporate entity, blame an unnamed third-party supplier or claim that the victim did not engage with the correct SHEIN entity, and state that very few units of the infringing product were sold. (*Id.* at ¶¶ 45, 54-70.) These representations are false.

- In reliance upon Defendants' false or deceptive representations, the victim is lulled into a sense that the situation is hopeless and is fraudulently induced to accept a small amount of money as compensation, thereby enabling Defendants to obtain the benefit of the victim's design at a fraction of its actual value. (*Id.* at ¶¶ 46, 67, 103-107.)

Defendants' conduct violates the mail/wire fraud statutes because it is "contrary to public policy or … fail[s] to measure up to the reflection of moral uprightness, of fundamental honesty, fair play and right dealing in the general and business life of members of society." *United States v. Bohonus,* 628 F.2d 1167, 1171 (9th Cir. 1980), *cert. denied*, 447 U.S. 928 (1980) For purposes of Chiao's motion, the court must accept Plaintiffs' well-pleaded facts as true and draw all reasonable inferences in Plaintiffs' favor. *Brauer*, 683 F. Supp.3d at 1058. Plaintiffs have alleged a scheme to defraud. [9]

### b. Chiao Used the Mail/Wires in Furtherance of the Scheme.

A mail/wire fraud communication is "in furtherance" of a fraudulent scheme if it is "incident to the execution of the scheme," meaning that it "need not be an essential element of the scheme, just a 'step in the plot.'" *United States v. Jinian*, 725 F.3d 954, 960 (9th Cir. 2013) (quoting various cases including *Schmuck v. United States*, 489 U.S. 705, 711 (1989)). Communications that occur after the victim is

---

[9] Defendants' scheme is described in greater detail in *ECF 58* at 7-15.

Woolls Peer Dollinger & Scher
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089

defrauded of property may also be in furtherance of the scheme. The relevant question at all times is whether a communication "is part of the execution of the scheme as conceived by the perpetrator at the time," not whether the defendant, prior to the communication, "had obtained all the money [it] expected to get." *Jinian*, 725 F.3d at 961 (quoting *Schmuck*, 489 U.S. at 715 and *United States v. Sampson*, 371 U.S. 75, 79 (1962)).

A transmission may further the scheme to defraud and violate the mail/wire fraud statutes regardless of whether it contains a false statement or is a routine business communication. *Sebastian Int'l Inc. v. Russolillo*, 128 F. Supp.2d 630, 635 (C.D. 2001) (citing *Schmuck*, 489 U.S. at 715). In *Schmuck*, for example, the defendant purchased used cars, rolled back the odometers, and sold the cars to unwitting dealers at artificially inflated prices. The dealers then resold the cars to retail customers at prices reflecting the fraudulent odometer readings. To complete the retail sale, the dealer mailed a title application to the state. Without the transfer of title, the retail customer could not receive his or her car tags from the state. The Supreme Court held that the mail fraud statute was violated when the dealers mailed the title applications to the state, even though the applications were "routine and innocent" business communications.

> … [T]he title-registration mailings were part of the execution of the fraudulent scheme, a scheme which did not reach fruition until the retail dealers sold the cars and effected transfers of title…. [A]lthough the registration-form mailings may not have contributed directly to the duping of either the retail dealers or the customers, they were necessary to the passage of title, which in turn was essential to the perpetuation of Schmuck's scheme.

489 U.S. at 712; *see also Pereira v. United States*, 347 U.S. 1, 8 (1954) (holding that the mailing element was satisfied where the defendant cashed a check at a bank in El Paso and the El Paso bank mailed the check to the drawee bank in Los Angeles).

The TAC alleges that Chiao used the mails and wires in furtherance of the scheme to defraud.  Chiao's multiple communications with the Indiana and California

10

Secretaries of State were for the purpose of establishing U.S. business entities. (*ECF 52* at ¶ 116.) Without those U.S. entities, SHEIN would not be able to open bank accounts in the U.S., sell goods in the U.S., or collect money from U.S. consumers. In short, Chiao's communications facilitated the creation and maintenance of U.S. entities that were essential to SHEIN's ability to steal U.S. sales from U.S. designers. Chiao's communications were also critical to the corporate shell game played by SHEIN to avoid liability. In November 2019, SFG's name was changed to FMMGI, located at 345 N. Baldwin Park Blvd., City of Industry, California. (*ECF 52* at ¶¶ 87-88.)  In April 2021, Chiao incorporated Style Link in California with a principal place of business at 345 N. Baldwin Park Blvd., City of Industry, California. (*Id.* at ¶ 90.) In August 2021, Chiao informed the Indiana Secretary of State that Style Link's principal place of business was relocating to Indiana. (*Id.* at ¶ 91.) Thereafter, FMMGI was dissolved. (*Id.* at ¶ 89.) In a declaration filed in another infringement case before this Court, Chiao testified that SFG's name was changed to a non-SHEIN name in an effort to insulate it from being named as a defendant in lawsuits. (*ECF 58-2*, Ex. F at ¶ 8.) Chiao's failure to disclose his association with Style Link and Shein Tech on Linkedin further perpetuates SHEIN's fraudulent corporate shell game, making it more difficult for victims to identify the individuals and entities responsible for the infringement, to stop the infringement, and to hold them accountable. (*ECF 52* at ¶ 116; *ECF 62-1* at 7 n.5.)

The TAC also alleges that Chiao made false, deceptive, and lulling statements to Cassey Ho, a victim of SHEIN's unlawful copyright infringement and scheme to defraud, over a Zoom call. (*ECF 52* at ¶ 116.) The fact that Cassey Ho is not a plaintiff is immaterial. "[P]laintiffs properly may allege acts of related fraud against other victims to establish a pattern of racketeering activity." *GE Investment Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001); *Lerner v.*

11

*Colman*, 26 F.4th 71, 79 (1st Cir 2022) (quoting *GE Investment*).[10]  When all inferences are drawn in favor of Plaintiffs under Rule 12(b)(6), there can be only one conclusion: Chiao has used the mails and wires in furtherance of a scheme to defraud.

Chiao is not only responsible for the acts of mail/wire fraud that he personally committed, but he is also responsible for the acts of mail/wire fraud committed by other employees of SHEIN entities. To be liable under the mail/wire fraud statutes, it is not necessary that the defendant drop the article in a mailbox or push the send button on his computer. It is sufficient if he caused it to be done. *Pereira*, 347 U.S. at 8. "Where one does an act with knowledge that the use of the mails [or wires] will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he 'causes' the mails [or wires] to be used." *Id.* at 8-9. Therefore, regardless of Chiao's documented personal use of the mails and wires to further the alleged scheme to defraud, Plaintiffs may also prove that Chiao could reasonably foresee that his actions would lead others to use the mails and wires to further the scheme, e.g., that his actions would cause victims of the scheme to call or email SHEIN with their complaints, that his actions would lead other SHEIN employees to make false statements to victims, or that his actions would cause victims to misidentify the responsible SHEIN entity in their communications with attorneys, courts, secretaries of state, and other regulators, which would enable SHEIN to indefinitely profit from its fraudulent corporate shell game.

---

[10] If acts of racketeering are a regular way in which a defendant does business, courts expect to see victims other than the plaintiff. *See, e.g., Brandon Apparel Grp., Inc. v. Quitman Mfg. Co.*, 52 F. Supp. 2d 913, 920 (N.D. Ill. 1999) ("[W]hether there are multiple victims is highly relevant to the inquiry of continuity."); *Norstar Bank v. Pepitone*, 742 F. Supp. 1209, 1212 (E.D.N.Y. 1990) (holding that open-ended continuity was supported by allegations that "defendants were involved in other business transactions with other victims in which they engaged" in the same type of racketeering); *Ross v. Bolton*, 639 F. Supp. 323, 328 (S.D.N.Y. 1986) (holding that a pattern aimed at different individuals and injuring multiple victims was actionable).

12

Woolls Peer Dollinger & Scher
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089

1132336.1

Finally, when a complaint alleges that multiple defendants engaged in a scheme to defraud, a defendant is not entitled to dismissal simply because "Plaintiffs do not allege that [he], individually, used the mails or wires." *Ketayi v. Health Enrollment Group*, 516 F. Supp.3d 1092, 1133 (S.D. Cal. 2021).

> … there is no requirement that, to commit mail or wire fraud, the defendant personally use the mail or wires. "[A] defendant may be held liable for mail or wire fraud if (1) the defendant was a knowing participant in a scheme to defraud; (2) the defendant had the intent to defraud; and (3) a co-schemer committed acts of mail or wire fraud during the defendant's participation in the scheme, and those acts were within the scope of the scheme."

*Id.* In *Ketayi*, the court denied the defendants' motion to dismiss on the bais that "Plaintiffs have adequately alleged that at least one 'co-schemer' committed acts of mail or wire fraud within the scope of the scheme." *Id.*; *see also Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112, 115 (5th Cir. 1987) (affirming judgment in favor of plaintiff and holding that "a defendant need not personally commit the predicate acts provided that the evidence is sufficient to connect him to the fraudulent scheme"); *Migliaccio v. Midland Nat. Life Ins. Co.*, 2007 WL 316873, *12 (C.D. Cal. Jan. 30, 2007) (denying motion to dismiss and quoting *Casperone*). That same logic applies to the TAC. Regardless, Plaintiffs have specifically alleged that Chiao used the mail and wires in furtherance of the alleged scheme to defraud on multiple occasions (*ECF 52* at ¶ 116), and Chiao's motion to dismiss must be denied.[11]

## 2.    Plaintiffs Have Adequately Alleged Criminal Copyright Infringement.

---

[11] To the extent *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 865 F. Supp.2d 1002 (C.D. Cal. 2011) states that "a plaintiff must allege at least two predicate acts by *each* defendant," it appears to be a sloppy restatement of RICO's statutory definition of pattern. *Id.* at 1035 (the quoted language is from a section of the opinion entitled "Pattern" and discussing RICO's pattern requirements). *Pereira, Ketayi,* and a plethora of other cases (cited above) make it clear that a defendant can violate the mail/wire statutes without personally depositing an item in the mail or pushing the send key on their computer. Since Chiao has allegedly personally committed more than two acts of mail/wire fraud (*see ECF 52* at ¶ 116), this issue is moot for purposes of his motion to dismiss.

13

Woolls Peer Dollinger & Scher
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089

1132336.1

Chiao argues that Plaintiffs must allege his "'specific intent' to violate a person's copyright." (*ECF 62-1* at 5-6.) It is unrealistic to expect a plaintiff to plead a defendant's actual state of mind. *Powers v. British Vita, P.L.C.*, 57 F.3d 176, 184 (2d Cir. 1995). After all, no one is a mind reader, and a defendant's state of mind must be proven circumstantially. *See Phillips v. United States*, 356 F.2d 297, 304 (9th Cir. 1965), *cert. denied*, 384 U.S. 952 (1966). For this reason, Rule 9(b) allows intent to be averred generally. Plaintiffs have generally alleged that Chiao willfully infringed Plaintiffs' copyrights and trademarks. (*ECF 52* at ¶¶ 109-110, 125, 126, 136, 137, 143, 144, 152, 161, 168, 169, 177, 182, 183, 198, 199, 206, 207).

Moreover, the Ninth Circuit has "repeatedly held … [that] a showing of recklessness or willful blindness" establishes willfulness. *Unicolor, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 992 (9th Cir. 2017); *see also Taylor Holland LLC v. MVMT Watches, Inc.*, 2016 WL 6892097, *13 (C.D. Cal. Aug. 11, 2016). A party may act recklessly or with willful blindness by refusing to investigate or by not attempting to determine whether particular designs are subject to copyright protections. *Unicolors, Inc.*, 853 F.3d at 992. As president of SDC, Chiao is the individual responsible for SHEIN's U.S. operations, including its web-and app-based marketing and sales functions, and its litigation of the dozens of infringement claims pending in U.S. courts. (*ECF 52-1* at ¶¶ 80-83.) Chiao not only knows of SHEIN's reputation of infringement but went so far as to deceptively rename SFG so as to shield it from claims of infringement. (*ECF 58-2*, Ex. F at ¶ 8.) Based on these allegations, it is plausible that – at a minimum -- Chiao remained willfully blind to SHEIN's systematic theft of intellectual property. As alleged in the TAC:

> Most fashion companies … use a common-sense method of avoiding intellectual property liability: they instruct their designers not to copy; they conduct computerized searches to verify that such instruction is heeded; and they have lawyers on hand to run "clearance" searches, review new products, and ask and answer any tough questions about how close is too close for a knockoff or about fair use, substantial similarity, or likelihood of confusion.

14

[PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS]

1   (*ECF 52* at ¶ 42.) The SHEIN entities (including those lead by Chiao), however, do

2   not employ any of these measures. At SHEIN (*id.* at ¶ 1), there are no human

3   designers to instruct not to copy. Rather, SHEIN relies on an algorithm that constantly

4   scours the internet, discovers new designs, systematically yields an exact copy of those

5   designs, and pumps out 6000 new styles per day. (*Id.* at ¶ 39-40.) This process

6   "guarantees that infringements will occur." (*Id.*) Despite being aware of the

7   inevitability of infringement, Defendants do not employ human professionals to

8   review designs before they are produced and marketed to the public. Instead,

9   Defendants rely on a self-described "large-scale automated test and reorder (LATR)

10   model," whereby they produce an initial batch of 100-200 units per SKU and wait to

11   see if anyone complains about infringement. (*Id.* at ¶¶ 40-50.) If that release sparks a

12   complaint, the infringing product is pulled and Defendants offer the victim a pittance

13   of a settlement. (*Id.* at 116 (alleging that Chiao personally made such offers).) If there

14   is no complaint, SHEIN continues to sell the infringing design. (*Id.*) The LATR model

15   employed by the SHEIN entities under Chiao's leadership and used by Chiao when

16   designers complain about SHEIN's infringement is the epitome of recklessness or

17   willful blindness. Accordingly, the TAC adequately alleges Chiao's recklessness or

18   willful blindness, and his motion to dismiss must be denied. *See, e.g., Unicolors, Inc.*,

19   853 F.3d at 992 (despite the defendant's argument that it was absurd to expect the

20   defendant to review over 10,000 copyrighted designs, the Ninth Circuit affirmed the

21   jury's verdict finding that the defendant had engaged in willful infringement).

22        Regardless of all other considerations, the RICO claim against Chiao cannot be

23   dismissed even if he did not personally willfully infringe anyone's copyright. "The

24   fact that every defendant is not charged in every predicate act is not fatal." *United*

25   *States v. Gotti*, 42 F. Supp. 2d 252, 287 (S.D.N.Y. 1999). Even Chiao argues that a

26   plaintiff must merely allege that "*each* defendant committed at least two predicate acts

27   of racketeering activity to establish a RICO violation." (*ECF 62-1* at 5 (citing *In re*

28

15

Woolls Peer Dollinger & Scher
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089

1132336.1

*WellPoint*, 865 F. Supp. 2d at 1035-36).) As established, the TAC alleges that Chiao committed numerous acts of mail/wire fraud. (*ECF 52* at ¶ 116.) No authority requires Plaintiffs to allege that Chiao committed two acts of mail/wire fraud, two acts of criminal copyright infringement, and two acts of all other types of racketeering that may be included in the pattern.

Finally, RICO liability is not based on the crimes committed by the defendant individually. (*See supra,* Note 7.) If a defendant personally extorts a victim over an extended period, a prosecutor will simply charge the defendant with extortion, and not bother with a RICO claim that requires proof of not only extortion but also enterprise, conduct, pattern, etc. *Reves* makes clear that section 1962(c) does not target the defendant who gets his hands dirty committing crime; it targets the defendant who remains at a safe distance, operating or managing another (i.e., the enterprise) through a pattern of racketeering. *See Reves*, 507 U.S. at 185. The notorious case of *United States v. Kelly*, 609 F. Supp.3d 85 (E.D.N.Y. 2022) highlights the quintessential nature of RICO. At trial, the rapper R. Kelly was held criminally liable under RICO for acts of racketeering that he committed and for acts of racketeering committed by members of his entourage (i.e., the enterprise). When it affirmed the jury's verdict against R. Kelly, the court explained:

> The jury could rationally find both that the defendant was able to commit the predicate acts – predominately illegal sexual activity with women and girls – because of his leadership position and control over the affairs of the enterprise, and that his underlings enabled his commission of the predicate acts. [Citations omitted.] The defendant's employees recruited young women and girls, including by locating them in the audiences of defendant's concerts and inviting them backstage or to parities, by passing them notes with the defendant's phone number, and by trolling shopping malls and places like McDonald's and handing out the defendant's contact information. The defendant's employees arranged travel for his victims and enforced his rules. In turn, the defendant controlled his employees and ensured they implemented his rules.

*Id.* at 126-127. Just as the prosecutor proved that R. Kelly controlled his entourage

16

(i.e., the enterprise) and was thus liable for the acts of human trafficking committed by his entourage, Plaintiffs are allowed to prove that Chiao controlled SDC (among other entities) and is liable for the acts of criminal copyright infringement committed by SDC. This is the essence of RICO. Chiao's motion to dismiss must be denied.

## III.   PLAINTIFFS HAVE STATED INFRINGEMENT CLAIMS AGAINST CHIAO.

As detailed in Section II(C) above, Plaintiffs allege Chiao was integral to and extensively engaged in Defendants' pattern and practice of repeated, intended, and determined infringement. Chiao was not a passive actor or a mere naïve employee. Chiao was a driving force behind the infringement. "[A] corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement". *Novell, Inc. v. Unicom Sales, Inc.*, No. C-03-2785 MMC, 2004 WL 1839117, at *17 (N.D. Cal., Aug. 17, 2004) (company president who participated in advertising and distribution of company's products individually liable for corporation's infringement; summary judgment granted to plaintiff). Even minimal allegations are sufficient if they identify an individual as participating in infringing activities. *Carson v. Verismart Software*, No. C 11-03766 LB, 2012 WL 1038662, at *5–6. (N.D. Cal., Mar. 27, 2012).

Among Chiao's other willful and participatory activities in the intellectual property thievery, Plaintiffs allege:

- Chiao engaged in multiple personal communications with the Indiana and California Secretaries of State for the purpose of advancing and perpetrating Defendants' ongoing infringement (*ECF 52* at ¶¶ 87-88, 116.)

- Chiao's personal communications were critical to the corporate shell game played by SHEIN to avoid liability for infringing activity. (*ECF 52* at ¶¶ 87-88.)

17

Woolls Peer Dollinger & Scher
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089

1132336.1

- Chiao personally incorporated various bad actors to facilitate and perpetrate the infringing activity. (*Id.* at ¶¶ 89-91.)
- Chiao filed court declarations in furtherance of the infringing activity and purposely withheld and failed to disclose information regarding his association with SHEIN entities to perpetuate the infringement. (*ECF 52* at ¶ 116.)
- Chiao personally made false, deceptive, and lulling statements in furtherance of infringing activity. (*ECF 52* at ¶ 116.)

Chiao's own cited authority recognizes such allegations as sufficiently stating infringement claims. "Under Ninth Circuit precedent, 'a corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf.'" *Deckers Outdoor Corporation v. Fortune Dynamic, Inc.*, No. CV 15-769 PSG (SSx), 2015 WL 12731929, at *8 (C.D. Cal., May 8, 2015) (cleaned up). In *Deckers*, the court granted a motion to dismiss where plaintiff mentioned the individual defendant only twice in the complaint and offered no suggestion or allegation that the defendant participated in (or knew about) any wrongdoing, only that he was "an owner, officer, and/or managing agent" of the corporate entity. Even then, the court granted plaintiff leave to amend. *Deckers*, at *9.

Plaintiffs' fulsome allegations against Chiao are sufficient to establish Chiao's liability for the infringement claims.

///

///

///

///

///

///

18

Woolls Peer Dollinger & Scher
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089

1132336.1

1

## IV.   CONCLUSION

2       For all the foregoing reasons and for those reasons set forth in Plaintiffs'

3  opposition to the corporate defendants' motion to dismiss (*ECF 58*), Chiao's motion

4  to dismiss should be denied. In the alternative, Plaintiffs should be granted leave to

5  file an amended complaint.

6

7  DATED:  July 1, 2024                        WOOLLS PEER DOLLINGER & SCHER

8                                              A Professional Corporation

9

                                               */s/ Antoinette Waller*

10

                                               ANTOINETTE WALLER

11                                             Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

Woolls Peer Dollinger & Scher
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089

1132336.1

**L.R. 11-6.1 CERTIFICATION**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 6264 words, which complies with the word limit of L.R. 11-6.1.

DATED: July 1, 2024

WOOLLS PEER DOLLINGER & SCHER
A Professional Corporation

/s/ *Antoinette Waller*

_____
ANTOINETTE WALLER
Attorneys for Plaintiffs

20

1132336.1