| | |
|---|---|
| 1 | STEVEN A. MARENBERG (SB# 101033) |
| | stevenmarenberg@paulhastings.com |
| 2 | SUSAN K. LEADER (SB# 216743) |
| | susanleader@paulhastings.com |
| 3 | ALI R. RABBANI (SB# 253730) |
| | alirabbani@paulhastings.com |
| 4 | KIAURA CLARK (SB# 336314) |
| | kiauraclark@paulhastings.com |
| 5 | **PAUL HASTINGS LLP** |
| | 1999 Avenue of the Stars, 27th Floor |
| 6 | Los Angeles, California 90067 |
| | Telephone: (310) 620-5700 |
| 7 | Facsimile: (310) 620-5899 |

*Attorneys for Defendants*
*Shein Distribution Corporation,*
*Roadget Business Pte. Ltd.,*
*Zoetop Business Company, Limited,*
*and George Chiao*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA PERRY, an individual; LARISSA MARTINEZ, an individual; JAY BARON, an individual; RACHEL PFEFFER, an individual; DIRT BIKE KIDZ, Inc., a California corporation; ESTELLEJOYLYNN, LLC, a New Jersey limited liability company; JESSICA LOUISE THOMPSON SMITH, an individual; LIV LEE, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> SHEIN DISTRIBUTION CORPORATION, a Delaware corporation; ROADGET BUSINESS PTE., LTD; ZOETOP BUSINESS CO., LTD; SKY XU, a/k/a CHRIS XU; and GEORGE CHIAO, <br><br> Defendants. | CASE NO. 2:23-cv-05551-MCS-JPR <br><br> **DEFENDANT GEORGE CHIAO'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT** <br><br> Date: August 12, 2024 <br> Time: 9:00 a.m. <br> Place: Courtroom 7C <br> Judge: Hon. Mark C. Scarsi <br><br> Complaint filed: July 11, 2023 <br><br> TAC filed: April 15, 2024 |

DEF. GEORGE CHIAO'S REPLY IN SUPPORT OF MOTION TO DISMISS

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT ..........................................................................................................2

    A. Plaintiffs Fail to Plausibly Allege That Mr. Chiao Committed Any Predicate Acts of Racketeering Activity. ......................................2

        1. Plaintiffs Fail to Allege a Predicate Act of Criminal Copyright Infringement Against Mr. Chiao. ..............................2

        2. Plaintiffs Fail to Allege a Predicate Act of Mail or Wire Fraud Against Mr. Chiao. ............................................................3

    B. Plaintiffs Fail to Plausibly Allege That Mr. Chiao Participated in the Conduct of a RICO Enterprise. ..................................................5

    C. Plaintiffs Fail to State a Claim for Copyright and/or Trademark Infringement Against Mr. Chiao ..........................................................8

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Baumer v. Pachl*,
  8 F.3d 1341 (9th Cir. 1993) .................................................................................. 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................................. 2

*Capitol W. Appraisals, LLC v. Countrywide Fin. Corp.*,
  759 F. Supp. 2d 1267 (2010) ................................................................................ 5

*Carson v. Verismart Software*,
  2012 WL 1038662 (N.D. Cal. Mar. 27, 2012) ..................................................... 9

*Davis v. Metro Prods., Inc.*,
  885 F.2d 515 (9th Cir. 1989) ................................................................................ 9

*Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*,
  2015 WL 12731929 (C.D. Cal. May 8, 2015) ..................................................... 9

*Ferrari v. Mercedes-Benz USA*,
  LLC, 2016 WL 7188030 (N.D. Cal. Dec. 12, 2016) ....................................... 1, 7

*In re Epogen & Aranesp Off-Label Mktg. & Sales Pracs. Litig.*,
  590 F. Supp. 2d 1282 (C.D. Cal. 2008) ................................................................ 5

*In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*,
  497 F. Supp. 3d 552 (N.D. Cal. Oct. 23, 2020) .................................................... 7

*Jaguar Cars, Inc. v. Royal Oaks Motor Car Co.*,
  46 F.3d 258 (3d Cir. 1995) ................................................................................... 8

*Mattel, Inc. v. MGA Ent., Inc.*,
  782 F. Supp. 2d 911 (C.D. Cal. 2011) .................................................................. 2

*Shaw v. Nissan N. Am., Inc.*,
  220 F. Supp. 3d 1046 (C.D. Cal. 2016) ................................................................ 5

*Sun Sav. & Loan Ass'n v. Dierdorff*,
  825 F.2d 187 (9th Cir. 1987) ................................................................................ 8

*Tatung Co., Ltd v. Hsu*,
    2015 WL 11072178 (C.D. Cal. April 23, 2015)..................................................7, 8

# I. INTRODUCTION

The Opening and Opposition Briefs distinctly frame the dispositive issue for the Court on Defendant George Chiao's Motion to Dismiss. Plaintiffs do not seriously contend, nor could they, that *as to Mr. Chiao*, the TAC alleges anything more than Chiao's performance of the routine business activities of a top-level executive of certain Shein entities. Indeed, if the Court scours the TAC, it will find no allegations that Mr. Chiao participated in any of the alleged misconduct of Shein, the purported "enterprise" engaged in racketeering activities based on criminal copyright infringement and mail/wire fraud. Rather, Plaintiffs merely contend that "[a]s an officer or upper manager of SDC, Shein Tech and Style Link, Chiao necessarily plays '*some* part' in managing the affairs of those enterprises," (Opp'n at 7), and that this alone is enough to state a claim against him. The question, therefore, is whether such allegations suffice to state a claim against Mr. Chiao *individually*.

They do not. Plaintiffs' theory of liability "impl[ies] that any [corporate officer] could be a proper RICO 'person' if the corporation is [alleged to be] engaged in" racketeering activity. *Ferrari v. Mercedes-Benz USA*, LLC, 2016 WL 7188030, at *3 (N.D. Cal. Dec. 12, 2016). But "[e]ven a liberal reading of the RICO pleading requirements is stretched to the breaking point with such a theory," and this Court should decline to entertain it. *Id.* Rather, the RICO claim against Mr. Chiao should be dismissed on any or all of the following grounds (in addition to those stated in the Shein Defendants' Motion to Dismiss, ECF. No. 59):

- Plaintiffs fail to plausibly allege that Mr. Chiao possessed the requisite intent for criminal copyright infringement;
- Plaintiffs fail to sufficiently allege that Mr. Chiao committed any acts of mail/wire fraud because they have not detailed *any* alleged act of fraud perpetrated by Mr. Chiao (let alone with particularity); and
- Plaintiffs fail to plausibly allege that Mr. Chiao participated in the "operation or management" of any alleged RICO enterprise.

Additionally, Plaintiffs' claims of copyright and trademark infringement against Mr. Chiao must also be dismissed because the TAC fails to include *any* allegations regarding Mr. Chiao's involvement in the purported acts of infringement, let alone that Mr. Chiao was the "central figure" behind the alleged infringement.

## II.   ARGUMENT

### A.   Plaintiffs Fail to Plausibly Allege That Mr. Chiao Committed Any Predicate Acts of Racketeering Activity.

#### 1.   Plaintiffs Fail to Allege a Predicate Act of Criminal Copyright Infringement Against Mr. Chiao.

Plaintiffs do not dispute, nor could they, that the TAC fails to include a single allegation that Mr. Chiao had any personal role in the alleged infringement of Plaintiffs' copyrights. Rather, Plaintiffs argue that they have "*generally* alleged that Chiao willfully infringed Plaintiffs' copyrights and trademarks," citing to a list of paragraphs in the TAC that make conclusory allegations of willful infringement as to *all* Defendants. *See* Opp'n at 19 (emphasis added). Such generalized allegations are insufficient. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Absent allegations that *Mr. Chiao himself* willfully infringed Plaintiffs' copyrights, Plaintiffs cannot establish that Mr. Chiao committed any act of criminal copyright infringement. *See Mattel, Inc. v. MGA Ent., Inc.*, 782 F. Supp. 2d 911, 1039 (C.D. Cal. 2011).

Instead, Plaintiffs contend that Mr. Chiao was "reckless or willfully blind" to the purported infringement of Plaintiffs' copyrights by virtue of his position as president of SDC. *See* Opp'n at 19-20 ("As president of SDC, Chiao is the individual responsible for SHEIN's U.S. operations, including its web-and app-based marketing and sales functions, and its litigation of the dozens of infringement claims pending in U.S. courts."). But reckless disregard or willful blindness cannot simply be implied from Mr. Chiao's alleged job responsibilities (nor do Plaintiffs point to a single case supporting such an expansive standard). Even if they could, the TAC *nowhere* alleges that Mr. Chiao had any responsibility to investigate or attempt to

determine whether Plaintiffs' designs were subject to copyright protections, nor does the TAC allege that Mr. Chiao refused or otherwise failed to do so.[1] Accordingly, Plaintiffs have failed to allege that Mr. Chiao committed criminal copyright infringement.

### 2. Plaintiffs Fail to Allege a Predicate Act of Mail or Wire Fraud Against Mr. Chiao.

Plaintiffs fail to allege that Mr. Chiao committed any act of mail or wire fraud because the TAC does not detail any alleged act of fraud perpetrated by Mr. Chiao himself, let alone with the requisite particularity. *See* Mot. at 10.

As an initial matter, Plaintiffs' assertion that they have alleged a cognizable scheme to defraud (Opp'n at 8-9) fails for the same reasons already discussed in the Shein Defendants' Motion. *See* Mot. at 11 (citing ECF No. 57-1 at 14-16). In particular, the Ninth Circuit requires that plaintiffs allege a scheme to defraud employing the use of deception and an intent to deprive a victim of money or property by means of that deception.[2] *See id*. Not only do Plaintiffs' allegations fall far short of this standard (as this Court previously recognized in its Order dismissing Plaintiffs' RICO claim in the FAC), *see* ECF No 57-1 at 14-16, ECF. No 59 at 7-8, but their addition of Mr. Chiao to the TAC and the sparse allegations against him does nothing to salvage their otherwise inadequate allegations.[3] *See* Mot. at 11.

---

[1] Plaintiffs' allegations regarding Shein's purported use of a computer algorithm also do nothing to suggest that Mr. Chiao was reckless or willfully blind to the alleged copyright infringement. *See* Opp'n at 14-15. As noted in Mr. Chiao's Opening Brief, the TAC contains no allegations whatsoever that Mr. Chiao had any personal role in creating, implementing, or otherwise using this purported algorithm. ECF 62-1 at 10.

[2] Plaintiffs' citation to an inapposite Tenth Circuit case and a Ninth Circuit case from 1980 (Opp'n at 9) has already been addressed in prior briefing. *See* ECF No. 59 at 8.

[3] Because Plaintiffs have failed to allege the *existence* of a cognizable scheme to defraud, their so-called examples in *furtherance* of the alleged scheme (Opp'n at 9-13) get them nowhere. *See* ECF No. 57-1 at 17-19.

In any event, the only communications at issue with respect to Mr. Chiao relate to routine business activities—not any alleged act of fraud perpetrated by Mr. Chiao himself. *See* Opp'n at 10-12. *First*, Plaintiffs allege that Mr. Chiao filed several corporate documents on behalf of SDC, Shein Tech, and Style Link in his capacity as a corporate officer, including a notice of change of address and articles of organization. But the TAC itself does not allege anything false or misleading about the corporate documents, *see* TAC ¶¶ 90-91, and Plaintiffs merely argue for the first time in their Opposition that these communications "facilitated the creation and maintenance of U.S. entities that were essential to SHEIN's ability to steal U.S. sales from U.S. designers." Opp'n at 16. *Second*, the TAC also alleges that Mr. Chiao signed "a declaration in support of [Shein Fashion Group, Inc.'s] motion to dismiss" in an unrelated lawsuit, TAC ¶ 86, but contains no particulars explaining how or why the declaration was in any way false or misleading.[4] *Third*, the TAC further alleges that Mr. Chiao's LinkedIn profile "omits any reference to his roles at Style Link or Shein Tech." *Id.* ¶ 116. But although Plaintiffs argue in their Opposition that this "perpetuates SHEIN's fraudulent corporate shell game, making it more difficult for victims to identify the individuals and entities responsible for the infringement, to stop the infringement, and to hold them accountable," the TAC itself says nothing about Style Link or Shein Tech's role in the alleged infringement or why anyone would want to hold these entities responsible. *Finally*, the TAC alleges Mr. Chiao allegedly informed a non-party that Shein did not steal her designs, TAC ¶ 116, but again does not allege how or why (or even that) this was "false."

As such, Plaintiffs have not pled any "particularized allegations" of "the factual circumstances of the fraud itself," including, at a minimum, the "who, what,

---

[4] The declaration at issue states in relevant part: "SFG recently changed its name because it has been sued several times for conduct arising from Zoetop's website, ostensibly on the grounds that SFG had the word 'Shein' in its name. Shein changed its name so that it would not continue to be erroneously sued." ECF. No. 58-2, Ex. F.

when, where, and how" of the fraud, "as well as what is false or misleading about" it, and "why it is false[.]" ECF No. 57-1 at 16. Like Plaintiffs' FAC, the TAC simply assumes that Mr. Chiao's conduct is fraudulent without explaining how or why. *See* Mot at 11-12; *see also Capitol W. Appraisals, LLC v. Countrywide Fin. Corp.*, 759 F. Supp. 2d 1267, 1273 (2010) (finding failure to adequately allege mail fraud where complaint simply stated that that lender's "conduct [was] fraudulent without explaining how or why"), *aff'd*, 467 F. App'x 738 (9th Cir. 2012); *In re Epogen & Aranesp Off-Label Mktg. & Sales Pracs. Litig.*, 590 F. Supp. 2d 1282, 1289 (C.D. Cal. 2008) (finding that defendant's statement could not support a charge of wire fraud because, "[e]ven assuming that [defendant's] statement did constitute an off-label promotion of EPO, Plaintiffs have not alleged that the statement was fraudulent").

At bottom, Plaintiffs ask this Court to assume that Mr. Chiao's routine business activities were conducted for fraudulent purposes, despite a far more plausible alternative—that Mr. Chiao conducted the activities alleged in the TAC benignly as part of his role as an officer of a global retail operation. *See Shaw v. Nissan N. Am., Inc.*, 220 F. Supp. 3d 1046, 1056 (C.D. Cal. 2016) ("When faced with two possible explanations, only one of which can be true and only one of which results in liability," Plaintiffs "cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation."). Because Plaintiffs' allegations pertaining to Mr. Chiao are *at a minimum* consistent with benign business purposes, *see* TAC ¶¶ 90-91, 116, they at most establish only a "possible," not plausible, entitlement to relief. *See id.*

### B. Plaintiffs Fail to Plausibly Allege That Mr. Chiao Participated in the Conduct of a RICO Enterprise.

Next, Plaintiffs have not adequately pled that Mr. Chiao conducted or participated in the conduct of a RICO enterprise. Mot. at 8-11.

First, Plaintiffs largely ignore Mr. Chiao's argument that the sparse allegations in the TAC relating to *him* do not remedy their failure to allege an association-in-fact enterprise. *Compare* Mot. at 9-10, *with* Opp'n at 4 n.5.[5] Instead, Plaintiffs rely on their alternative allegations of several distinct "legal entity" enterprises.[6] Opp at. 9. But although a legal entity may alone be charged as a RICO enterprise, Plaintiffs' theory of RICO liability in the TAC is clearly based on the alleged conduct of an association of corporations and individuals—a textbook association-in-fact enterprise. *See, e.g.*, TAC ¶¶ 51-63 (alleging that Shein "is a decentralized constellation of entities, designed to improperly avoid liability), 71-107 (alleging that "Shein does not exist as a single corporate entity" and describing "a loosely knit conglomeration of companies spread throughout the world").[7] Accordingly, Plaintiffs failure to adequately allege an association-in-fact enterprise is fatal to their RICO claim against Mr. Chiao.

Second, Plaintiffs' focus on Mr. Chiao's so-called status as "an upper manager" of certain Shein entities (Opp'n at 5-7) misses the point. As Plaintiffs themselves acknowledge, they must allege that Mr. Chiao participated in the "operation or management" of the enterprise's affairs *through a pattern of racketeering*. Opp'n at

---

[5] Plaintiffs' assertion that "Defendants share an illicit—not ordinary purpose" misconstrues Mr. Chiao's argument. Courts (including this Court) have held that ordinary business purposes are insufficient to establish an enterprise, *regardless* of whether plaintiffs allege an illicit purpose. *See, e.g.*, ECF No. 39 at 8 (dismissing Plaintiffs' RICO claim in the FAC because Plaintiffs' enterprise allegations were "consistent with ordinary business activities or purposes") (citation omitted).

[6] Notably, Plaintiffs failed to allege anything but an association-in-fact enterprise in their prior briefing. *See* Dkt. 58 at 22 ("*The enterprise is alleged to be any subset or combination of* SDC, SFG, Roadget, Zoetop, FMMGI, Guangzhou, Style Link, Shein Tech, and the Shein Law Firms") (emphasis added). Plaintiffs' attempt to change their enterprise theory at the eleventh hour is unconvincing.

[7] Plaintiffs' Opposition also ignores that there are no allegations at all tying Mr. Chiao to most of the alleged "legal entity" enterprises, including Shein Fashion Group, Inc., Roadget, Zoetop, Guangzhou Shein International Import & Export Co. Ltd., and Fashion Marketing and Merchandising Group, Inc. Mot. at 10 n.7.

- 6 -
DEF. GEORGE CHIAO'S REPLY IN SUPPORT OF MOTION TO DISMISS

7. But Plaintiffs have failed to do so here. To the contrary, as discussed above and in Mr. Chiao's Opening Brief, the TAC's allegations merely show that Mr. Chiao carried out ordinary business functions that had no connection whatsoever to the alleged racketeering activity of the purported enterprise. *See* Mot. at 13-14; TAC ¶¶ 24, 86, 90-91, 116.

Plaintiffs' allegations that Mr. Chiao filed basic corporate documents on behalf of Shein entities, spoke with a consumer about a copyright dispute, and maintained a LinkedIn profile referencing his role at SDC are simply "insufficient to allege that [Mr. Chiao] conducted or participated in the conduct of a racketeering enterprise, rather than just the business of [SHEIN] separate and apart from any alleged racketeering acts." *See Ferrari*, 2016 WL 7188030, at *3;[8] *see also In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*, 497 F. Supp. 3d 552, 609 (N.D. Cal. Oct. 23, 2020) (noting that plaintiffs' allegations regarding conduct of the executives were "insufficient to connect each [] Director Defendant to conduct of the separate [enterprise alleged by plaintiffs], as opposed to general acts to run or direct [the company].").

The authorities cited by Plaintiffs are inapposite and illustrate the infirmities of the TAC. For example, in *Tatung Co., Ltd v. Hsu*, the motion to dismiss was denied because the operative pleading in that case identified the ways in which the defendants "played a significant role *in the operations of the sham enterprise, [including] falsifying documents and approving of or directing transfers that served*

---

[8] Plaintiffs contend that Mr. Chiao's reliance in *Ferrari* is misplaced because "[i]n *Ferrari*, the plaintiffs . . . merely made conclusory allegations that the officers 'corruptly influenced' the enterprise." Opp'n at 12. Not so. In *Ferrari*, the plaintiffs specifically alleged, *inter alia*, that one individual defendant "'implemented, monitored, and managed' the . . . fraud scheme," "[knew] and implemented the program whereby Autobahn was purchasing non-OEM parts, invoicing them at OEM prices, and using OEM parts numbers in the repair invoices," and "'implemented' the website and 'permitted' issuance of warranties for certified pre-owned vehicles despite use of the zMax additive." *Ferrari*, 2016 WL 7188030, at *4. No comparable allegations are or can be levelled against Mr. Chiao here.

*to siphon funds out of WDE*, and playing a central part in the bust out of WDE's assets and the transfer of the LED TV assets." 2015 WL 11072178, *20 (C.D. Cal. April 23, 2015) (emphasis added). No comparable allegations are found in the TAC. Similarly, in *Jaguar Cars, Inc. v. Royal Oaks Motor Car Co.,* the Third Circuit found that dealership employees "perpetrated a widespread scheme . . . to defraud Jaguar through the submission of thousands of fraudulent warranty claims," which included, *inter alia*, the employees' "continuous[] sub[mission] to Jaguar for the cost of labor and parts for alleged repairs that were either unnecessary, were never actually performed, or were performed on cars that were no longer under warranty[.]" 46 F.3d 258, 261 (3d Cir. 1995). And finally, in *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 190 (9th Cir. 1987),[9] plaintiffs alleged that the president of Sun Savings "solicited and received kickbacks from Sun's customers for whom he approved large loans," "created a secret checking account at Sun under the fictitious name of 'Dan Danzer,'" in which he "deposited [] the money he received through the fraudulent kickback scheme," and "sent letters to certain state and federal agencies and to Sun's outside auditor" making specific false representations. In all of these cases, the plaintiffs had clearly alleged the officer's role in directing the affairs of *the racketeering enterprise itself*. Plaintiffs here do no such thing as to Mr. Chiao.

### C. Plaintiffs Fail to State a Claim for Copyright and/or Trademark Infringement Against Mr. Chiao

In addition to the RICO claim, Plaintiffs' infringement claims against Mr. Chiao must be dismissed. The TAC contains *no* allegations that Mr. Chiao in any way "authorize[d]," "direct[ed]," or "participate[d]" in the alleged copyright or trademark infringement, let alone that he was the "guiding spirit" or "central figure"

---

[9] Plaintiffs' citation to *Baumer v. Pachl*, 8 F.3d 1341 (9th Cir. 1993)—which itself held that plaintiffs failed to allege a RICO claim against an attorney because he did not "play any part in directing the affairs of the enterprise"—cites to *Sun Savings*. *See* Opp'n at 11.

behind the alleged copyright or trademark infringement. *See Davis v. Metro Prods., Inc.*, 885 F.2d 515, 523 n.10 (9th Cir. 1989); and cases cited at Mot. at 15-16.

Plaintiffs' Opposition argues that Mr. Chiao's submission of filings to the Indiana and California Secretaries of State, a declaration in an unrelated case, and his denial of Shein's alleged copyright infringement to a non-plaintiff, can somehow make him personally liable for the copyright infringement alleged here of *Plaintiffs'* art work. Opp'n at 22-23. But no case says this and, unsurprisingly, Plaintiffs point to none.

Rather, the law is to the contrary. *See Carson v. Verismart Software*, 2012 WL 1038662, at *6 (N.D. Cal. Mar. 27, 2012) (dismissing individual defendants for plaintiff's failure to allege "what actions each individual defendant took that violated one or more of his exclusive rights under the Copyright Act"); *Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, 2015 WL 12731929, at *9 (C.D. Cal. May 8, 2015) (same). Thus, the infringement claims against Mr. Chiao (Counts I-XI) must be dismissed.

DATED: July 8, 2024                                   PAUL HASTINGS LLP

                                                      By: */s/ Steven A. Marenberg*
                                                         Steven A. Marenberg
                                                      *Attorney for Defendant George Chiao*

## WORD LIMIT CERTIFICATION

The undersigned, counsel of record for Defendants, certifies that this brief contains 3,000 words or less, in compliance with the word limit specified in 9(d) of the *Initial Standing Order For Civil Cases Assigned to Judge Mark C. Scarsi.*

PAUL HASTINGS LLP

DATED: July 8, 2024        By: */s/ Steven A. Marenberg*
　　　　　　　　　　　　　　　　Steven A. Marenberg