UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

Case No.  2:23-cv-05551-MCS-JPR  Date  November 8, 2024

Title  *Perry v. Shein Distrib. Corp.*

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):  Attorney(s) Present for Defendant(s):

None Present  None Present

**Proceedings:**  (IN CHAMBERS) ORDER RE: MOTIONS TO DISMISS (ECF No. 57, 62)

Defendants Shein Distribution Corporation ("SDC"), Roadget Business Pte., Ltd., and Zoetop Business Co., Ltd. (together, "Shein Defendants"), move the Court for an order dismissing the Racketeer Influenced and Corrupt Organizations Act ("RICO") claim in the third amended complaint of Plaintiffs Krista Perry, Larissa Martinez, Jay Baron, Rachel Pfeffer, Dirt Bike Kidz, Inc., EstelleJoyLynn, LLC, Jessica Louise Thompson Smith, and Liv Lee. (Shein Mot., ECF No. 57-1; *see* TAC, ECF No. 52.) Plaintiffs filed a brief opposing the motion, (Shein Opp'n, ECF No. 58), and the Shein Defendants filed a reply, (Shein Reply, ECF No. 59).

Defendant George Chiao moves to dismiss all claims Plaintiffs assert against him in the third amended complaint. (Chiao Mot., ECF No. 62-1.) Plaintiffs filed a brief opposing the motion, (Chiao Opp'n, ECF No. 66), and Chiao filed a reply, (Chiao Reply, ECF No. 67).

The Court deems the motions appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

I. **BACKGROUND**

The Court incorporates by reference the summary of the allegations set forth in its order resolving a prior motion to dismiss. (Order 1–2, ECF No. 39.) In short, Plaintiffs allege Defendants own and operate Shein, an online retailer of clothing and consumer goods that produces, distributes, and sells copies of Plaintiffs' creative work, violating RICO through predicate acts of criminal copyright infringement and wire fraud. (*See generally* TAC ¶¶ 1–120, 210–24.) In each of Counts I through XI, one of the Plaintiffs brings a claim for copyright infringement, trademark infringement, or violation of the Digital Millennium Copyright Act ("DMCA") against all Defendants. (*Id.* ¶¶ 121–209.) In Count XII, all Plaintiffs bring a RICO claim against the individual Defendants, Chiao and unserved Defendant Sky Xu, and in Count XIII, they bring a RICO claim against the Shein Defendants. (*Id.* ¶¶ 210–24.)

In its order resolving a motion to dismiss the first amended complaint, the Court dismissed Plaintiffs' RICO claim against the Shein Defendants with leave to amend for failure to plead sufficient allegations to sustain the enterprise element and wire fraud as a predicate act. (Order 3–8.) Plaintiffs subsequently modified their pleading of the facts supporting RICO claim and named Chiao as a party to the suit. (*See* Order Re: Mot. for Leave to Am., ECF No. 51.) The Court recounts the changes in the pleading that are material to the instant motions.

Plaintiffs newly allege that Defendants use the name Shein to "refer to a loosely knit conglomeration of companies spread throughout the world." (TAC ¶ 71.) Roadget functions as a "corporate parent" that owns the Shein trademarks in the United States, owns Shein's U.S. website and mobile application, and is the indirect operating parent of SDC and Shein Technology LLC. (*Id.* ¶¶ 20, 72–74.) Zoetop is "the entity ultimately responsible for SHEIN's global operations" outside the United States; it sold products on Shein's website through July 31, 2021, and still owns several U.S. trademarks associated with Shein. (*Id.* ¶¶ 22, 75–78.) SDC is "the entity currently responsible for SHEIN's U.S. operations"; it is a foreign corporation that operates and sells products on Shein's U.S. website and mobile application. (*Id.* ¶¶ 21, 80–83.) Chiao is the president of SDC and a principal of two other entities in the Shein corporate ecosystem, and he oversees SDC's operations and human resources. (*Id.* ¶¶ 24, 83, 90, 95.) Plaintiffs further identify the roles of other members of the alleged RICO enterprise. (*Id.* ¶¶ 84–107.) They allege that the enterprise participants share the common purpose of "advancing SHEIN's business of selling clothing and apparel and enabling SHEIN to misappropriate and profit

from the intellectual property of others with impunity." (*Id.* ¶ 211; *see id.* ¶¶ 215, 221.)

Plaintiffs identify two categories of predicate acts of racketeering: (1) criminal copyright infringement and (2) mail and wire fraud. With respect to criminal copyright infringement, Plaintiffs point to the infringement complained of in their individual counts of infringement as well as infringement complained of in other civil cases in federal courts around the country. (*Id.* ¶¶ 109–10.) With respect to mail and wire fraud, Plaintiffs aver Defendants used the mail and interstate wires to deliver infringing designs to users on the Shein mobile application or website and to "obfuscate or misrepresent SHEIN's corporate structure for the purpose of making it impossible for victims to identify the entity or entities responsible for the theft of intellectual property." (*Id.* ¶ 115.) Plaintiffs also identify dozens of communications that "furthered and facilitated [Defendants'] scheme to defraud." (*Id.* ¶ 116.)

## II. LEGAL STANDARD[1]

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

[1] Plaintiffs offer information and documents extrinsic to the complaint in support of their position on the motions. (Waller Decl. in Opp'n to Shein Mot., ECF No. 58-1; Waller Decl. in Opp'n to Chiao Mot., ECF No. 66-1.) The Court does not consider these in its analysis of the motion. Contrary to Plaintiffs' position, (*e.g.*, Shein Opp'n 10 n.3), several documents attached to counsel's declarations are not judicially noticeable, *see, e.g.*, *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1030 (C.D. Cal. 2015) ("Federal courts considering the issue have expressed skepticism as to whether it is appropriate to take judicial notice of information or documents appearing on websites that are created and maintained by a party to the litigation."), and those that are noticeable cannot be accepted for the truth of information stated therein, *GemCap Lending, LLC v. Quarles & Brady, LLP*, 269 F. Supp. 3d 1007, 1019 (C.D. Cal. 2017), *aff'd*, 787 F. App'x 369 (9th Cir. 2019).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

### A. RICO Claim

To state a civil RICO claim, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017). The Shein Defendants present three groups of arguments for dismissal of the claim: (1) Plaintiffs do not adequately plead willfulness to sustain criminal copyright infringement as a predicate act; (2) Plaintiffs do not adequately plead mail and wire fraud as a predicate act; and (3) Plaintiffs have not cured defects in their allegations of a RICO enterprise. (Shein Mot. 6–17.) Chiao asserts that the RICO claim against him fails because (1) Plaintiffs fail to plausibly allege he committed any predicate act and (2) Plaintiffs fail to plausibly allege he participated in the conduct of a RICO enterprise. (Chiao Mot. 5–11.) The Court first addresses the Shein Defendants' arguments and then turns to Chiao's.

#### 1. Copyright Infringement as a Predicate Act

The Shein Defendants submit that Plaintiffs' allegations of willfulness toward copyright infringement as a predicate act do not meet the heightened standard of Rule 9(b). (Shein Mot. 6–7.)

The Shein Defendants waived this argument. A party that makes a motion under Rule 12 "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). In their motion to dismiss the first amended complaint, the Shein Defendants argued only that copyright infringement could not serve as a predicate act to support a RICO claim, a position the Court rejected. (*See* Prior Mot. 7–10,

ECF No. 32-1.) Since then, Plaintiffs have not materially changed their allegations of willfulness toward their theory of copyright infringement as a predicate act. (*Compare, e.g.*, FAC ¶¶ 79, 90, 97, 106, 122, 136, 152, 160, *with* TAC ¶¶ 125, 136, 143, 152, 168, 182, 198, 206.) The Shein Defendants' argument regarding willfulness was available when they challenged the RICO claim in the first amended complaint, but they declined to raise it.

Given Chiao's joinder of the Shein Defendants' motion, (Chiao Mot. 1), in the interest of judicial economy, the Court also rejects the challenge on the merits. Willfulness need not be alleged with particularity; instead, it may be alleged generally. *See* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); *Kevin Barry Fine Art Assocs. v. Ken Gangbar Studio, Inc.*, 391 F. Supp. 3d 959, 973 (N.D. Cal. 2019) (holding that scienter supporting allegation of criminal copyright infringement as a RICO predicate act may be pleaded generally).[2] Plaintiffs easily exceed this low threshold by generally pleading Defendants willfully committed copyright infringement and purposefully created and employed an algorithm that generates exact or close copies of works it does not own. (TAC ¶¶ 37–40, 125, 136, 143, 152, 168, 182, 198, 206.)

Copyright infringement as a predicate act survives the Shein Defendants' motion.

2. Mail and Wire Fraud as a Predicate Act

To state a predicate act of wire fraud, a plaintiff must plead "(1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007) (internal quotation marks omitted). Mail fraud is subject to a similar standard. *See Eclectic Prop. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014)

---

[2] Contrary to Plaintiffs' suggestion, (Shein Opp'n 3), the Court did not reject for all purposes the reasoning of *Stewart v. Wachowski*, No. CV 03-2873 MMM (VBKx), 2005 U.S. Dist. LEXIS 46703 (C.D. Cal. June 14, 2005), in its prior order, (Order 3–4). That said, the Court does not find *Stewart*'s cursory dicta applying a heightened pleading standard to willfulness persuasive, either. *Stewart*, 2005 U.S. Dist. LEXIS 46703, at *25–26 n.33 (subjunctively determining plaintiff did not plead allegations of willfulness with particularity, citing an out-of-circuit district court case that did not require pleading of willfulness with particularity).

("The mail and wire fraud statutes are identical except for the particular method used to disseminate the fraud . . . ."). [3]

The Shein Defendants argue that "Plaintiffs' copyright infringement claims alone cannot serve as the basis for a RICO claim under the rubric of 'mail and wire fraud.'" (Shein Mot. 8.) As discussed in the prior order, addressing the argument would be gratuitous because Plaintiffs' assertions of criminal copyright infringement are adequately pleaded as predicate acts separately from Plaintiffs' reference to infringement in the wire fraud allegations. (Order 5 n.1.) To the extent the Shein Defendants challenge Plaintiffs' allegations of a scheme to defraud, Plaintiffs appropriately allege a scheme aimed to conceal and avoid liability for acts of infringement, which is distinguishable from a scheme to infringe, which the Shein Defendants raise in a straw man argument. (Shein Mot. 10 (quoting *SolarCity Corp. v. Pure Solar Co.*, No. CV 16-01814-BRO (DTBx), 2016 WL 11019989, at *7 (C.D. Cal. Dec. 27, 2016), for the proposition that "a scheme to infringe copyrights" cannot constitute wire fraud)); *see, e.g.*, TAC ¶¶ 52–54, 71, 115–18.)

The Shein Defendants renew their challenge to Plaintiffs' compliance with Rule 9(b)'s heightened pleading requirements in their allegations of fraud, which served as a ground for dismissal of the RICO wire fraud allegations in the prior order. (Shein Mot. 10–13; *see* Order 5–6.) Rule 9(b) requires "particularized allegations" of "the factual circumstances of the fraud itself." *Odom*, 486 F.3d at 554. Plaintiffs augmented their pleading to state with particularity the uses of the wires and mail in furtherance of a scheme to conceal and avoid liability for infringement. (*E.g.*, TAC ¶ 116.) For example, Plaintiffs describe in detail how participants in the scheme use mail and wires to make affirmative misrepresentations to present themselves under a unified Shein brand name but maintain a "byzantine" institutional structure that allows the participants to avoid or minimize liability for intellectual property infringement. (*Id.* ¶ 58; *see id.* ¶¶ 51–70, 116.) These allegations provide sufficient information for the Shein Defendants to "prepare an adequate answer from the allegations." *Odom*, 486 F.3d at 553 (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986)). Of the dozens of mail and wire communications identified in the complaint, the Shein Defendants encourage the Court to find that some are not false or fraudulent and others cannot contribute to the alleged scheme. (*See* Shein Mot. 11–13.) Even if some communications, such as Plaintiff Perry's outgoing emails to Shein representatives, obviously do not play a

---

[3] For ease of reference, the Court refers to this tranche of predicate acts as wire fraud and considers them all together.

role in the alleged scheme, parsing individual allegations of use of the mail or wires before summary judgment or trial would not be productive. As confirmed by the authority the movants cite, use of the mail or wires need not "affirmatively assist[] the perpetrator in carrying out his fraudulent scheme"; the relevant inquiry is whether the use "is part of the execution of the scheme as conceived by the perpetrator at the time." *Schmuck v. United States*, 489 U.S. 705, 711, 715 (1989), (*cited in* Shein Mot. 11); *see also United States v. Jinian*, 725 F.3d 954, 960 (9th Cir. 2013) ("A wire communication is in furtherance of a fraudulent scheme if it is incident to the execution of the scheme, meaning that it need not be an essential element of the scheme, just a step in the plot." (internal quotation marks and citations omitted)). Plaintiffs plead with particularity facts supporting use of the mail and wires to further a scheme to obfuscate and deflect liability for intellectual property infringement.[4]

Similarly, Plaintiffs have supplemented their allegations of each participant's role in the alleged fraudulent scheme, overcoming the Shein Defendants' renewed challenge. (Shein Mot. 13–14.) Plaintiffs take issue with the prior order's extension of principles from Rule 9(b) cases outside the wire fraud context, reasoning that a plaintiff asserting wire fraud as a predicate act need only allege "the role of each defendant in the scheme" to meet the heightened pleading requirement. *Schreiber*, 806 F.2d at 1401 (quoting *Lewis v. Sporck*, 612 F. Supp. 1316, 1325 (N.D. Cal. 1985)); (*see* Shein Opp'n 16–18 (discussing Order 6, 8)). This point is well taken,[5] and Plaintiffs' pleading addresses the Court's concerns about the paucity of assertions toward each Defendant's role in the alleged fraudulent scheme. (TAC ¶¶ 71–101, 116.) The pleading provides the Court and Defendants with enough facts to develop an understanding of their theory of each Defendant's role.

Finally, the Shein Defendants contend that Plaintiffs do not plead enough to show mail or wire fraud proximately caused Plaintiffs injury. (Shein Mot. 14–16.)

---

[4] The Shein Defendants assert that it "cannot be the case" that a fraudulent scheme can rest upon an international conglomerate's organizational structure, as "potential plaintiffs could argue that all multinational corporations with complex organizational structures and procedural or jurisdictional defenses have liability avoidance as a primary purpose." (Shein Mot. 13 n.6 (cleaned up).) This is a persuasive point in search of supporting authority. While Plaintiffs' theory of a fraudulent scheme appears novel, the Shein Defendants have not armed the Court with law foreclosing it even if it warrants skepticism.

[5] The prior order is abrogated to the extent it is inconsistent with this one.

The Court declined to resolve this argument in the Shein Defendants' previous briefing. (Order 7 n.2.)[6] Plaintiffs persuasively contend that they need not plead each predicate act within a racketeering pattern proximately caused them injury so long as they allege some conduct in the pattern injured them. (Shein Opp'n 6–7 (citing *Lerner v. Colman*, 26 F.4th 71, 79 (1st Cir. 2022), *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 353 (6th Cir. 2008), and *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001))); *see also* 18 U.S.C. § 1964(c) (authorizing a cause of action by "[a]ny person injured in his business or property by reason of *a* violation of section 1962" (emphasis added)). The Shein Defendants' authority purportedly countervailing this argument instead is consistent with it. *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9 (2010) ("[T]he plaintiff is required to show that *a* RICO predicate offense not only was a 'but for' cause of his injury, but was the proximate cause as well." (emphasis added) (internal quotation marks omitted)), (*cited in* Reply 8).[7] The Court already determined in its analysis of the prior motion that Plaintiffs adequately pleaded proximate cause in the RICO claim insofar as they asserted injury caused by Defendants' criminal copyright infringement. (Order 7.) Accordingly, the Court will not resolve the argument because whether the alleged wire fraud proximately caused Plaintiffs injury is immaterial to the adequacy of Plaintiffs' pleading of the RICO claim.

The Court rejects the Shein Defendants' challenges to wire fraud as a predicate act.

   3. <u>Enterprise</u>

The Shein Defendants argue that Plaintiffs again offer insufficient allegations to support an inference that each Defendant participated in the conduct of a RICO enterprise. (Shein Mot. 16–17.)

RICO defines an enterprise as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). To plead an association-in-

---

[6] Like the new challenge to the copyright infringement predicate act, the Shein Defendants' argument to this end is barred by Rule 12(g)(2) because it was available but unraised in the prior motion. (*See* Order 7 n.2 (declining to address the argument in part because the Shein Defendants raised it for the first time in their *reply* brief).) For judicial economy, the Court considers the merits of the argument anyway.
[7] In truth, the Shein Defendants cited the nonbinding syllabus of this case.

fact enterprise, a claimant must allege the association "(1) has a common purpose, (2) is an ongoing organization, and (3) its various associates function as a continuing unit." *Woodell v. Expedia Inc.*, No. C19-0051JLR, 2019 U.S. Dist. LEXIS 121633, at *20 (W.D. Wash. July 22, 2019) (citing *Odom*, 486 F.3d at 552–53). To sustain a claim, the plaintiff must show "that the defendants conducted or participated in the conduct of the *enterprise's* affairs, not just their *own* affairs." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001) (internal quotation marks omitted).

In its prior order, the Court determined that the factual allegations toward each participant's role in advancing the enterprise's "common purpose [were] too sparsely pleaded for at least some of the alleged members of the enterprise." (Order 8.) Plaintiffs more clearly define each alleged participant's role in operating or managing the enterprise and assert facts raising a reasonable assertion that the Shein Defendants used the resources of the enterprise to commit the predicate acts. (TAC ¶¶ 71–107.) For example, Plaintiffs allege Roadget owns the website on which the infringements occurred, and Zoetop and SDC were at one time or another responsible for sales of infringing products on the website. (*Id.* ¶¶ 73, 76, 81.) Given these allegations and other augmentations to the pleading, Plaintiffs' pleading gives rise to a reasonable inference that the Shein Defendants participated in a RICO enterprise.

4. Chiao's RICO Arguments

Chiao contends that Plaintiffs do not adequately allege his personal commission of at least two predicate acts of racketeering. (Chiao Mot. 5–8.)

Because the proposition is immaterial to the decision on this issue, the Court accepts for the sake of argument that "[w]here RICO is asserted against multiple defendants, a plaintiff must allege at least two predicate acts by *each* defendant." *In re Wellpoint Out-of-Network "UCR" Rates Litig.*, 865 F. Supp. 2d 1002, 1035 (C.D. Cal. 2011). This appears to be the majority approach in this district, *e.g.*, *Boat People S.O.S., Inc. v. VOICE*, No. 8:24-CV-00135-DOC-DFMx, 2024 U.S. Dist. LEXIS 138650, at *16 (C.D. Cal. July 31, 2024), though at least one court has noted the absence of express approval by the circuit court, *White v. Seabrooks*, No. CV 21-8528-MWF (JEMx), 2022 U.S. Dist. LEXIS 91680, at *17 (C.D. Cal. Apr. 20, 2022). How such a requirement might square with the proposition that "predicate acts of mail and wire fraud themselves to do not require use of the mail or wire by each member of the scheme" is unclear. *Ketayi v. Health Enrollment Grp.*, 516 F. Supp.

3d 1092, 1133 (S.D. Cal. 2021). Viewed alone, *Ketayi* suggests Plaintiffs adequately plead allegations of wire fraud as to Chiao in that they assert that he participated in the fraudulent scheme as a principal and that his co-schemers directly engaged in acts of mail and wire fraud. *Id.* (citing *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2017 U.S. Dist. LEXIS 179652, at *754 (N.D. Cal. Oct. 30, 2017)); (*e.g.*, TAC ¶¶ 24, 116).

As discussed above, and as set forth in Plaintiffs' brief, (Chiao Opp'n 10–12), Plaintiffs plausibly and particularly plead Chiao personally used the mail and wires to advance the fraudulent scheme at least twice.[8] Plaintiffs assert Chiao executed several documents on behalf of business entities he controls to maintain business standing in the United States with various state secretaries of state and made representations to a nonparty regarding infringement on the Shein marketplace. (TAC ¶ 116.)[9] Viewed in the light most favorable to Plaintiffs, these acts all plausibly contribute to the alleged fraudulent scheme to conceal and evade liability for intellectual property infringement.

Chiao asserts that Plaintiffs have not alleged enough facts to support an inference toward the existence of an association-in-fact enterprise or Chiao's conduct of enterprise affairs. (Chiao Mot. 9–11.) Following the Court's rejection of the Shein Defendants' challenge to the enterprise element, the Court also rebuffs Chiao's. Plaintiffs raise a plausible inference that Chiao was a principal of several Shein-affiliated business entities and operated and managed enterprise participants

---

[8] For reasons discussed below, the Court does not rest its decision on allegations that Chiao committed criminal copyright infringement.

[9] The last alleged act deserves more discussion. Plaintiffs assert in their brief that Chiao's representations to nonparty Cassey Ho during a videoconference were "false, deceptive, and lulling." (Chiao Opp'n 11 (citing TAC ¶ 116).) Asserting a misrepresentation, Plaintiffs must plead "what is false or misleading about" the representation to comply with Rule 9(b). *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks omitted). Neither the brief nor the pleading states with sufficient particularity how some representations, such as that "SHEIN had sold only 28 products that infringed Ho's design," are false or misleading. (TAC ¶ 116.) But the complaint at least implicitly raises a plausible inference, based on the recitation of numerous infringement lawsuits filed against Shein-affiliated entities predating the videoconference, that the representations that "SHEIN . . . has no idea whether third-party sellers have stolen designs" and that "SHEIN was doing nothing illegal" are false or misleading. (*Id.*; *see, e.g.*, *id.* ¶ 110.)

to advance a scheme of fraudulently concealing and avoiding liability for infringement on the Shein platform, including by personally making misrepresentations about infringement on the platform in a conversation with a nonparty. (*E.g.*, TAC ¶¶ 24, 83, 90, 95, 116.) Although some of Chiao's alleged acts may be "consistent with ordinary business activities or purposes," *Woodell*, 2019 U.S. Dist. LEXIS 121633, at *21, they are susceptible to a reasonable inference supporting liability, *see Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6).").

The RICO claim against Chiao survives his motion.

**B.     Other Claims Against Chiao**

Chiao questions Plaintiffs' pleading of the infringement counts against him on the basis that he may not be held personally liable for trademark or copyright infringement based on his status as a corporate officer affiliated with Shein. He asserts there are no pleaded allegations demonstrating he authorized, directed, or participated in the complained-of infringement. (Chiao Mot. 11–13.)[10]

Plaintiffs offer no allegations connecting Chiao to the acts of infringement asserted in each of their individual infringement counts. The parties agree that "a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for . . . infringement." *Novell, Inc. v. Unicom Sales, Inc.*, No. C-03-2785 MMC, 2004 U.S. Dist. LEXIS 16861, at *55 (N.D. Cal. Aug. 17, 2004) (internal quotation marks omitted); *accord Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, No. CV 15-769 PSG (SSx), 2015 U.S. Dist. LEXIS 188274, at *25–26 (C.D. Cal. May 8, 2015); (*see* Chiao Mot. 11; Chiao

---

[10] Chiao only challenges the claims of copyright and trademark infringement, leaving the claim for removal of copyright management information in violation of the DMCA in Count IX unchallenged. (TAC ¶¶ 186–93.) In the absence of guiding authority from the movant, the Court declines to consider on its own motion whether the principles animating the decision on the infringement claims extend to the DMCA claim against Chiao. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." (internal quotation marks omitted)).

Opp'n 17). In their brief, Plaintiffs point to Chiao's acts toward maintaining Shein's complex conglomerate structure and his representations in court proceedings and to a nonparty regarding infringement of works that are not at issue in this case. (Chiao Opp'n 17–18 (citing TAC ¶¶ 87–91, 116).) To wit, there is no logical tether between Chiao's filing of articles of organization on behalf of nonparty Style Link, (TAC ¶ 116), and the alleged infringement of Plaintiff Blintz's "Orange Daisies" design, (*id.* ¶ 151). Whereas Chiao's conduct might support a fraudulent scheme to conceal or avoid liability for infringement across the Shein corporate ecosystem, Plaintiffs do not connect that conduct to the acts of infringement at issue in the individual claims, let alone provide facts raising a plausible inference that Chiao "was the guiding spirit behind the wrongful conduct or the central figure in the challenged corporate activity." *Deckers*, 2015 U.S. Dist. LEXIS 188274, at *25 (cleaned up).

The Court dismisses Counts I–VIII and X–XI as against Chiao. Since this was Plaintiffs' first attempt to plead the claims against Chiao, Chiao offers no reason why the Court should find amendment futile, and the Court must provide leave to amend with "extreme liberality," the Court grants leave to amend. *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018) (internal quotation marks omitted); *see* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).[11]

## IV. CONCLUSION

The Court denies the Shein Defendants' motion and grants Chiao's motion in part. Counts I–VIII and X–XI are dismissed as against Chiao. The motions are denied in all other respects.

Plaintiffs may file a further amended complaint within 14 days if they can do so consistent with Federal Rule of Civil Procedure 11(b) and this Order. Any amended complaint must be accompanied by a redline marking any alterations or deletions. (Initial Standing Order § 10(a), ECF No. 11.) Failure to file a timely amended complaint will waive the right to do so. Leave to add new parties or claims must be sought by a separate, properly noticed motion.

**IT IS SO ORDERED.**

---

[11] In the interest of conserving party and court resources, the Court also gives Plaintiffs leave to amend allegations toward Count IX even though it is not subject to dismissal.