# EXHIBIT 1

**GLUCK LAW FIRM**
Jeffrey S. Gluck (SBN 304555)
Jeff@Gluckip.com
16950 Via De Santa Fe
Rancho Santa Fe, CA 92067
Telephone: 310 776 7413

ANTOINETTE WALLER - State Bar No. 152895
awaller@wpdslaw.com
**WOOLLS PEER DOLLINGER & SCHER**
A Professional Corporation
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089
Telephone:  (213) 629-1600
Facsimile:   (213) 629-1660

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KRISTA PERRY, an individual; LARISSA MARTINEZ an individual; JAY BARON an individual; RACHEL PFEFFER, an individual; DIRT BIKE KIDZ, Inc., a California corporation; ESTELLEJOYLYNN, LLC, a New Jersey limited liability company; JESSICA LOUISE THOMPSON SMITH, an individual; LIV LEE, an Individual;<br><br>    Plaintiff,<br><br>v.<br><br>SHEIN DISTRIBUTION CORPORATION, a Delaware corporation; ROADGET BUSINESS PTE. LTD; ZOETOP BUSINESS CO., LIMITED; and GEORGE CHIAO,<br><br>    Defendants. | Case No.: 2:23-cv-05551-MCS-JPR<br><br>Assigned to the Hon. Mark C. Scarsi<br><br>**PLAINTIFF KRISTA PERRY INTERROGATORIES, SET ONE TO DEFENDANT GEORGE CHIAO** |

///
///

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff, KRISTA PERRY |
| RESPONDING PARTY: | Defendant, GEORGE CHIAO |
| SET NO.: | ONE |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff KRISTA PERRY requests that Defendant GEORGE CHIAO respond to the following Interrogatories in writing and under oath within thirty (30) days of service of these Interrogatories. Each interrogatory must be answered fully and separately in accordance with the following definitions and instructions.

## INSTRUCTIONS

A.     Each answer must be as complete and straightforward as the information reasonably available to you permits.  If an Interrogatory cannot be answered completely, answer it to the extent possible, state the reason you cannot answer the remainder, and state any information you have about the unanswered portion.

B.     If you do not have enough personal knowledge to fully answer an Interrogatory, say so, but make a reasonable and good faith effort to obtain the information by asking other persons or organizations.  You must furnish all information you have or can reasonably find out, including all information, not privileged, in the possession of your attorneys or under your control.

C.     Whenever an Interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response.  If the document has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

## DEFINITIONS

1.     At all times mentioned herein, the term "Plaintiffs" shall refer to and include each named plaintiff in this matter, Krista Perry, Larissa Martinez, Jay Baron, Rachel Pfeffer, Dirt Bike Kidz, Inc., Estellejoylynn, LLC, Jessica Louise Thompson Smith, and Liv Lee.

///

2. At all times mentioned herein, the term "Responding Party" refers to defendant George Chiao.

3. At all times mentioned herein, the term "Person" refers to and includes natural persons, corporations, partnerships, proprietorships, joint ventures, unincorporated associations, trusts, estates, governments (and agencies thereof), quasi-public entities and all other forms of specifically identifiable legal entities, including but not limited to law firms and other legal entities practicing law.

4. At all times mentioned herein, the term "Alleged Infringing Goods" means and refers to any good or product bearing or incorporating the work of any Plaintiff.

5. At all times mentioned herein, the term "Infringing SKU's" means and refers to the following Shein SKU's: shwallart03191010801, sh2206146493939644, swjumpsui07210414745, sf2112176205976590, sw2204019907060006, hairha180618801, swhairacc18210521256, sj2307221583645005, st2303311007289959, rw2208166183729497, rw2205141639573992, rw2204251555867301, sh2304245363107405, sh2209278712806551, sh2209205396946626, as well as any other Shein SKU that identifies a product or good that is substantially similar to any Alleged Infringing Goods.

6. At all times mentioned herein, the word "Account" should be construed to have its practical meaning, i.e., an account into which money or other property is deposited and which is maintained by a financial institution for the benefit of and at the direction of its client, the account owner or holder.

7. At all times mentioned herein, the terms "Identify" and "Identification" mean:

    a. When used in reference to a document, its date, author and recipient and their respective addresses, and the names of each present custodian;

    b. When used in reference to a "meeting," "conversation," or other

"communication," the date and place thereof, the identity of each person who participated in, or who was present during any part or all of said meeting, conversation or communication, and the purpose, content, and substance of said meeting, conversation or communication.

      c.    As to a "natural person," his or her full name and present or last known address and his or her present or last known business position or affiliation;

      d.    As to a corporation, partnership or other entity, the full name and last known address of said entity, together with its principal business purpose, and the identity of the natural person with the most knowledge of the facts described in your answer to these interrogatories; and

      e.    As to an Account, provide the account number, the name and address of the financial institution in which the Account is maintained, and the purpose of the Account (e.g., operating, escrow, payroll).

      8.    At all times mentioned herein, the terms "Document" and "Documents" shall be given its broadest possible definition, including, without limitation, the original and any non-identical copy of any correspondence, memoranda, records, reports, notes, drafts, proposals, minutes of meetings, books, papers, drawings, telegrams, logs, diaries, calendars, computer printouts, computations, tabulations, schedules, lists, proposals, specifications, ledgers, journals, purchase orders, bills of lading, invoices, vouchers, checks, books of original entry and other books or records, recordings or memoranda of conversations or any other written, printed, typewritten or other graphic or photographic matter or tangible thing on which any information is affixed, and all mechanical, electronic, sound or video recordings or transcripts thereof, all magnetic recording or matter existing in any other machine-readable form, and all information capable of being retrieved from any computer database. The term "Document" also includes any "Electronic Information," as defined below.

///

9. At all times mentioned herein, the term "Electronic Information" means electronic or magnetic data that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic Information includes, but is not limited to, the following: computer programs, operating systems, computer activity logs, programming notes or instructions, email receipts, message, transmissions, output resulting from the use of any software programing, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines, metadata, PIF and PDF files, batch files, deleted files, temporary files, internet- or web-browser generated information stored in textual, graphical, or audio format, including history files, caches, and cookies, any miscellaneous files or file fragments. Electronic Information includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, Jaz cartridges, flash drives), microfiche, punched cards. Electronic Information also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original copy.

10. At all times mentioned herein, the term "Oral Communications" means any utterance heard, whether in person, by telephone, or otherwise.

11. At all times mentioned herein, the terms "You", "Your", or "Defendants" means each named defendant in his or its individual and/or corporate capacity and includes any persons acting or purporting to act on behalf of each named defendant, including but not limited to any parent, subsidiary or affiliate, any officer, director, employee, attorney, or other agent of each named defendant.

12. The term "Corporate Defendants" means Shein Distribution Corporation, Roadget Business PTE. Ltd, and Zoetop Business Co., Limited.

///

13. The term "Answer" means Defendants' Answer to Fourth Amended Complaint filed as Docket No. 77 in this action on or about December 20, 2024.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Detail Defendants' sale(s) of the Alleged Infringing Goods, indicating the dates of each sale, the amount of goods sold, and Identifying all Person(s) to whom Defendants sold the Alleged Infringing Goods.

**INTERROGATORY NO. 2:**

Describe how each of the Alleged Infringing Goods came to be created, including by stating the date and manner of creation, and Identifying the designer/creator.

**INTERROGATORY NO. 3:**

State the total global revenue received by Defendants for each of the Alleged Infringing Goods.

**INTERROGATORY NO. 4:**

Identify all Documents required to be disclosed pursuant to Federal Rule of Civil Procedure 26(a)(1)(A).

**INTERROGATORY NO. 5:**

Identify all Persons required to be disclosed pursuant to Federal Rule of Civil Procedure 26(a)(1)(A).

**INTERROGATORY NO. 6:**

Identify all employees, agents, or independent contractors of Defendants with knowledge regarding the representations, denials, allegations, statements, and affirmative defenses in the Answer.

**INTERROGATORY NO. 7:**

Describe the review process for products sold by Defendants.

///

///

**INTERROGATORY NO. 8:**

Identify all suppliers of the Alleged Infringing Goods.

**INTERROGATORY NO. 9:**

Identify Defendants' screening processes to detect and prevent potential intellectual property infringement.

**INTERROGATORY NO. 10:**

State how products come to be offered for sale on the shein.com and romwe.com websites.

**INTERROGATORY NO. 11:**

Identify each Person involved in answering these interrogatories, and with respect to each such person, designate the interrogatory or interrogatories for which he or she provided information.

**INTERROGATORY NO. 12:**

Identify each employee or agent of Defendants, other than counsel, who has, or claims to have, knowledge of the facts relating to the subject matter of this lawsuit.

**INTERROGATORY NO. 13:**

For each Person identified in the preceding Interrogatory describe in general the facts in or claimed to be in their possession relating to the subject matter of this lawsuit.

**INTERROGATORY NO. 14:**

Excluding Communications with counsel, describe in detail all Communications Responding Party has had that referred or related to the subject matter of this lawsuit, including but not limited to the identity of each Person who has participated in such Communications, the date of such Communications, the substance of such Communications, and the identity of all Documents that relate to each such Communication.

///

///

**INTERROGATORY NO. 15:**

Describe in detail your employment history with each Corporate Defendant, including but not limited to: state the job title you held, state the period during which you held that job title, describe your responsibilities for each respective job title, state the compensation you received from the Corporate Defendant while holding each respective job title (including regular salary, benefits, and bonuses), identify all Persons who supervised you when you held each respective job title, and identify all Persons who you supervised when you held each respective job title.

**INTERROGATORY NO. 16:**

With regard to each Corporate Defendant, identify all Persons who own or hold an ownership interest in the company, including all partners, shareholders, and anyone else who has invested capital into the company.

**INTERROGATORY NO. 17:**

With regard to each Corporate Defendant, identify each executive-level employee who has been employed by the company since January 1, 2022, and for each person identified, state the person's job title(s), hiring date, and termination date (if the person is no longer employed by the company).

**INTERROGATORY NO. 18:**

Describe each lawsuit that has been filed by or against each Defendant involving claims of intellectual property infringement; the description should include: each Defendant's role in the lawsuit (plaintiff or defendant); the identity of any other parties to the lawsuit; state the venue of the lawsuit and the case number; and generally describe the nature of the claims made in the lawsuit.

**INTERROGATORY NO. 19:**

Identify any Persons who developed, evaluated, reviewed, implemented, or assessed the efficacy of any intellectual property anti-infringement measure, policy, or procedure undertaken by any Defendant to prevent infringing uses of other Person's designs or products.

**INTERROGATORY NO. 20:**

Identify all Accounts owned by each Defendant.

**INTERROGATORY NO. 21:**

To the extent you allege in your affirmative defenses that Plaintiffs' injuries were caused by the conduct of "others" or "third parties", including as stated in the tenth affirmative defense in the Answer, please Identify the "others" or "third parties" that you refer to and describe in detail the conduct that serves as the bases for your allegation.

**INTERROGATORY NO. 22:**

State all facts that support your contention as stated in the seventh affirmative defense in the Answer that Plaintiffs' trademark infringement claims are barred, in whole or in part, because there is no likely or actual consumer confusion between any of Plaintiffs' products and any of Defendants' products.

**INTERROGATORY NO. 23:**

State all facts that support your contention as stated in the twelfth affirmative defense in the Answer that Plaintiffs have no registered or common law copyright and/or trademark rights covering the accused products at issue.

**INTERROGATORY NO. 24:**

State all facts that support your sixteenth affirmative defense in the Answer that the designs appearing on the accused products allegedly sold by Defendants were independently created by third-party vendors, or their upstream suppliers, designers, agents, or factories, based on preexisting, public-domain materials, including without limitation, Identifying each such third-party vendor, upstream supplier, designer, agent, and factory, and Identifying each such alleged preexisting, public-domain materials.

///

///

///

**INTERROGATORY NO. 25:**

Describe in detail the factual basis for your allegation in the twenty-second affirmative defense in the Answer that Plaintiffs entered into a valid and enforceable agreement releasing Defendants from the claims asserted in this action.

DATED:  January 24, 2025

WOOLLS PEER DOLLINGER & SCHER
A Professional Corporation

*Antoinette Waller*
ANTOINETTE WALLER
Attorneys for Plaintiffs

# PROOF OF SERVICE

## Case Name

### USDC Case No. 2:23-cv-05551-MCS-JPR

I, Maria Escobedo, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Woolls Peer Dollinger & Scher, A Professional Corporation, 12401 Wilshire Blvd., 2nd Floor, Los Angeles, California 90025. On January 24, 2025, I served the document(s) described as **PLAINTIFF KRISTA PERRY INTERROGATORIES, SET ONE TO DEFENDANT GEORGE CHIAO** on the interested parties in this action as follows:

☒ By placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

☐ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 12401 Wilshire Blvd., 2nd Floor, Los Angeles, California 90025 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at 12401 Wilshire Blvd., 2nd Floor, Los Angeles, California 90025.

☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS ☐ UPS ☐ Overnight Delivery [specify name of service:     ] with delivery fees fully provided for or delivered the envelope to a courier or driver of ☐ FEDERAL EXPRESS ☐ UPS ☐ OVERNIGHT DELIVERY [specify name of service:     ] authorized to receive documents at 12401 Wilshire Blvd., 2nd Floor, Los Angeles, California 90025 with delivery fees fully provided for.

☒ BY E-MAIL: I sent via electronic mail a copy of said document(s) to the persons at the
e-mail addresses listed on the service list in accordance with the written confirmation of counsel in this action. **SEE SERVICE LIST.**

☒ [Federal]    I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 24, 2025, at Los Angeles, California.

*/s/ Maria Escobedo*
Maria Escobedo

11

PLAINTIFF KRISTA PERRY INTERROGATORIES, SET ONE TO DEFENDANT GEORGE CHIAO

1175042.1

# SERVICE LIST

STEVEN A. MARENBERG
SUSAN K. LEADER
ALI R. RABBANI
KIAURA CLARK
PAUL HASTINGS LLP
1999 Avenue of the Stars
Los Angeles, California 90067

Email: stevenmarenberg@paulhastings.com;
susanleader@paulhastings.com; kiauraclark@paulhastings.com;
alirabbani@paulhastings.com

Telephone: (310) 620-5700
Facsimile: (310) 620-5899

Attorney for Defendants
Shein Distribution Corporation,
Roadget Business Pte. Ltd.,
Zoetop Business Company, Limited,
and George Chiao